**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LINDA MIGLIORI, FRANCIS J. FOX, RICHARD E. RICHARDS, KENNETH RINGER, and SERGIO RIVAS, | ) ) ) | Civ. No. _____ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LEHIGH COUNTY BOARD OF ELECTIONS, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**VERIFIED COMPLAINT**
**FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF**

Plaintiffs Linda Migliori, Francis J. Fox, Richard E. Richards, Kenneth Ringer and Sergio

Rivas file this Complaint seeking declaratory and emergency injunctive relief pursuant to 42

U.S.C.§ 1983, 52 U.S. C. § 10101 and the United States Constitution.

## I.    INTRODUCTION

1. Defendant Lehigh County Board of Elections ("Elections Board") is poised on February

   1 to certify the results of the November 2, 2021, election without counting 257 mail-in

   ballots from registered, eligible voters simply because those voters mistakenly did not

   hand write the date next to their signature on the ballot-return envelope. The impending

   disenfranchisement will cause irreparable harm.  "Voting is the cornerstone of our

   democracy and the fundamental right upon which all our civil liberties rest." *Wesberry v.*

*Sanders*, 376 U.S. 1, 17 (1964).  It includes the right of eligible voters both to cast their ballots and have them counted.

2.    Plaintiffs consist of a bipartisan group of 5 voters among the 257 Lehigh County voters whose timely-submitted mail-in ballots for the November 2, 2021, election will not count because of the meaningless technicality that the ballots are missing the date next to their signature on the return envelope. The presence or absence of the date is immaterial to the integrity of the ballot, verification of timely delivery to the Elections Board, or any other important facet of the voting and tabulation process.

3.    Plaintiffs and the remaining 252 voters are duly registered voters who timely applied for and returned mail-in ballots to the Elections Board. There are no indications or allegations of any impropriety, fraud or other defect in those ballots.

4.    Rejecting the 257 undated ballots for an immaterial technical defect violates the Fourteenth Amendment to the United States Constitution and the Materiality Provision of the Civil Rights Act, 52 U.S.C. § 10101(a)(2)(B). Absent an injunction from this court, Plaintiffs will suffer imminent and irreparable harm  because the Elections Board has noticed a meeting for Tuesday morning, February 1, at 9:00 a.m. to certify the election results without Plaintiffs' votes. Therefore, Plaintiffs seek emergency relief to enjoin briefly the certification until such time as this Court can consider the merits of the plaintiffs' federal claims.

## II.
## JURISDICTION AND VENUE

5.    This is a civil and constitutional rights action arising under 42 U.S.C. § 1983 and the Civil Rights Act, 52 U.S.C. § 10101.

6.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343 (civil rights cases).

7.  Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

8.  Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district and Defendant Lehigh County Board of Elections conducts business in this district.

## III.  PARTIES

9.  Plaintiff Linda Migliori is a Lehigh County voter facing disenfranchisement by the Elections Board solely because her timely-received mail ballot lacks a date next to the signature on the outer return envelope.  Ms. Migliori is a retired preschool director.  She has been a registered voter in Lehigh County since 1980 and lived at her current address for 24 years.  Ms. Migliori started voting by mail in 2020 because of health and safety concerns created by the COVID-19 pandemic.  For the November 2, 2021, election Ms. Migliori properly requested a mail-in ballot, marked her ballot, inserted it into the secrecy envelope and then into an outer envelope on which she signed the declaration. She believes she followed the instructions correctly. Ms. Migliori received an email confirmation from the Elections Board after depositing her ballot at a secure drop box location.  No one ever contacted her to notify her that the outer envelope was missing the date. Had she been contacted, Ms. Migliori would have corrected the error. Ms. Migliori strongly believes that every voter deserves to have their voice heard and that valid ballots

should not be discarded because of a meaningless technicality.  Ms Migliori's declaration is attached as Ex. 1.

10. Plaintiff Francis Fox is a Lehigh County voter who is in danger of disenfranchisement by the Elections Board because he failed to write the date next to the signature on his ballot return envelope. Mr. Fox is a lifelong resident of the Lehigh Valley. He works as a blaster at the Effort Foundry in Bath, Pennsylvania.  Mr. Fox has been a registered voter in Lehigh County since he was first able to register and votes in every election.  Mr. Fox timely marked his ballot, inserted it into the secrecy envelope, placed both into the outer envelope, and signed the declaration. Mr. Fox believes he followed all instructions, but has learned that he is on the list of undated ballots that will not be counted.  His wife is in the same predicament. Mr. Fox is very upset that his ballot will not count simply because the date next to his signature is missing. Mr. Fox's declaration is attached as Ex. 2.

