# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LINDA MIGLIORI, ET AL., | : | No. 5:22-cv-00397-JFL |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| LEHIGH COUNTY BOARD OF ELECTIONS, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

## DAVID RITTER'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Intervenor David Ritter, by and through his undersigned counsel, hereby answers the Verified Complaint of Plaintiffs Linda Migliori, Francis J. Fox, Richard E. Richards, and Sergio Rivas as follows:

### I.    INTRODUCTION

1.     Admitted in part; denied in part. It is admitted that Defendant Lehigh County Board of Elections ("Elections Board") is poised to certify the results of the November 2, 2021 lection. The remaining factual averments are specifically denied. Moreover, the second, third, and fourth sentences of Paragraph 1 contain legal conclusions to which no responsive pleading is required. To the extent these remaining allegations contained in Paragraph 1 are deemed factual, the allegations are denied.

2.     Denied. Paragraph 2 contains legal conclusions regarding the Pennsylvania Election Code to which no responsive pleading is required. To the extent the allegations contained in Paragraph 2 are deemed factual, the allegations are denied. Moreover, the Pennsylvania Commonwealth Court has already refuted the statements contained in this paragraph. *Ritter v. Lehigh Cty. Bd. of Elections*, No. 1322 C.D. 2021, 2022 WL 16577 (Pa.

Case 5:22-cv-00397-JFL   Document 14-1   Filed 02/01/22   Page 3 of 14


Cmwlth. Jan. 3, 2022) (*See* Dkt. 1 at Ex. 8). The remaining averments as to Plaintiffs'

characterizations of themselves are denied as Ritter is without knowledge or information

sufficient to form a belief as to their truth and strict proof thereof is demand.

3.      Denied. The Pennsylvania Commonwealth Court has already refuted the

statements contained in this paragraph. *Ritter v. Lehigh Cty. Bd. of Elections*, No. 1322 C.D.

2021, 2022 WL 16577 (Pa. Cmwlth. Jan. 3, 2022) (*See* Dkt. 1 at Ex. 8). Paragraph 3 also

contains legal conclusions to which no responsive pleading is required. To the extent the

allegations contained in Paragraph 3 are deemed factual, the allegations are denied.

4.      Denied. Paragraph 4 contains legal conclusions to which no responsive pleading

is required. To the extent the allegations contained in Paragraph 4 are deemed factual, the

allegations are denied. The last sentence of Paragraph 4 contains a characterization of Plaintiffs'

lawsuit to which no responsive pleading is required. To the extent the allegations contained in

that sentence are deemed factual, the allegations are denied.

## II.
## JURISDICTION AND VENUE

5.      Denied. Paragraph 5 contains a legal conclusion to which no responsive pleading

is required. To the extent the allegations contained in Paragraph 5 are deemed factual, the

allegations are denied.

6.      Denied. Paragraph 6 contains a legal conclusion as to jurisdiction to which no

responsive pleading is required. To the extent the allegations contained in Paragraph 6 are

deemed factual, the allegations are denied. Ritter reserves the right to challenge Plaintiffs' legal

assertions as to subject matter jurisdiction.

7.      Denied. Paragraph 7 contains a legal conclusion to which no responsive pleading is required. To the extent the allegations contained in Paragraph 7 are deemed factual, the allegations are denied.

8.      Denied. Paragraph 8 contains a legal conclusion as to venue to which no responsive pleading is required. To the extent the allegations contained in Paragraph 8 are deemed factual, the allegations are denied.

### III.      PARTIES

9.      Denied. Ritter specifically denies that Plaintiff Migliori was not contacted regarding the defective voter declaration on the outer envelope because Elections Board staff has already testified that voters were notified of such defects and given an opportunity to cure. Regarding the remainder of the allegations in this paragraph, after reasonable investigation, Ritter is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, he denies them and demands strict proof thereof at the time of trial.

10.      Denied. Ritter specifically denies that Plaintiff Fox was not contacted regarding the defective voter declaration on the outer envelope because Elections Board staff has already testified that voters were notified of such defects and given an opportunity to cure. Regarding the remainder of the allegations in this paragraph, after reasonable investigation, Ritter is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, he denies them and demands strict proof thereof at the time of trial.

11.      Denied. Ritter specifically denies that Plaintiff Richards was not contacted regarding the defective voter declaration on the outer envelope because Elections Board staff has already testified that voters were notified of such defects and given an opportunity to cure.

3

Regarding the remainder of the allegations in this paragraph, after reasonable investigation, Ritter is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, he denies them and demands strict proof thereof at the time of trial.

