IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA MIGLIORI, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>LEHIGH COUNTY BOARD OF ELECTIONS,<br><br>Defendant. | No. 5:22-cv-00397-JFL |

**PROPOSED INTERVENOR DAVID RITTER'S BRIEF IN SUPPORT OF MOTION TO INTERVENE AS A PARTY DEFENDANT**

Proposed Intervenor David Ritter hereby submits this brief in support of his Motion to Intervene Pursuant to Federal Rule of Civil Procedure 24 as a Party Defendant in the above-captioned matter.

This is an action that seeks to enjoin Defendant Lehigh County Board of Elections ("the Board") from certifying the final results of the November 2, 2021 election. In that election, Ritter was a candidate for the office of Judge of the Court of Common Pleas of Lehigh County. Three vacancies for such office were on the ballot, with six candidates vying for the three available offices. As of the date of this brief, Ritter has received the third-most votes from the Municipal Election—and is thus a presumptive successful candidate—leading the fourth-place candidate, Zachary Cohen, by around 70 votes.

However, the present matter takes issue with 257 mail-in ballots that have no date on the voter declaration in contravention of the Pennsylvania Election Code. Whether those mail-in ballots should be counted is an issue that has already been considered by 3 separate state court tribunals, and ultimately resolved in favor of Ritter. This matter seeks to effectively reverse the finality of those decisions.

**I.     STATEMENT OF FACTS**

On January 31, 2022, Plaintiffs filed this action challenging the adjudication of 257 mail-in ballots that have no date on the voter declaration. After the most recent election on November 2, 2021, Zachary Cohen, a candidate for the Court of Common Pleas, petitioned the Board to count these particular mail-in ballots. The Board agreed to do so. Thereafter, on November 17, 2021, judicial candidate David Ritter appealed the Board's determination. On November 30, 2021, the Lehigh County Court of Common Pleas affirmed the Board's decision. Dkt. 1 at Ex. 7.

On January 3, 2022, the Commonwealth Court reversed the trial court's decision, effectively crediting Justice Wecht's 2020 concurrence as the decisive vote on whether the statutory language requiring a date on a voter declaration is mandatory. *Ritter v. Lehigh Cty. Bd. of Elections*, No. 1322 C.D. 2021, 2022 WL 16577 (Pa. Cmwlth. Jan. 3, 2022); Dkt. 1 at Ex. 8. On January 27, the Pennsylvania Supreme Court denied discretionary review of the Commonwealth Court's decision. *Ritter v. Lehigh Cty. Bd. Of Election*, No. 9 MAL 2022, 2022 WL 244122 (Pa. Jan. 27, 2022).

Following that decision, the Lehigh County Court of Common Pleas issued an order on January 27, 2022, directing the Board "to exclude the 257 ballots at issue in this case that fail to include a date on the return envelope from the certified returns of the 2021 municipal election of Lehigh County." Dkt. 1 at Ex. 9.

On January 28, 2022, the Board issued notice of a meeting on February 1, 2022, "for the purpose of Final Certification of the conditional results for the 2021 Municipal Election within Lehigh County and for general purposes." Dkt. 1 at Ex. 11. Plaintiffs then filed the instant action.

## II.  STATEMENT OF QUESTIONS INVOLVED

Should the Court allow David Ritter to intervene in this matter where the resolution of the dispute directly affects the certification of a judicial race where he is presently the presumptive winner?

*Suggested Answer: Yes.*

## III.  SUMMARY OF ARGUMENT

Ritter has a right to intervene under Rule 24(a) because (1) his Motion is timely; (2) he has a unique interest as a candidate for office; (3) the interest may be affected by the disposition of this action if the votes are ultimately counted; and (4) his interest is not adequately represented by the Plaintiffs or the Board. Alternatively, Ritter should be permitted to intervene in this action.

## IV.  ARGUMENT

**A.  Ritter has a right to intervene since his Motion is timely and seeks to protect significant interests, which cannot be adequately represented by the existing parties and will be impaired absent his input.**

Applying Rule 24(a)'s criteria for intervention as of right, Courts have explained that intervention will be granted if: (i) the application for intervention is timely; (ii) the proposed intervenor has a cognizable interest in the litigation; (iii) the interest may be affected or impaired by the disposition of the action; and (iv) the interest is not adequately represented by an existing party in the litigation. As detailed below, Ritter aptly satisfies each element of this test and, thus, is entitled to intervene as matter of course.

