IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| Linda MIGLIORI, et al, | |
| *Plaintiffs*, | |
| v. | No. 5:22-cv-00397-JFL |
| LEHIGH COUNTY BOARD OF ELECTIONS, | |
| *Defendant.* | |

**PROPOSED INTERVENOR ZAC COHEN'S BRIEF IN SUPPORT OF MOTION TO INTERVENE IN SUPPORT OF PLAINTIFFS**

Proposed Intervenor Zac Cohen hereby submits this brief in support of his Motion to Intervene Pursuant to Fed. R. Civ. P. 24 as an Intervenor-Plaintiff in the above-captioned matter. As the candidate in the position to benefit directly from the relief the Voter Plaintiffs seek, his interest in the outcome of this litigation is as direct and immediate as that of his opponent, David Ritter, whose intervention has already been granted.

To be sure, Cohen is slightly differently situated than Ritter—thus far, the Voter Plaintiffs are advancing legal arguments similar to those urged by Cohen in favor of the application of the Materiality Provision during the state court litigation. And at present, there is no legal argument as to this litigation which Cohen seeks to advance which the Voter Plaintiffs are not advancing.

Nonetheless, because of Cohen's distinct, concrete interest in the outcome of this litigation, and because Cohen does not wish the foreclose the possibility that his interests will diverge from the Voter Plaintiffs or that he may have a unique argument to advance, Cohen seeks to intervene and preserve his right to participate in this litigation.

Cohen has a right to intervene under Rule 24(a) because (1) his Motion is timely; (2) he has a unique interest as a candidate for office; (3) the interest may be affected by the disposition of this action if the votes are ultimately counted; and (4) his interest may not be adequately

represented by the Plaintiffs, the Board, or (almost assuredly) Mr. Ritter. Alternatively, Cohen should be granted permissive intervention and in support thereof avers as follows.

## STATEMENT OF FACTS

Cohen agrees with the history of this dispute as set forth in the Statement of Facts as provided in the Ritter Brief in Support of Intervention (Dkt. No. 14), and in the interests of brevity incorporates said history herein by reference. Since that filing, this Court has set a deadline of today for the filing of intervention papers, as well as a calendar for dispositive briefing and oral argument.

## STATEMENT OF QUESTION INVOLVED

Should the Court allow Zac Cohen to intervene in this matter where the resolution of the dispute directly affects the certification of a judicial race in which he is a candidate?

*Suggested Answer: Yes.*

## SUMMARY OF ARGUMENT

Consistent with its resolution of candidate Ritter's motion to intervene, this Court should allow his opponent Cohen to intervene under the Federal Rules of Civil Procedure.

## ARGUMENT

**A.     Cohen Should Be Permitted to Intervene As Of Right.**

Applying Rule 24(a)'s criteria for intervention as of right, the federal courts have explained that intervention will be granted if: (i) the application for intervention is timely; (ii) the proposed intervenor has a cognizable interest in the litigation; (iii) the interest may be affected or impaired by the disposition of the action; and (iv) the interest is not adequately represented by an existing party in the litigation. As detailed below, Cohen aptly satisfies each element of this test and, thus, is entitled to intervene as matter of course.

### 1. The Motion is timely as it was submitted at the formative stages of this action.

Cohen's application to intervene is timely, as this action is still in its formative stages and, thus, will not cause any delay so as to prejudice the parties currently involved. Moreover, this Court has already determined that this motion is timely if filed by February 11, which it has been.

Federal courts have identified three factors relevant to its assessment of timeliness – the stage of the proceeding, the potential prejudice to the parties resulting from delay, and the reason for any delay – but the principal inquiry remains whether extensive substantive proceedings on the merits have occurred. *See Am. Farm Bureau Fed'n v. U.S. E.P.A.*, 278 F.R.D. 98, 104 (M.D. Pa. 2011) (quoting *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 370 (3d Cir. 1995) (explaining that the stage of the proceedings is the overriding consideration because it is "inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved")). Furthermore, when considering a motion to intervene of right, courts should be reluctant to dismiss [the] request . . . as untimely," since "the would-be intervenor may be seriously harmed if he is not permitted to intervene[.]" *Mountain Top*, 72 F.3d at 324.

