IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA MIGLIORI, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>LEHIGH COUNTY BOARD OF ELECTIONS,<br><br>Defendant. | No. 5:22-cv-00397-JFL |

### INTERVENOR DEFENDANT DAVID RITTER'S MOTION FOR SUMMARY JUDGMENT

Per Fed.R.Civ.P. 56, Intervenor Defendant David Ritter hereby moves for summary judgment in his favor, and against Plaintiffs Linda Migliori, Francis J. Fox, Richard E. Richards, Kenneth Ringer, and Sergio Rivas on all remaining Counts in Plaintiffs' Verified Complaint (ECF 1; ECF 26). For the reasons set forth below, and in the accompanying Brief in Support of this Motion, which is incorporated by reference, as well as the Stipulated Undisputed Facts (ECF 27), no genuine issues of material fact exist and Ritter is entitled to judgment in his favor as a matter of law.

**I.   SUMMARY JUDGMENT AS TO ALL COUNTS – LACHES AND RES JUDICATA**

1. The Court should apply the doctrine of laches in this matter and bar all of Plaintiffs' claims. Plaintiffs' serially, and inexcusably, sat on their claimed rights, and the delay has prejudiced Defendant Ritter.

2. Plaintiffs' claims are barred by res judicata as a result of the shared identity of the causes of action and parties in the prior state court proceedings and the adequate representation of Plaintiffs' interests in those matters.

**II.     SUMMARY JUDGMENT AS TO COUNT I – MATERIALITY PROVISION OF THE CIVIL RIGHTS ACT**

3.     Even if this Court opts to address the merits of Plaintiffs' Count I, this claim fails as a matter of law. Plaintiffs' Count I asserts a claim under Materiality Provision of the Civil Rights Act, 52 U.S.C. § 10101(a)(2)(B), but that statute does not allow for or provide a private right of action and, thus, this Court cannot consider it.

4.     But even if this Court is inclined to reach the merits of this claim, Plaintiffs are not entitled to relief because: (1) the Materiality Provision does not apply outside the context of voter registration schemes; (2) Plaintiffs have not even alleged in the Complaint—let alone established—that Election Code's mail-in voting regulations discriminates against a class of individuals to which they belong; and (3) the dating requirement relative to Voter Declarations is material to determining the voter's eligibility.

**III.    SUMMARY JUDGMENT AS TO COUNT II – FIRST AND FOURTEENTH AMENDMENTS**

5.     Even if this Court opts to address the merits of Plaintiffs' Count II, this claim fails as a matter of law. Plaintiffs' Count II asserts a claim for undue burden on the right to vote under the First and Fourteenth Amendments; however, any burden on Plaintiffs' right to vote by the Board's enforcement of the statutory requirement that voters date their absentee or mail-in ballot declarations is minimal, at best, and advances important regulatory interests in preventing fraud and ensuring orderly administration of elections.

WHEREFORE, Intervenor Defendant Ritter requests that the Court grant this Motion and enter judgment in his favor as to all remaining Counts in the Verified Complaint, and provide such further relief as set forth in the attached proposed order.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: February 11, 2022 | /s/ Joshua J. Voss<br>Joshua J. Voss (No. 306853)<br>Shohin H. Vance (No. 323551)<br>James G. Gorman (No. 328376)<br>Samantha G. Zimmer (No. 325650)<br>Francis G. Notarianni (No. 327461)<br>KLEINBARD LLC<br>Three Logan Square<br>1717 Arch Street, 5th Floor<br>Philadelphia, PA 19103<br>Ph: (215) 568-2000<br>Fax: (215) 568-0140<br>Eml: jvoss@kleinbard.com<br>mhaverstick@kleinbard.com<br>svance@kleinbard.com<br>jgorman@kleinbard.com<br>szimmer@kleinbard.com<br>fnotarianni@kleinbard.com<br><br>*Attorneys for Intervenor Defendant David Ritter* |