IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA MIGLIORI, et al.<br>　　　　*Plaintiffs*,<br><br>v.<br><br>THE LEHIGH COUNTY BOARD<br>OF ELECTIONS, et al.<br>　　　　*Defendants* | Case No. 5:22-cv-00397 |

### MOTION OF THE PENNSYLVANIA GENERAL ASSEMBLY'S LEGISLATIVE LEADERS FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Bryan Cutler, Speaker of the Pennsylvania House of Representatives; Kerry Benninghoff, Majority Leader of the Pennsylvania House of Representatives; Jake Corman, President Pro Tempore of the Pennsylvania Senate; and Kim Ward, Majority Leader of the Pennsylvania Senate (hereinafter "the Legislative Leaders") respectfully ask this Court for leave to file the attached *amicus* brief in support of the motions for summary judgment filed by Defendant, Lehigh County Board of Elections, and Intervenor-Defendant, David Ritter.[1]

### INTEREST OF PROPOSED AMICUS CURIAE[2]

The Legislative Leaders bring this brief as *Amici Curiae* in support of their authority as representatives of a legislative body under the U.S. Constitution, and respectfully move for leave of Court to file the accompanying *amicus* brief in support of the Defendants' motions for summary judgment. *Amici* ask this Court to affirm the grant of authority to state legislatures under the U.S. Constitution's Election Clause.

---

[1] Intervenor-Defendant David Ritter consents to the filing of this brief. Plaintiffs, Intervenor-Plaintiff, and Defendant all have no objection to the filing of this brief.

[2] No party's counsel authored the attached brief in whole or in part, and no one other than *amici* and its counsel contributed money to fund the brief's preparation or submission.

This brief will be helpful as *Amici Curiae* assert that the Pennsylvania General Assembly, of which all *amici* are members, has the authority as Pennsylvania's legislature to prescribe the "Times, Places, and Manner of holding elections" under Article I, § 4, cl. 1 of the U.S. Constitution. Moreover, *Amici* are in the unique position of being able to offer legislative history and background on the statutes in question, and to offer their legislative perspective on why the statutes in question are constitutional. Accordingly, *Amici Curiae* request that their motion to file the attached *amicus* brief be granted.

## ARGUMENT

The decision whether to accept an *amicus* brief "is within the sound discretion of th[e] Court," and "[t]here are no strict rules governing amicus curiae at the trial level." *Goldberg v. City of Phila.*, No. 91-7575, 1994 U.S. Dist. LEXIS 9392, at *1-2 (E.D. Pa. July 12, 1994). Federal Rule of Appellate Procedure 29(a) outlines two ways in which an interested party can file an *amicus* brief: "if all parties consent[3] or if the court grants leave." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 130 (3d Cir. 2002). The proposed brief must simply state: "(1) the movant's interest; and (2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." *Id.* at 131.[4]

When exercising their discretion, courts "err on the side of granting leave." *Neonatology Assocs., P.A*, 293 F.3d at 133; *see also Abu-Jamal v. Price*, No. 95-618, 1995 U.S. Dist. LEXIS 20974, at *6 (W.D. Pa. Aug. 25, 1995) (noting that even in a case where there existed precedent

---

[3] While no party objects to the filing of this brief, the Legislative Leaders wish to err on the side of caution and to seek leave from this Court before filing the amicus brief.

[4] Federal Rule of Appellate Procedure 29(a)(6) further provides that the proper timing for an amicus brief is that "[a]n amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed." Here, both the Defendant and Intervenor-Defendant filed their motions for summary judgment on Friday, February 11, 2022.

supporting a denial of an *amicus* motion, "[t]here does not seem to be … precedent which *compels* that result"). As then-Judge Alito explained, "[i]f an amicus brief that turns out to be unhelpful is filed, the [court], after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the [court] will be deprived of a resource that might have been of assistance." *Neonatology Assocs., P.A*, 293 F.3d at 133.

The Legislative Leaders' brief will be "useful" to the Court. *Neonatology Assocs., P.A.*, 293 F.3d at 132-33. First, the Legislative Leaders are able to offer a helpful legislative history on the statutes in question that gives context to the matter before the Court. Next, the Legislative Leaders, through that deep connection to the statutes in question, are able to explain why the challenged statutes neither violate the Materiality Provision of the Voting Rights Act, nor the U.S. Constitution. The Legislative Leaders' presentation of these points will be especially helpful to the Court because the Legislative Leaders are among those individuals in the General Assembly who enacted the statutory provision that is the subject of this litigation.

Through these succinct points in their brief, the Legislative Leaders will fulfill the primary purpose of *amicus curiae*: "to assist the Court in reaching the right decision in a case affected with the interest of the general public.'" *Wharton v. Vaughan.*, No. 01-6049, 2020 U.S. Dist. LEXIS 24816, at *14 (E.D. Pa. Feb. 12, 2020) (quoting *N.J. Prot. & Advoc., Inc. v. Twp. of Riverside*, No. 04-5914, 2006 U.S. Dist. LEXIS 56478, at *5 (D.N.J. Aug. 2, 2006). Even if a Defendant's brief touches on some of the same issues, the Legislative Leaders' brief is proper because it "provid[es] supplementary assistance to existing counsel and ensur[es] a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, NAACP v. Harrison*, 940 F.2d 792, 808 (3d Cir. 1991) (quoting *Alexander v. Hall*, 64 F.R.D. 152, 155 (D.S.C.

1974). Furthermore, as members of the state legislative body that enacted the statute that is the subject of this litigation, the Legislative Leaders have a special interest in this case that is not currently represented. *Feesers, Inc. v. Michael Foods, Inc.*, No. 1:CV-04-0576, 2006 U.S. Dist. LEXIS 103917, at *3 (M.D. Pa. Mar. 21, 2006) (noting the "special interest" factor as a relevant consideration while acknowledging that in the Third Circuit the factor is "not dispositive"). The Legislative Leaders are better situated than any party in this case to opine upon the meaning of the law that they enacted.

## CONCLUSION

For all these reasons, the Court should grant this motion and allow the Legislative Leaders to file the attached *amicus* brief.

Respectfully submitted,

Dated: February 15, 2022

/s/ Zachary M. Wallen
Zachary M. Wallen
Pennsylvania Bar No. 309176
CHALMERS & ADAMS LLC
301 South Hills Village Drive
Suite LL200-420
Pittsburgh, PA 15241
(412) 200-0842
(412) 235-5001 (*facsimile*)
zwallen@chalmersadams.com

*Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

I filed this motion and accompanying documents with the Court via ECF, which will electronically notify all counsel of record.

Dated: February 15, 2022                          /s/ Zachary M. Wallen
                                                  *Counsel for Amici Curiae*