IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Linda MIGLIORI, et al, <br>        *Plaintiffs*, <br><br> v. <br><br> LEHIGH COUNTY BOARD OF ELECTIONS, <br>        *Defendant.* | No. 5:22-cv-00397-JFL |

**INTERVENOR ZAC COHEN'S JOINDER IN PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO DEFENDANT AND INTERVENOR'S MOTION FOR SUMMARY JUDGMENT**

Intervenor Zac Cohen, by and through his undersigned counsel, hereby joins Plaintiffs' motion for summary judgment in its entirety, and further joins in their response to the motions for summary judgment filed by the Lehigh County Board of Elections and David Ritter. (Dkt. Nos. 33, 44.) This Brief wishes to emphasize two points in response to the Ritter motion in particular.

**1.** In seeking to demonstrate the materiality of the date requirement, Defendants and their *amici* attempt to rely upon the arguments raised by the dissenting justices in In re Canvass of Absentee and Mail-in Ballots of November 3, 2020 Gen. Election, 241 A.3d 1058 (Pa. 2020), which offer three possible purposes for the requirement. *See* Ritter Br. at 39-41 and Legislative Leaders Br. at 4, citing In re Canvass at 1090-91. Such arguments should be disregarded.

Not only are said claims wrong as a matter of law and not grounded in the Pennsylvania Election Code itself—*see* Commonwealth of Pennsylvania Br. at 10-12—but they also do not reflect a ruling of the majority of the Court. Contrary to Ritter's efforts to bootstrap the concurring and dissenting opinion of Justice Wecht to form a holding on this point (Ritter Br. at 40), Justice Wecht's opinion goes no further than to call such statutory claims "colorable". Id. at 1087. [1] As

---

[1] Perhaps recognizing this weakness in his argument, the Ritter Response Brief raises novel hypothetical reasons why a handwritten date might be relevant, ones not advanced by any party earlier in this litigation, the preceding state court litigation, or the extensive 2020 state court

*(cont'd next page…)*

such, because the Supreme Court of Pennsylvania has never found the date requirement to be material to any state interest, this Court should credit the Commonwealth's analysis in finding the requirement in fact serves no purpose at all.

    **2.**    Ritter's effort to narrow the scope of the Materiality Provision, via reliance upon the *ejusdem generis* canon of construction, is unavailing. (Ritter Resp. Br. at 5-7.)  In this case, Congress itself has defined what the right to vote encompasses in the Materiality Provision. *See* 52 U.S.C. § 10101(a)(3)(A), which directs us to § 10101(e) and states as follows: "When used in the subsection, the word 'vote' **includes all action necessary to make a vote effective** including, but not limited to, registration or other action required by State law prerequisite to voting, casting a ballot, **and having such ballot counted and included in the appropriate totals of votes cast** with respect to candidates for public office and propositions for which votes are received in an election." (emphasis added)

Because Congress has provided an express definition of the term, efforts to resort to other canons of construction to narrow its scope are in error.

Accordingly, because Plaintiffs have a private right of action to advance claims under the Materiality Provision, because that provision encompasses *all* actions necessary to make a vote effective including having one's ballot counted, and because the date requirement is not actually material to determining whether an individual is qualified under State law to vote or for any other substantial state interest, Cohen respectfully requests that Plaintiffs' motion for summary judgment be granted and all other such motions be denied. These timely-received ballots should be counted.

---

litigation on this provision. Id. at 9-10. However, neither theoretical interest suggested by Ritter is actually reflected in the canvassing procedures required by the Pennsylvania Election Code, which does not demand that every mail-in voter's record be reviewed for new felony convictions before the outer ballot envelope is opened. Further, as to both scenarios, the county board of elections is required to record the date of ballot receipt, which would be sufficient for any such inquiry.

Respectfully submitted,

By: /s/ Adam C. Bonin

Adam C. Bonin, Esq.
*adam@boninlaw.com*
Attorney I.D. No. 80929
THE LAW OFFICE OF ADAM C. BONIN
121 S. Broad Street, Suite 400
Philadelphia, Pennsylvania 19107
Telephone: (267) 242-5014
Facsimile: (215) 827-5300

Attorney for Zac Cohen

Dated: February 22, 2022