UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

LINDA MIGLIORI, *et al.*,                     :
                    Plaintiffs,               :
                                              :
           v.                                 :     No. 5:22-cv-00397
                                              :
LEHIGH COUNTY BOARD OF ELECTIONS              :
*et al.*,                                     :
                    Defendants.               :

---

**O P I N I O N**
**Plaintiff's Emergency Motion For Injunction, ECF No. 52 -- Denied**

**Joseph F. Leeson, Jr.**                                          **March 18, 2022**
**United States District Judge**

## I.      INTRODUCTION

This matter involves a recent election held in Lehigh County to elect a judge to the Court

of Common Pleas.  The ballots of the five Plaintiffs here,[1] as well as 252 other ballots, were not

counted in the election because those 257 ballots lacked a handwritten date next to the voter

declaration signature on the outer envelope.   On March 16, 2022, this Court granted Defendants'

motions for summary judgment and denied Plaintiff's motion for summary judgment.

On March 18, 2022, Plaintiffs filed an emergency motion for preliminary injunction

pending appeal.  After a review, this Court denies Plaintiffs' emergency motion.

---

[1]      Linda Migliori, Francis J. Fox, Richard E. Richards, Kenneth Ringer, and Sergio Rivas.

II.     **LEGAL STANDARDS**

A.      **Motion for Preliminary Injunction Pending Appeal – Review of Applicable**

         **Law**

"[T]he standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction." *See Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Hum. Servs.*, No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013). "A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *See In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982).

"Such stays are rarely granted, because in our Court the bar is set particularly high." *See Conestoga*, 2013 WL 1277419, at *1.

III.    **ANALYSIS**

In their motion, Plaintiffs begin by arguing that they are likely to succeed on the merits of their claims on appeal. Notwithstanding, this Court finds that Plaintiffs have failed to show a likelihood of such success. At the outset, this Court is cognizant of the fact that any grant of a stay pending appeal would necessarily require a court to make seemingly contradictory findings. Where a court enters judgment against a plaintiff on the merits, to later find that plaintiff likely to succeed on appeal for the purpose of a stay appears incongruent.

However, as evidenced in this Court's Opinion dated March 16, 2022, this Court did not find the question of the existence of a private right of action to be particularly close. Rather, this Court found that the text of the statute, its structure, and its legislative history, all suggested that Congress did not intend to create a private right of action. *See* Op. 25, ECF No. 49. Importantly, many of the arguments offered in support of a private right of action in Plaintiffs' emergency motion were presented to and considered by this Court prior to its decision on the merits. That Plaintiffs disagree with this Court's interpretation of Congress's intent does not itself prove a likelihood of success on appeal. *See Conestoga*, 2013 WL 1277419, at *3 (concluding plaintiff failed to prove likelihood of success on merits of unsettled question of law despite plaintiff arguments against district court's view of the case). Accordingly, this Court concludes that Plaintiffs have not shown a likelihood of success on the merits.

Moreover, at this stage of the proceedings, the balance of the public interest in a stay of the election certification has shifted against Plaintiffs' favor. At the outset, the parties agreed to pause certification of the election pending this Court's ruling on the merits of the claims. To that point, Plaintiffs' claims arising under the materiality provision and their constitutional claims had not yet been reviewed on their merits. Accordingly, at that time, this public held an interest in the review of those claims, which, in turn, supported a stay of the election certification. As of this Opinion, the Court has reviewed and ruled on the merits of Plaintiffs' claims. Parallel to its interest in the adjudication of election law disputes, the public also holds an interest in the finality of its elections. With a decision now rendered on the merits of Plaintiffs' claims, to grant a stay of the certification pending Plaintiffs' appeal would cut against that interest.

Accordingly, for those reasons, this Court declines to grant the sort of rare stay requested by Plaintiffs.

IV.     CONCLUSION

Plaintiffs' emergency motion for an injunction pending appeal is denied.

A separate Order follows.

BY THE COURT:


/s/ Joseph F. Leeson, Jr.
JOSEPH F. LEESON, JR.
United States District Judge