11. Plaintiff Richard Richards is Lehigh County voter who is in danger of disenfranchisement by the Elections Board because his timely-received mail ballot lacks a date next to the signature on the outer return envelope. Mr. Richards has lived in Allentown for approximately 10 years.  He retired from his job as a painter in mid-2021.  He has been a registered voter in Lehigh County since reaching the legal voting age. He votes regularly and has generally voted in every election for the past 20 years.  Mr. Richards long has used absentee voting because his painting duties prevented him from appearing in person at his polling place.  Mr. Richards timely marked and returned his ballot to the Elections Board well in advance of Election Day, signing the declaration on the return envelope but omitting the date.  He received one email from the Elections Board, which confirmed

receipt of his ballot. He understood the message to indicate his ballot would be counted. Mr. Richards values voting because his parents voted in every election and taught him that voting is a civic duty.  Mr. Richards' declaration is attached as Ex. 3.

12. Plaintiff Sergio Rivas is a 76-year-old Lehigh County voter who is in danger of disenfranchisement by the Elections Board because his timely-received mail ballot lacks a date next to the signature on the outer return envelope.  Mr. Rivas has been a registered Pennsylvania voter for 55 years.  He has lived and voted in Lehigh County for the past 18 years.  Mr. Rivas votes in every election.  He has voted by mail in the past several elections because his age makes it difficult to vote in person.  Mr. Rivas timely marked and returned his ballot to the Elections Board well in advance of Election Day, signing the declaration on the return envelope but omitting the date.  Mr. Rivas believed he correctly followed all instructions, but learned after the election that the Elections Board would not count his ballot because the outer envelope is missing the date. Mr. Rivas never received notice from the county that his ballot was somehow defective. Voting is very important to Mr. Rivas and he strongly believes that everyone's votes should be counted. Mr. Rivas' declaration is attached as Ex. 4.

13. Plaintiff Kenneth Ringer is a Lehigh County voter who is in danger of disenfranchisement by the Elections Board because his timely-received mail ballot lacks a date next to the signature on the outer return envelope.  Mr. Ringer is a small business owner in Macungie Pennsylvania.  He has been a registered voter in Lehigh County for 20 years.  Mr. Ringer voted by absentee ballot in the 2021 November election because he was away on vacation.  Mr. Ringer returned his completed mail ballot and signed

declaration on the outer envelope to the Elections Board well in advance of Election Day. He does not recall whether he wrote the date next to his signature. He did not realize it was required and may have missed it.  He received no notice from the Elections Board about his ballot. He returned his ballot in plenty of time to correct any problems.  Mr. Ringer is disappointed that his ballot will not count simply because it is missing the date on the outer envelope. Voting is very important to Mr. Ringer because every vote can make a difference, especially in close elections.  Mr. Ringer does not understand why the missing date would disqualify an otherwise valid ballot. Mr. Ringer's declaration is attached as Ex. 5.

14. All 5 plaintiffs:

   a. Are over age 18, U.S. citizens, and residents of Pennsylvania and their districts for more than 30 days, making them qualified electors, legally entitled to vote under the United States and Pennsylvania constitutions;

   b. Voted a single ballot in the November 2, 2021, election and did so only by mail;

   c. Timely delivered their mail ballot to Defendant Board of Elections prior to the election deadline;

   d. Cast a mail ballot with one, and only one, identified "defect"—namely, they did not write the date next to their signatures on the outer envelope containing their ballots;

   e. Cast ballots that were otherwise properly completed and returned; and

   f. Did not have their ballot counted due solely to the missing date next to their signature on the outer envelope.

15. Defendant has issued notice that 257 mail-in ballots, including each of Plaintiffs' ballots, will be disqualified and excluded from tabulation due to the missing dates when the election is certified on February 1.