12.    Denied. Ritter specifically denies that Plaintiff Rivas was not contacted regarding the defective voter declaration on the outer envelope because Elections Board staff has already testified that voters were notified of such defects and given an opportunity to cure. Regarding the remainder of the allegations in this paragraph, after reasonable investigation, Ritter is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, he denies them and demands strict proof thereof at the time of trial.

13.    Denied. Ritter specifically denies that Plaintiff Ringer was not contacted regarding the defective voter declaration on the outer envelope because Elections Board staff has already testified that voters were notified of such defects and given an opportunity to cure. Regarding the remainder of the allegations in this paragraph, after reasonable investigation, Ritter is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, he denies them and demands strict proof thereof at the time of trial.

14.    Denied. Ritter specifically denies Plaintiffs' characterization that their ballots were valid. Plaintiffs' ballots were properly disqualified because they contained defects warranting disqualification, as decided by the Commonwealth Court of Pennsylvania. *Ritter v. Lehigh Cty. Bd. of Elections*, No. 1322 C.D. 2021, 2022 WL 16577 (Pa. Cmwlth. Jan. 3, 2022) (*See* Dkt. 1 at Ex. 8). Regarding the remainder of the allegations in this paragraph, after reasonable investigation, Ritter is without knowledge or information sufficient to form a belief as

4

to the truth of the averments of this paragraph and, therefore, he denies them and demands strict proof thereof at the time of trial.

15.     Denied. While the Elections Board, as ordered by the Lehigh County Court of Common Pleas on January 27, 2022, signaled its intent to fully and finally certify the election results without the 257 mail-in ballots, that it intended to do so in February 1 is denied.

16.     Denied. Paragraph 16 contains legal conclusions to which no responsive pleading is required.

## IV.     FACTS

17.     Denied. After reasonable investigation, Ritter is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, he denies them and demands strict proof thereof at the time of trial.

18.     Denied. Paragraph 18 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 18 are deemed factual, the allegations are denied.

19.     Denied. Paragraph 19 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 19 are deemed factual, the allegations are denied.

20.     Denied. Paragraph 20 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 20 are deemed factual, the allegations are denied.

21.     Denied. Ritter denies the allegations set forth in paragraph 21 of the Verified Complaint. Plaintiffs' ballots were not cast in compliance with the Pennsylvania Election Code,

as determined by the Commonwealth Court of Pennsylvania. *Ritter v. Lehigh Cty. Bd. of Elections*, No. 1322 C.D. 2021, 2022 WL 16577 (Pa. Cmwlth. Jan. 3, 2022) (*See* Dkt. 1 at Ex. 8).

22.    Denied. The Pennsylvania Department of State's Guidance is a document that speaks for itself and any characterizations are denied.

23.    Denied. The Pennsylvania Department of State's Guidance is a document that speaks for itself and any characterizations are denied.

24.    Denied. Paragraph 24 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 24 are deemed factual, the allegations are denied.

25.    Denied. Ritter denies the allegations set forth in paragraph 25 of the Verified Complaint. The Commonwealth Court of Pennsylvania has directly refuted the contents of this paragraph as a matter of law. *Ritter v. Lehigh Cty. Bd. of Elections*, No. 1322 C.D. 2021, 2022 WL 16577 (Pa. Cmwlth. Jan. 3, 2022) (*See* Dkt. 1 at Ex. 8).

26.    Denied. Paragraph 26 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 26 are deemed factual, the allegations are denied.

27.    Denied. Paragraph 27 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 27 are deemed factual, the allegations are denied.

28.    Denied. Paragraph 28 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 28 are deemed factual, the allegations are denied.

29.     Denied. Paragraph 29 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 29 are deemed factual, the allegations are denied.

30.     Denied. Paragraph 30 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 30 are deemed factual, the allegations are denied.

31.     Admitted.

32.     Denied. Paragraph 32 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 32 are deemed factual, the allegations are denied.

33.     Admitted.

34.     Admitted.

35.     Admitted.

36.     Denied. Paragraph 36 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 36 are deemed factual, the allegations are denied.

37.     Denied. Paragraph 37 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 37 are deemed factual, the allegations are denied.

## V.   CLAIMS

**Count I: Rejection of Ballots for Immaterial Errors or Omissions in Violation of the
Materiality Provision of the Civil Rights Act
(52 U.S.C. § 10101(a)(2)(B), 42 U.S.C. § 1983)**

38.     Paragraph 38 is an introductory incorporation by reference paragraph to which no response is required. Ritter incorporates by reference his responses to the foregoing paragraphs as if fully set forth at length herein.

39.     Denied. Paragraph 39 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 39 are deemed factual, the allegations are denied.

40.     Denied. Paragraph 40 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 40 are deemed factual, the allegations are denied.

41.     Denied. Paragraph 41 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 41 are deemed factual, the allegations are denied.