**1.  The Motion is timely as it was submitted at the formative stages of this action.**

Ritter's application to intervene is timely, as this action is still in its formative stages and, thus, will not cause any delay so as to prejudice the parties currently involved. Although this

3

Court has identified three factors relevant to its assessment of timeliness – *i.e.*, the stage of the proceeding, the potential prejudice to the parties resulting from delay, and the reason for the delay – the principal inquiry is whether extensive substantive proceedings on the merits have occurred. *See Am. Farm Bureau Fed'n v. U.S. E.P.A.*, 278 F.R.D. 98, 104 (M.D. Pa. 2011) (quoting *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 370 (3d Cir. 1995) (explaining that the stage of the proceedings is the overriding consideration because it is "inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved")). Furthermore, when considering a motion to intervene of right, courts should be reluctant to dismiss [the] request . . . as untimely," since "the would-be intervenor may be seriously harmed if he is not permitted to intervene[.]" *Mountain Top*, 72 F.3d at 324.

In light of the foregoing, there can be little doubt that the Motion is timely as this action was filed one day before this Motion. Formal discovery has not commenced and dispositive motions have not yet been filed, the Motion is timely under this Court's application of the foregoing framework. *See Nat'l Collegiate Athletic Ass'n v. Corbett*, 296 F.R.D. 342, 347 (M.D. Pa. 2013) ("Generally, an applicant's intervention will not prejudice the current parties where discovery has yet to commence and dispositive motions have yet to be filed."). Conversely, Plaintiffs and Defendant, cannot credibly maintain that granting the Motion would cause any delay – let alone that such delay would prejudice them. *Cf. Students for Fair Admissions Inc. v. Univ. of N. Carolina,* 319 F.R.D. 490, 494 (M.D.N.C. 2017) (finding intervention timely prior to expiration of deadline for joinder); *Redland Ins. Co. v. Chillingsworth Venture, Ltd.,* 171 F.R.D. 206, 207 (N.D. Ohio 1997) (same); *Clarke v. Baptist Mem'l Healthcare Corp.*, 264 F.R.D. 375, 379 (W.D. Tenn. 2009) (identifying deadline for joinder as an acceptable barometer of

timeliness), *aff'd*, 427 F. App'x 431 (6th Cir. 2011). In sum, given the procedural posture of this action, Ritter has plainly demonstrated that the Motion is timely.

        **2.     As a judicial candidate, Ritter has a significant protectable interest that will be affected by this litigation, which interest is not adequately represented by the existing parties.**

Ritter is entitled to intervene because he seeks to safeguard rights that have been widely recognized as significantly protectable interests warranting intervention; namely, his right to his elected position. This interest will be directly affected by the Court's decision in this matter and it is an interest that is not adequately represented by the Board or Plaintiffs.

To illuminate, proposed intervenors must have a specific interest that "will be directly affected in a substantive concrete fashion by the relief sought." *Commonwealth of Pennsylvania v. President of the United States*, 888 F.3d 52, 58 (3d Cir. 2018). As set forth in the Complaint, this matter seeks to impact a judicial election in Lehigh County, whereby Ritter is presently the presumptive winner, and but-for this action, would be formally declared as such in the coming days. Accordingly, Ritter has a significant protected interest in his elected position. *See generally Stein v. Cortes*, 223 F. Supp. 3d 423, 429 (E.D. Pa. 2016) (granting intervention of election winner in suit filed by a candidate seeking, in part, injunctive relief for a recount of ballots). Ritter's interests will be affected by the disposition of this action because the Court's ruling will necessarily affect the outcome of the Lehigh County election. *See Hoblock v. Albany Cty. Bd. of Elections*, 233 F.R.D. 95, 99 (N.D. N.Y. 2005) (granting intervention to candidates in light of their interest in the election outcome, which differed from the voters' interests in having their votes counted); *Hoffman v. Bucks Cty. Bd. of Elections*, No. Civ. A. No. 87-7246, 1987 WL 14784 at *1 (E.D. Pa. Nov. 16, 1987) (granting a candidate's motion to intervene in an action brought by a voter to challenge the disqualification of her absentee ballot because counting the vote may "affect the outcome of the election"). Moreover, the existing parties do not adequately