In light of the foregoing, there can be little doubt that the Motion is timely as this action was filed a just 11 days before this Motion. Discovery has not commenced and dispositive motions have not yet been filed. Moreover, Cohen agrees to abide by the filing schedule contained in the Revised Stipulation and Agreed Order entered on February 8, 2022, so there could be no delay or prejudice to any of the other parties. *See Nat'l Collegiate Athletic Ass'n v. Corbett*, 296 F.R.D. 342, 347 (M.D. Pa. 2013) ("Generally, an applicant's intervention will not prejudice the current parties where discovery has yet to commence and dispositive motions have yet to be filed."); *Cf. Students for Fair Admissions Inc. v. Univ. of N. Carolina,* 319 F.R.D. 490, 494 (M.D.N.C. 2017) (finding intervention timely prior to expiration of deadline for joinder); *Redland Ins. Co. v. Chillingsworth Venture, Ltd.,* 171 F.R.D. 206, 207 (N.D. Ohio 1997) (same); *Clarke v. Baptist Mem'l Healthcare Corp.*, 264 F.R.D. 375, 379 (W.D. Tenn. 2009) (identifying deadline for joinder

as an acceptable barometer of timeliness), *aff'd*, 427 F. App'x 431 (6th Cir. 2011). In sum, given the preliminary procedural posture of this action, the Motion is timely.

### 2. As the judicial candidate pitted against Ritter, Cohen has a significant protectable interest that will be affected by this litigation, which interest is not adequately represented by the existing parties.

Cohen is entitled to intervene because he seeks to safeguard rights that have been widely recognized as significantly protectable interests warranting intervention; namely, his right to ensure the 257 legally cast but unopened ballots are counted in a race where he trails by only 71 votes. This interest will be directly affected by the Court's decision in this matter and it is an interest that is not adequately represented by the Board and is separate from that of Plaintiffs.

To expound, proposed intervenors must have a specific interest that "will be directly affected in a substantive concrete fashion by the relief sought." *Commonwealth of Pennsylvania. President of the United States*, 888 F.3d 52, 58 (3d Cir. 2018). As set forth in the Complaint, this matter seeks to impact a judicial election in Lehigh County, whereby Cohen could doubtlessly be declared the winner, and but-for this action, would be foreclosed from assuming his lawfully elected seat as a judge on the Court of Common Pleas. And the likelihood of a Cohen victory should the 257 votes be counted is not mere conjecture; in fact, of the four unchallenged ballots with outer-envelope signatures in the wrong place opened by the Board just days ago, three favored Cohen and Ritter received zero. Accordingly, Cohen has a significant protected interest in seeing that these particular 257 voters are not illegally disenfranchised. *See generally Stein v. Cortes*, 223 F. Supp. 3d 423, 429 (E.D. Pa. 2016) (granting intervention of election winner in suit filed by a candidate seeking, in part, injunctive relief for a recount of ballots).

Cohen's interests will be affected by the disposition of this action because the Court's ruling, in either direction, will have a profound and conclusive effect on the outcome of the Lehigh County election. *See Hoblock v. Albany Cty. Bd. of Elections*, 233 F.R.D. 95, 99 (N.D. N.Y. 2005) (granting intervention to candidates in light of their interest in the election outcome, which differed

from the voters' interests in having their votes counted); *Hoffman v. Bucks Cty. Bd. of Elections*, No. Civ. A. No. 87-7246, 1987 WL 14784 at *1 (E.D. Pa. Nov. 16, 1987) (granting a candidate's motion to intervene in an action brought by a voter to challenge the disqualification of her absentee ballot because counting the vote may "affect the outcome of the election"). Moreover, the existing parties do not adequately represent Cohen's interest. *See Mountain Top*, 72 F.3d at 368 (explaining that this burden to show a divergence of interests is minimal; the applicant must show only that the representation of his interest "may be inadequate"). Plaintiffs and the Lehigh County Election Board do not adequately represent Cohen's interests because they have no direct stake as to which candidate wins the judicial seat; Ritter's and Cohen's interests, obviously, are diametrically opposed. *See Hoffman*, 1987 WL 14784 at *1.