16. Defendant Lehigh County Board of Elections is the executive agency established under the Pennsylvania Election Code with jurisdiction over the conduct of primaries and elections and manages all aspects of elections in Lehigh county.  *See* 25 Pa. Stat. Ann. § 2641.  The Board's authority includes canvassing and computing the votes cast in each of the county's election districts and then certifying the results of each race to the Commonwealth of Pennsylvania's Secretary of State. *See* 25 Pa. Stat. Ann. § 2642.

## IV.  FACTS

17. Plaintiffs are 5 of 257 voters in Lehigh County whose mail ballots in the November 2, 2021, election Defendant Elections Board is *not* counting solely because these voters did not include a handwritten date next to the voter's signature on the outer envelope.

18. In Pennsylvania, registered voters may vote by mail, either as an "absentee elector," if they satisfy prescribed conditions, like current military service or absence from jurisdiction on Election Day, or as a "mail-in" elector if they apply timely for a ballot, *See* 25 P.S. §§ 3146.1 and 3150.11, respectively.

19. Under Pennsylvania law, identical procedures govern how voters apply for, complete and return both absentee and mail-in ballots.[1]  Under the Pennsylvania Election Code, registered voters may request an absentee ballot, if they fulfill the requirements for voting

---

[1] We refer to both types of ballots simply as "mail-in" or "mail" ballots.

absentee, or any registered voter may request a mail-in ballot from their county board of elections. Pennsylvania mail ballot applications require the voter to provide their name, address of registration, and proof of identification, 25 P.S. §§ 3146.2, 3150.12. Proof of identification includes either a Pennsylvania driver's license number or the last 4 digits of the voter's social security number. 25 P.S. § 2602(z.5)(3). Once the county elections board verifies the voter's identity and eligibility, they send a mail-ballot package that contains: 1) the ballot; 2) a "secrecy envelope" marked with the words "Official Election Ballot"; and 3) a pre-addressed outer return envelope that contains the voter declaration prescribed by law, which the voter must sign and date. The packet also contains instructions to the voter for marking their ballot and submitting it properly.

20. Mail-ballot voters mark their ballot, place it in the secrecy envelope, and then place the secrecy envelope in the outer return envelope . *Id.* §§ 3146.6(a) and 3150.16(a). The outer envelope includes a printed declaration that the voter "shall then fill out, date and sign." *Id.* The voter delivers the entire package by mail or by hand to their county elections board, and delivery is timely if made by 8:00 p.m. on Election Day. *Id.* §§ 3146.6(c) and 3150.16(c).[2]

21. The missing handwritten date next to the voter's signature on the outer envelope is the only reason Plaintiffs' and the other mail voters' ballots will not be counted. All of these voters were otherwise qualified electors who were registered to vote and who validly requested and timely returned their mail ballot.

---

[2] Different timelines govern uniform military and overseas electors, but the differences are immaterial to resolution of this dispute.

22. Upon receipt of a mail ballot, counties, including Lehigh County, date stamp the envelope and log its receipt into the Statewide Uniform Registry of Electors ("SURE") system, which is the statewide voter registration system used to generate poll books.  These procedures are set forth in the Pennsylvania Department of State's, "Guidance Concerning Examination Of Absentee And Mail-In Ballot Return Envelopes" (Sept. 11, 2020) at 2-3.[3] Voters can check that their ballot has been received by the county on the Department of State's website. *See* Election Ballot Status, Dep't of State, https://www.pavoterservices.pa.gov/Pages/Ballot Tracking.aspx.

23. Counties follow specific procedures to generate the poll books that are used for in-person voting on Election Day that ensure no voter who submitted a mail ballot will be permitted to vote twice on election day. *See* "Guidance Concerning Civilian Absentee And Mail-In Ballot Procedures," (Sept. 28, 2020) at 7.[4]

24. Timely absentee and mail-in ballots that county boards of elections have verified consistent with the procedures set forth in § 3146.8(g)(3), that have not been challenged, and for which there is no proof that the voter died prior to Election Day are counted and included with the election results.  *Id*. § 3146.8(d), (g)(4).