42.     Denied. Paragraph 42 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 42 are deemed factual, the allegations are denied.

43.     Denied. Paragraph 43 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 43 are deemed factual, the allegations are denied.

44.     Denied. Paragraph 44 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 44 are deemed factual, the allegations are denied.

45.     Denied. Paragraph 45 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 45 are deemed factual, the allegations are denied.

46.     Denied. Paragraph 46 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 46 are deemed factual, the allegations are denied.

47.     Denied. Paragraph 47 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 47 are deemed factual, the allegations are denied.

48.     Denied. Paragraph 48 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 48 are deemed factual, the allegations are denied.

**Count II:  Undue Burden on the Fundamental Right to Vote in Violation of the First and Fourteenth Amendments to the United States Constitution (U.S. Const. Amend. I, XIV 42 U.S.C. § 1983)**

49.     Paragraph 49 is an introductory incorporation by reference paragraph to which no response is required. Ritter incorporates by reference his responses to the foregoing paragraphs as if fully set forth at length herein.

50.     Denied. The mail-in ballot envelope is a document that speaks for itself and any characterizations are denied.

51.     Denied. Paragraph 51 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 51 are deemed factual, the allegations are denied.

52.     Denied. Paragraph 52 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 52 are deemed factual, the allegations are denied.

53.     Denied. Paragraph 53 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 53 are deemed factual, the allegations are denied.

54.     Denied. Paragraph 54 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 54 are deemed factual, the allegations are denied.

55.     Denied. Paragraph 55 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 55 are deemed factual, the allegations are denied.

**Count III: Denial of Plaintiffs' Voting Rights Without Pre-Denial Notice and Opportunity to Cure Ballot Errors in Violation of the Procedural Due Process Clause of the Fourteenth Amendment to the United States Constitution**
**(U.S. Const. Amend. XIV, 42 U.S.C. § 1983)**

56.     Paragraph 56 is an introductory incorporation by reference paragraph to which no response is required. Ritter incorporates by reference his responses to the foregoing paragraphs as if fully set forth at length herein.

57.     Denied. Paragraph 57 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 57 are deemed factual, the allegations are denied.

58.     Denied. Paragraph 58 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 58 are deemed factual, the allegations are denied.

59.     Denied. Paragraph 59 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 59 are deemed factual, the allegations are denied.

60.     Denied. Paragraph 60 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 60 are deemed factual, the allegations are denied.

61.     Denied. Paragraph 61 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 61 are deemed factual, the allegations are denied.

62.     Denied. Paragraph 62 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 62 are deemed factual, the allegations are denied. Moreover, the averments of this paragraph are demonstrably false as the Board of Elections swore under oath that it had properly notified all voters that had defective outer envelopes. *See* Exhibit A at 49:2-22.

63.     Denied. Paragraph 63 contains legal conclusions to which no responsive pleading is required. To the extent the allegations contained in Paragraph 63 are deemed factual, the allegations are denied.

### **PRAYER FOR RELIEF**

Ritter denies that Plaintiffs are entitled to any of the requested relief contained in their Prayer for Relief and that judgment should be entered against Plaintiffs.

WHEREFORE, Ritter respectfully requests that the Court:

A.      Enter judgment in his favor.

B.      Award him reasonable costs and fees, including attorneys' fees.

C.      Grant Ritter such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

64.      Plaintiffs' complaint fails to state a claim upon which relief may be granted.

65.      Plaintiffs' claims are barred by the laches doctrine.

66.      Plaintiffs' claims are barred or limited by *res judicata*.

67.      Plaintiffs' received notice of the defective voter declaration on their mail-in ballots and had an opportunity to cure, and could have cured.

68.      Plaintiffs' claims have been waived.

69.      Ritter fully reserves his rights to assert additional defenses upon future investigation and discovery and upon further delineation of Plaintiffs' specific claims in this action.

WHEREFORE, Ritter respectfully requests that the Court:

A.      Enter judgment in his favor.

B.      Award him reasonable costs and fees, including attorneys' fees.

C.      Grant Ritter such other and further relief as the Court deems just and proper.

## JURY DEMAND

David Ritter demands a trial by jury on all issues triable by a jury.

Respectfully submitted,

Dated: February 1, 2022

/s/ Joshua J. Voss
Joshua J. Voss (No. 306853)
Shohin H. Vance (No. 323551)
Samantha G. Zimmer (No. 325650)
James G. Gorman, III (No. 328376)
Francis G. Notarianni (No. 327461)
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Eml:   jvoss@kleinbard.com
svance@kleinbard.com
szimmer@kleinbard.com
jgorman@kleinbard.com
fnotarianni@kleinbard.com

*Attorneys for David Ritter*