represent Ritter's interest. *See Commonwealth of Pennsylvania*, 888 F.3d at 60 (explaining that interests are not adequately represented if they "diverge sufficiently from the interests of the existing party, such that 'the existing party cannot devote proper attention to the applicants' interests'"); *Mountain Top*, 72 F.3d at 368 (explaining that this burden to show a divergence of interests is minimal; the applicant must show only that the representation of his interest "may be inadequate"). Plaintiffs and Defendant do not adequately represent Ritter's interests because they have no direct stake as to which candidate wins the judicial seat. *See Hoffman*, 1987 WL 14784 at *1.

Accordingly, Ritter is entitled to intervene in this action as a matter of right under Federal Rule of Civil Procedure 24(a)(2).

**B.     Ritter, at the very least, should be granted permissive intervention.**

In the alternative, this Court should grant the Motion pursuant to its discretionary authority over permissive interventions. Specifically, pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), a court may permit a timely applicant to intervene if the applicant has a claim or defense that shares a common question of law or fact with the action. *See* F.R.C.P. 24(b)(1)(B).

As set forth above, Ritter's request to intervene is timely.

In addition, Ritter's involvement in this action relates to the basic issue of the status of the 257 mail-in ballots that have no date on the voter declaration in contravention of the Pennsylvania Election Code; an issue that Ritter has litigated before three separate tribunals. Thus, there are common questions of fact and law shared by this action and Ritter's rightful position as an elected judge. In fact, Ritter is best situated to present the most developed exposition of the central factual and legal questions identified by the Complaint as he has successfully litigated the issue already in three different tribunals. *See Libertarian Party of Pennsylvania v. Wolf*, No. 20-2299, 2020 WL 6580739 at *1 n.1 (E.D. Pa. July 8, 2020)

6

(granting permissive intervention by the Pennsylvania Democratic Party where the claims it advanced directly related to the same Election Code sections and processes that the plaintiffs challenged in the Complaint and its participation could aid the court in resolving the dispute).

In considering whether to exercise its discretion to allow permissive intervention, a Court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. *See* F.R.C.P. 24(b)(3). Permitting Ritter to intervene will not unduly delay or prejudice the adjudication of the parties' rights; rather, as explained above it will facilitate a just and speedy resolution of this dispute.

In sum, Ritter should be permitted to intervene not only to vindicate his interests set forth above, but also because his involvement will benefit this Court and the parties. Accordingly, Ritter should be permitted to intervene in this matter under Federal Rule of Civil Procedure 24(b)(1).

## V. CONCLUSION

For the foregoing reasons, Ritter respectfully requests that this Court grant the Motion and allow Ritter to participate as a party Defendant in this matter.

## VI. PROPOSED ORDER

A proposed order has been attached to the Motion. It seeks the following:

THIS MATTER having come before the Court upon Judicial Candidate David Ritter's Motion to Intervene (the "Motion"); and the Court having reviewed the Motion; and any response thereto;

IT IS HEREBY ORDERED AND DECREED that Ritter's Motion is GRANTED; and it is further

ORDERED that Ritter is hereby granted intervenor status as a Defendant in this case; and it is further

ORDERED that the Answer attached as Exhibit A to the Motion shall be deemed filed as a responsive pleading in this matter.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: February 1, 2022 | /s/ Joshua J. Voss |
|  | Joshua J. Voss (No. 306853) |

Shohin H. Vance (No. 323551)
Samantha G. Zimmer (No. 325650)
James G. Gorman, III (No. 328376)
Francis G. Notarianni (No. 327461)
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Eml:   jvoss@kleinbard.com
svance@kleinbard.com
szimmer@kleinbard.com
jgorman@kleinbard.com
fnotarianni@kleinbard.com

*Attorneys for David Ritter*