Accordingly, Cohen is entitled to intervene in this action as a matter of right under Federal Rule of Civil Procedure 24(a)(2).

**B.     Cohen, at the very least, should be granted permissive intervention.**

In the alternative, this Court should grant the Motion pursuant to its discretionary authority over permissive interventions. Specifically, pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), a court may permit a timely applicant to intervene if the applicant has a claim or defense that shares a common question of law or fact with the action. *See* F.R.C.P. 24(b)(1)(B).

As set forth above, Cohen's request to intervene is timely.

In addition, Cohen's involvement in this action relates to the basic issue of the status of the 257 mail-in ballots that are slated to be disregarded in what Cohen believes is flagrant violation of state and federal law, an issue that Cohen has litigated before three separate tribunals on the merits—two of which found in Cohen's favor.[1] Thus, there are common questions of fact and law shared by this action and Cohen's rightful position to have these votes counted in his race for judge. In fact, Cohen is well-situated to assist in the presentation of the most developed exposition of the central factual and legal questions identified by the Complaint given his direct role and interest in

---

[1] The state law issues are not before this Court.

the proceedings leading up to this point, prior to Plaintiffs' formal involvement. *See Libertarian Party of Pennsylvania v. Wolf*, No. 20-2299, 2020 WL 6580739 at *1 n.1 (E.D. Pa. July 8, 2020) (granting permissive intervention by the Pennsylvania Democratic Party where the claims it advanced directly related to the same Election Code sections and processes that the plaintiffs challenged in the Complaint and its participation could aid the court in resolving the dispute).

In considering whether to exercise its discretion to allow permissive intervention, a Court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. *See* F.R.C.P. 24(b)(3). Permitting Cohen to intervene will not unduly delay or prejudice the adjudication of the parties' rights; rather, as explained above, because Cohen agrees to follow the case management order already in place, it will facilitate a just and speedy resolution of this dispute.

In sum, Cohen should be permitted to intervene not only to vindicate his interests set forth above, but also because his involvement will benefit this Court and the parties. Accordingly, Cohen should be permitted to intervene in this matter under Federal Rule of Civil Procedure 24(b)(1).

## **CONCLUSION**

For the foregoing reasons, Cohen respectfully requests that this Court grant the Motion and allow Cohen to participate as an Intervenor-Plaintiff in this matter.

## **PROPOSED ORDER**

A proposed order has been attached to the Motion. It seeks the following:

THIS MATTER having come before the Court upon Judicial Candidate Zac Cohen's Motion to Intervene (the "Motion"); and the Court having reviewed the Motion; and any response thereto;

IT IS HEREBY ORDERED AND DECREED that Cohen's Motion is GRANTED; and it is further

ORDERED that Cohen is hereby granted intervenor status as an Intervenor-Plaintiff in this case; and it is further

ORDERED that the joinder to Complaint attached as Exhibit A to the Motion shall be deemed filed as a pleading in this matter.

By: *Adam C. Bonin*
Adam C. Bonin, Esq.
adam@boninlaw.com
Attorney I.D. No. 80929
THE LAW OFFICE OF ADAM C. BONIN
121 S. Broad Street, Suite 400
Philadelphia, Pennsylvania 19107
Telephone: (267) 242-5014
Facsimile: (215) 827-5300

Attorney for Zac Cohen

Dated: February 11, 2022