25. Whether the voter writes the date on the outer envelope does not affect either the timeliness of the ballot's return or the Election's Board verification of timeliness. This conclusion is consistent with the Pennsylvania Department of State's existing guidance,

---

[3]
https://www.dos.pa.gov/VotingElections/OtherServicesEvents/Documents/Examination%20of%20Absentee%20and%20Mail-In%20Ballot%20Return%20Envelopes.pdf
[4]
https://www.dos.pa.gov/VotingElections/OtherServicesEvents/Documents/DOS%20Guidance%20Civilian%20Absentee%20and%20Mail-In%20Ballot%20Procedures.pdf

which instructs that the date written on the envelope is not "used to determine the eligibility of the voter."  *See* Ex. 6 (June 1, 2021 Email from Jonathan Marks, Deputy Secretary for Elections & Commissions, Dep't of State, to County Election Officials).  In short, the requirement that the voter write the date is immaterial to the integrity of the electoral process.

26. Whether *Pennsylvania law*, as opposed to the U.S. Constitution or the Materiality Provision of the Civil Rights Act, makes the date a precondition for counting the ballot has been the subject of recent state-court litigation.

27. During the 2020 general election, a question arose whether counties could count absentee and mail-in ballots returned without the voter having followed the statutory instruction to date the outer envelope.  *See* §§ 3146.6(a) and 3150.16(a). The Pennsylvania Supreme Court ruled that such undated ballots could be counted for the 2020 general election. *See In re Canvass of Absentee and Mail-In Ballots of Nov. 3, 2020 General Election* ["*In re 2020 Canvass*"], 241 A.3d 1058, 1079 (Pa. 2020) (opinion announcing judgment). The Court did not, however, produce a majority opinion.

28. Three Justices concluded that undated ballots should be counted because the Pennsylvania Election Code's date rule is directory rather than mandatory. *Id*. at 1076 (opinion announcing judgment).  A voter's non-compliance with some part of the Election Code can justify disenfranchisement, the plurality explained, only if the underlying instruction serves a "weighty interest."  *Id*. (opinion announcing judgment). And the date written on the outer envelope "does not implicate any weighty interest."  *Id*. at 1078 (opinion announcing judgment).

29. Three other Justices wrote that undated ballots should not be counted, even for the 2020 election, because § 3146.6(a)'s and § 3150.16(a) "shall . . . date" language supplies an unambiguous, mandatory direction. Id. at 1090–91 (Dougherty, J., concurring and dissenting).

30. In concurring, Justice Wecht rejected the "weighty interest" analysis, writing instead that the Election Code's instruction that voters "shall . . . date" the outer envelope is an "unmistakable statutory directive" that voters must follow. *Id*. at 1085-87 (Wecht, J., concurring and dissenting). Justice Wecht agreed, however, that undated ballots should be counted for the 2020 election because even diligent voters would not have known the consequence of omitting the date. *Id*. at 1089 (Wecht, J., concurring and dissenting). Importantly, four justices, including Justice Wecht, observed that voiding undated ballots may conflict with the federal "Materiality Provision" in 52 U.S.C. § 10101(a)(2)(B). *In re 2020 Canvass*, 241 A.3d at 1074 n.5 (opinion announcing judgment); *id*. at 1089 n.54 (Wecht, J., concurring and dissenting).

31. After the most recent election on November 2, 2021, a candidate for the Court of Common Pleas challenged Lehigh County's determination to count undated mail ballots. On November 17, 2021, judicial candidate, David Ritter, appealed the Lehigh County Board of Elections' determination that it would count 257 mail-in ballots that were missing a date on the outer envelope, along with 4 ballots that had the date written in the wrong place. On November 30, 2021, the Lehigh County Court of Common Pleas affirmed the Board's decision to count all 261 ballots. A true and correct copy of the decision is attached as Ex. 7.

32. On January 3, 2022, in an unpublished, 2-1 opinion, the Commonwealth Court reversed the decision below, effectively crediting Justice Wecht's 2020 concurrence as the decisive vote on whether the statutory language requiring a date is mandatory. *Ritter v. Lehigh Cty. Bd. of Elections*, No. 1322 C.D. 2021, 2022 WL 16577 (Pa. Commw. Ct. Jan. 3, 2022). A copy of the slip opinion is attached as Ex. 8. The Commonwealth Court did not meaningfully engage with a secondary argument, raised *sua sponte* by the common pleas court, whether the Materiality Provision dictates the necessary statutory interpretation.

33. On January 27, the Pennsylvania Supreme Court denied review. *Ritter v. Lehigh Cty. Bd. Of Election*, No. 9 MAL 2022, 2022 WL 244122 (Pa. Jan. 27, 2022).

34. Following that decision, the Lehigh County Court of Common Pleas issued an order on remand directing the Elections Board "to exclude the 257 ballots at issue in this case that fail to include a date on the return envelope from the certified returns of the 2021 municipal election of Lehigh County." A true and correct copy of the January 27, 2022, Common Pleas order is attached as Ex. 9.

35. On January 28, 2022, the Elections Board issued notice of a meeting on February 1, 2022, "for the purpose of Final Certification of the conditional results for the 2021 Municipal Election within Lehigh County and for general purposes." A true and correct copy of the Elections Board's notice is attached as Ex. 11.

36. The stark consequence of the *Ritter* litigation is that the 257 Lehigh County voters will be disenfranchised, including Plaintiffs, when the Defendant Board votes to certify the election results on Tuesday morning, February 1.[5]

37. The impending disenfranchisement of these voters constitutes irreparable harm for which there is no adequate remedy at law.

## V.  CLAIMS

**Count I:  Rejection of Ballots for Immaterial Errors or Omissions in Violation of the Materiality Provision of the Civil Rights Act (52 U.S.C. § 10101(a)(2)(B), 42 U.S.C. § 1983)**

38. Plaintiffs rely upon all the paragraphs of this Complaint, which are incorporated into this Count I as if fully restated here.

39. The Materiality Provision of the Civil Rights Act ("CRA") prohibits disqualifying voters "because of an error or omission on any record or paper relating to any application, registration, or other act requisite to voting, if such error or omission is not material in determining whether such individual is qualified under State law to vote in such election." 52 U.S.C. § 10101(a)(2)(B) (formerly codified at 42 U.S.C. § 1971).

40. The CRA directs that "vote" in this context means "all action necessary to make a vote effective including**,** but not limited to, registration or other action required by State law prerequisite to voting, casting a ballot, and having such ballot counted and included in the appropriate totals of votes cast with respect to candidates for public office and propositions for which votes are received in an election."  *Id*. §§ 10101(a)(3)(A), 10101(e).

---

[5] The four voters who included a date but placed it incorrectly will be counted.

41. Defendant's disqualification of Plaintiffs' ballots constitutes denial of Plaintiffs'
fundamental right to vote by denying their ability to cast a ballot or have it "counted and
included in the appropriate totals of votes cast" in the 2021 election. *Id.* Doing so based
solely on the failure to add handwritten dates alongside their signatures on
mail-in-ballot-return envelopes constitutes a denial of the right to vote "because of an
error or omission on [a] record or paper relating to . . . [an] act requisite to voting," in
violation of the Materiality Provision because omission of the date on the envelope is
"not material in determining whether" Plaintiffs were "qualified under [Pennsylvania]
law to vote." *Id.* § 10101(a)(2)(B).

42. In Pennsylvania, the state constitution establishes the only "qualifications" needed to "be
entitled to vote at all elections." To qualify as an eligible voter, each individual is only
required to be: a citizen of the United States; over the age of eighteen (as modified by the
Twenty-Sixth Amendment to the U.S. Constitution); a resident of the Commonwealth of
Pennsylvania; and a resident of the election district in which the person offers to vote.
*See* Pa. Const. Art. VII, § 1.

43. The date on which an eligible voter completed and signed a mail-in ballot bears no
relation to voter qualification in Pennsylvania, especially where there is no question that
the Elections Board timely received the ballots before the voting deadline.

44. A voter's failure to hand write the date next to their signature on the ballot return
envelope is not material to determining their qualification to vote.

45. As set forth *supra*, Pennsylvania law requires each mail-in voter to demonstrate
eligibility and qualification to vote prior to being issued a mail-in ballot. *See* 25 P.S. §§

3146.2, 3150.12.  Each Plaintiff was qualified to vote under the criteria set forth in the Pennsylvania Constitution, applied for a mail-in ballot, and received one prior to the election deadline.

46. Each Plaintiff completed their mail-in ballots in all material respects, omitting only the date when they signed the outer return envelope, and submitted their ballots to the Election Board pursuant to the terms of the Election Code prior to the deadline for submission of mail-in ballots. When mail ballots are returned is objectively verifiable.

47. It is undisputed that the 257 undated Lehigh County mail-in ballots, including Plaintiffs' ballots, were timely received by the Election Board prior to the 8:00 p.m. deadline on election day.  The date on which these voters signed their return envelopes is therefore immaterial to determining either their eligibility to vote or the timeliness of their ballots.

48. The rejection of otherwise-valid ballots for immaterial errors or omissions is contrary to the Materiality Provision of the Civil Rights Act, 52 U.S.C. § 10101(a)(2)(B), and will result in the disenfranchisement of hundreds of Lehigh County, Pennsylvania voters who submitted timely mail-in ballots for the 2021 election, unless enjoined by this Court.


**Count II: Undue Burden on the Fundamental Right to Vote in Violation of the First and Fourteenth Amendments to the United States Constitution**
**(U.S. Const. Amend. I, XIV, 42 U.S.C. § 1983)**

49. Plaintiffs rely upon all the paragraphs of this Complaint, which are incorporated into this Count II as if fully restated here.

50. Pennsylvania used a preprinted outer return envelope for mail-in ballots during the 2021 election, a true and correct copy of which is attached as Ex. 10.  The envelope is covered

with a finely printed "Voter's declaration" and two alternative signature fields—one for voters signing on their own behalf and the other to be completed on behalf of voters "unable to sign their declaration because of illness or physical disability." *Id*. The blank fields for voters to complete are accompanied by even finer print indicating what information is to be included on each blank line. For voters signing on their own behalf, the return envelope includes a blank signature box with a dark **X** indicating where to sign. Next to that box is a blank line with the word "Date" printed underneath it in tiny font. *Id*.

51. The requirement that mail-in voters locate the correct date field and write the date next to their signature on the ballot return envelope is a superfluous requirement that adds to the burdens of voting. However slight this additional burden may be, its enforcement will result in denial of the fundamental right to vote for Plaintiffs and 252 other Lehigh County voters, a disproportionate number of whom are elderly.

52. Under the First and Fourteenth Amendments to the United States Constitution, a court considering a challenge to a state election law must carefully balance the character and magnitude of injury to the plaintiff's right to vote against "the precise interests put forward by the State as justifications for the burden imposed by its rule, taking into consideration the extent to which those interests make it necessary to burden the plaintiff's rights." *Burdick v. Takushi*, 504 U.S. 428, 434 (1992) (internal quotation marks omitted); *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983). Even the slightest of burdens on the fundamental right to vote must be supported by some "important regulatory interest" for the state. *Id.*

53. A handwritten date requirement is not supported by any articulable state interest, let alone
an important one, especially given the other requirements of Pennsylvania's Election
Code.  Mail-in ballots received by a County Election Office after 8:00 p.m. on Election
Day may not be counted under Pennsylvania law, regardless of when they are signed and
dated.

54. A handwritten date on a return envelope also is unnecessary to confirm a voter's "desire
to cast [a mail-in ballot] in lieu of voting in-person," does not "establish[] a point in time
against which to measure the elector's eligibility to cast the ballot," and is unnecessary to
"ensure[] the elector completed the ballot within the proper time frame."  *See In re 2020
Canvass*, 241 A.3d at 1090 (Dougherty, J., concurring and dissenting).

55. Even if Lehigh County had "important regulatory interests" in requiring voters to
handwrite a date on a mail-in ballot return envelope or else lose their fundamental right to
vote, those interests do not justify "'the burden imposed by its rule,' taking into
consideration 'the extent to which those interests make it necessary to burden the
plaintiff's rights."  *Burdick*, 504 U.S. at 434 (quoting *Anderson*, 460 U.S. at 788-89).
Whatever regulatory interest Lehigh County has in requiring voters to handwrite a date
on a return envelope, it does not justify the irretrievable deprivation of Plaintiffs'
fundamental right to vote.  This burden is particularly unjustified where Lehigh County
did not notify Plaintiffs that their ballots would be rejected solely due to having an
undated return envelope, and did not offer any opportunity to cure.

**Count III. Denial of Plaintiffs' Voting Rights Without Pre-Denial Notice and Opportunity to Cure Ballot Errors in Violation of the Procedural Due Process Clause of the Fourteenth Amendment to the United States Constitution
(U.S. Const. Amend. XIV, 42 U.S.C. § 1983)**

56. Plaintiffs rely upon all the paragraphs of this Complaint, which are incorporated into this Count III as if fully restated here.

57. Pennsylvania has conferred on all eligible voters a constitutionally protected liberty interest in casting ballots by mail. *See* 25 P.S. § 3150.11; *see also Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("A liberty interest may arise from the Constitution itself . . . or it may arise from an expectation or interest created by state laws or policies.").

58. At a minimum, procedural due process requires that the State provide the voter pre-deprivation notice and an opportunity to be heard before being denied their protected liberty interest. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Because there is no possibility of a meaningful post-deprivation process when a voter's ballot is rejected—there is no way to vote after an election has passed—sufficient pre-deprivation process is the constitutional imperative. *See*, *e.g.*, *Martin v. Kemp*, 341 F. Supp. 3d 1326, 1338 (N.D. Ga. 2018) ("Given that the State has provided voters with the opportunity to vote by absentee ballot, the State must now recognize that the "privilege of absentee voting is certainly deserving of due process.") (internal citation and quotations omitted).

59. Neither Pennsylvania law nor the Lehigh County Election Board's procedures provide any process for notifying voters of any issue with the inclusion or omission of a date alongside their signatures on mail-in ballot return envelopes.  No Plaintiff received any communication from the Election Board even suggesting that their ballots would not be counted for failure to include a handwritten date on the return envelope.  Indeed, the only

communications any Plaintiff received from the Election Board following submission of their mail-in ballots were to confirm that the ballots were received and indicated to the voters that their ballots would be counted.

60. Defendant's failure to ensure mail voters are provided with notice and an opportunity to cure defects in their absentee and mail-in ballot envelopes prior to rejecting those ballots fails to meet minimum requirements of procedural due process and is therefore unconstitutional.

61. Under the framework set forth in *Mathews*, courts balance three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

62. Balancing those factors here demonstrates that Lehigh County, by rejecting mail-in ballots with undated envelopes without providing notice of rejection and opportunity to cure, will deprive Plaintiffs of their fundamental right to vote in violation of the Due Process Clause. First, the private interest at stake is of the utmost constitutional importance—the fundamental right to vote. *See Harper v. Va. Bd. of Elections*, 383 U.S. 663, 667 (1966). Second, risk of erroneous deprivation is self-evident, as hundreds of voters who timely submitted ballots and thought their votes would be counted are instead disenfranchised based on failure to meet a mere administrative directive that bears no

relationship to the qualifications of the voters.  And third, there is no legitimate government interest to be furthered by enforcing the handwritten date requirement.

63. Absent an order issued by this Court, Plaintiffs and hundreds of other Pennsylvania voters face deprivation of their fundamental right to vote without due process of law.


**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and provide the following relief:

1. Declaration that enforcement of the handwritten date requirement under 25 P.S. § 3150.16(a) to reject timely submitted mail-in ballots based solely on failure to insert the date next to the voter's signature on the return envelope:

   a. Violates the Materiality Provision of the Civil Rights Act, 52 U.S.C. § 10101(a)(2)(B); and

   b. Violates the First and Fourteenth Amendments to the United States Constitution on their face.

2. Declaration that Defendant's failure to ensure mail-in voters are provided with pre-deprivation notice and an opportunity to cure defects in their absentee and mail-in ballot envelopes prior to rejecting those ballots fails to meet minimum requirements of procedural due process and is therefore unconstitutional.

3. Injunctive relief preliminarily and permanently enjoining Defendant and all persons acting on its behalf from:

    a.   Rejecting or otherwise not counting the 257 otherwise-valid mail-in ballots timely submitted by 8:00 p.m. on Election Day based solely on the failure to include a date on the return envelope; and

    b.   Certifying the 2021 election in Lehigh County without counting such mail-in ballots.

4.    Award Plaintiff costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

5.    Grant such other relief as this Court deems just and appropriate.


Respectfully submitted,


Stephen A. Loney, Jr.  (No. 202535)        /s/ ***Witold Walczak***
Marian K. Schneider (No. 50337)             Witold Walczak (No. 62976)
ACLU OF PENNSYLVANIA                         Richard Ting (No. 200438)
P.O. Box 60173                               ACLU OF PENNSYLVANIA
Philadelphia, PA 19102                       P.O. Box 23058
P: 215-592-1513                              Pittsburgh, PA 15222
sloney@aclupa.org                            P: 412-681-7864
mschneider@aclupa.org                        vwalczak@aclupa.org
                                             rting@aclupa.org


                                             *Counsel for Plaintiffs*


Dated: January 31, 2022