IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA MIGLIORI, FRANCIS J. FOX, RICHARD E. RICHARDS, KENNETH RINGER, and SERGIO RIVAS, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 5:22-cv-00397-JFL |
| and | ) ) | |
| ZACHARY COHEN, | ) ) | |
| Intervenor-Plaintiff, | ) ) | |
| v. | ) ) | |
| LEHIGH COUNTY BOARD OF ELECTIONS, | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| DAVID RITTER, | ) | |
| Intervenor-Defendant. | ) ) | |

**BRIEF IN SUPPORT OF PLAINTIFFS' PETITION FOR ATTORNEYS' FEES**

I.   **STATEMENT OF FACTS**

Plaintiffs Linda Migliori, Francis J. Fox, Richard E. Richards, Kenneth Ringer, and

Sergio Rivas (collectively, "Plaintiff-Voters") brought this action under 42 U.S.C. § 1983 to

compel Defendant Lehigh Board of Elections ("the Board") to count Plaintiff-Voters' mail

ballots from the November 2021 election.  The state courts had ruled, in the context of a

litigation among individual candidates and the Board, against counting Plaintiff-Voters' and

other voters' mail ballots that had been submitted without a handwritten date on the return

envelope.  Plaintiff-Voters then immediately initiated this action because disqualifying such

ballots would violate their rights under the First and Fourteenth Amendments to the U.S.

Constitution and the Materiality Provision of the Civil Rights Act, 52 U.S.C. § 10101(a)(2)(B).

Despite the Board having consistently argued in the state court litigation that such ballots should

be counted, the Board in this action changed its position and opposed Plaintiff-Voters' arguments

throughout this case.

This Court initially granted summary judgment in favor of the Board, holding that the

handwritten date requirement does not pose an undue burden on Plaintiff-Voters' constitutional

right to vote, and that Plaintiff-Voters lack capacity to bring suit under § 10101.  Plaintiff-Voters

appealed the decision regarding § 10101.  The Third Circuit reversed, holding that Plaintiff-

Voters have capacity to bring suit under § 10101.  The Third Circuit further held that

disqualifying mail ballots for having no date on the return envelope in this instance would violate

the Materiality Provision of § 10101.  The Third Circuit remanded to this Court with instructions

to enter an order that the ballots with undated envelopes be counted.

Intervenor-Defendant David Ritter then filed in the Supreme Court an emergency

application to stay the Third Circuit's judgment.  The Board took no position on that application

for stay.  After the Supreme Court denied the stay, this Court entered judgment in favor of

Plaintiff-Voters in accordance with the Third Circuit result and ordered the Board to count the

ballots with undated envelopes at issue in this case.  The Board then counted Plaintiff-Voters'

and other voters' mail ballots that had undated return envelopes, and certified the election results.

Ritter then filed a petition for writ of certiorari, asking the Supreme Court to vacate the

Third Circuit's decision as moot.  The Board filed a response with no argument, stating that the

Board adopted in full the arguments set forth in Ritter's petition.  On October 11, 2022, the

2

Supreme Court without opinion granted Ritter's petition, vacated the Third Circuit's judgment

on mootness grounds, leaving the merits of the decision undisturbed.  The Supreme Court

remanded with instructions to dismiss the case as moot.  Neither the Board nor Ritter sought

Supreme Court review of the merits of the case.

## II.   STATEMENT OF THE QUESTIONS INVOLVED

1.   Whether Plaintiff-Voters are prevailing parties where they prevailed on the

merits, obtained their requested relief pursuant to a court injunction, and the case on appeal was

dismissed as moot as a result of Plaintiff-Voters successfully obtaining their desired relief.

2.   Whether Plaintiff-Voters' request for attorneys' fees is reasonable.

## III.   SUMMARY OF ARGUMENT

Plaintiff-Voters are prevailing parties entitled to an award of attorneys' fees.  Plaintiff-

Voters successfully obtained an injunction that resulted in Plaintiff-Voters getting the precise

relief they wanted – the Board counted their ballots pursuant to a court order that was not

overturned or reversed on the merits.  Where a plaintiff successfully obtains injunctive relief and

the case becomes moot pending appeal as a result of the defendant's compliance with the

injunction, the plaintiff remains a prevailing party entitled to recover attorneys' fees.  *See Bagby*

*v. Beal*, 606 F.2d 411, 414-15 (3d Cir. 1979).

Further, Plaintiff-Voters' request for attorneys' fees is reasonable.  Declarations of

Plaintiff-Voters' attorneys, each including a detailed report of the attorney's time spent on this

case, are attached.  The hourly rates charged by Plaintiff-Voters' attorneys are consistent with

hourly rates charged by attorneys having similar levels of experience in the Eastern District of

Pennsylvania.

IV.   **ARGUMENT**

   **A.  Plaintiff-Voters are Prevailing Parties**

Prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983 are entitled to

recover attorneys' fees under 42 U.S.C. § 1988.  "[I]t is well settled that a prevailing plaintiff

should recover an award of attorney's fees absent special circumstances."  *Truesdell v. Phila.*

*Hous. Auth.*, 290 F.3d 159, 163 (3d Cir. 2002).  "Prevailing parties" are those who "succeed on

any significant issue in litigation which achieves some of the benefit the parties sought in

bringing suit."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  A key consideration is whether

there is a "material alteration of the legal relationship of the parties."  *Truesdell*, 290 F.3d at 163

(quoting).  The plaintiff must prove "the settling of some dispute which affects the behavior of

the defendant towards the plaintiff."  *Farrar v. Hobby*, 506 U.S. 103, 110 (1980) (citation

omitted).

Where a plaintiff successfully obtains injunctive relief and the case becomes moot

pending appeal as a result of the defendant's compliance with the injunction, the plaintiff

remains a prevailing party entitled to recover attorneys' fees.  *See Bagby v. Beal*, 606 F.2d 411,

414-15 (3d Cir. 1979).  In *Bagby*, the plaintiff successfully obtained an injunction from the

district court ordering the defendant to provide a hearing to comply with due process.  *Id.* at 413.

The district court did not act on the defendant's motion to stay the injunction, resulting in the

defendant providing a hearing that made the case moot.  *Id.*  The Third Circuit vacated the

district court's judgment as moot, but affirmed the district court's award of attorneys' fees.  *Id.* at

414-15.  The plaintiff was a prevailing party because the district court found in her favor and, as

a result, the defendant provided the hearing the plaintiff requested.  *Id.* at 415.  "This holding is

not dependent on the correctness of the district court's decision on the merits.  No future

proceedings involving the merits of the controversy will change this result . . . ." *Id.*[1]

Similarly here, Plaintiff-Voters sought and successfully obtained an injunction ordering

Defendant Lehigh County Board of Elections to count Plaintiff-Voters' ballots.  After the

Supreme Court denied Intervenor David Ritter's Emergency Application for Stay of that

injunction, the Board complied with the injunction and counted Plaintiff-Voters' ballots,

rendering Plaintiff-Voters' claims moot.[2]  The Supreme Court then vacated the Third Circuit's

decision as moot.

Plaintiff-Voters, nonetheless, are prevailing parties entitled to attorneys' fees.  Like the

plaintiff in *Bagby*, Plaintiff-Voters successfully obtained an injunction that resulted in Plaintiff-

Voters getting the precise relief they wanted – the Board counted their ballots pursuant to a court

order that was not overturned or reversed on the merits.  "No future proceedings involving the

merits of the controversy will change this result . . . ." *Bagby*, 606 F.2d at 415.  The Supreme

Court did not consider this case on the merits, and whether the Supreme Court would have

---

[1]  *See also Grabarczyk v. Stein*, 32 F. 4th 301, 307 (4th Cir. 2022) ("[W]hen a state ceases the activity challenged in a lawsuit after a court has ruled on the lawfulness of the activity and in response to that ruling, the plaintiff has prevailed for purposes of § 1988."); *Libertarian Party of Ark. v. Martin*, 876 F.3d 948 (8th Cir. 2017) (vacating district court judgment as moot, but affirming order awarding fees and costs); *Green Party of Tenn. v. Hargett*, 767 F.3d 533, 552 (6th Cir. 2014) ("When plaintiffs clearly succeeded in obtaining the relief sought before the district court and an intervening event rendered the case moot on appeal, plaintiffs are still prevailing parties for the purposes of attorney's fees for the district court litigation." (quoting *Diffenderfer v. Gomez–Colon*, 587 F.3d 445, 454 (1st Cir. 2009)); *Diffenderfer*, 587 F.3d 445, 453 (1st Cir. 2009) ("[I]n the mootness context, a 'prevailing party' is a party who managed to obtain a favorable, material alteration in the legal relationship between the parties *prior* to the intervening act of mootness.").

[2]  The Board took no position on Ritter's Emergency Application for Stay.  The Board also never sought from the Supreme Court review on the merits of the Third Circuit's decision.

agreed or disagreed with the Third Circuit on the merits is irrelevant for determining prevailing

party status. *See id.*

### B. Plaintiffs' Counsel Seek a Reasonable Fee

The appropriate amount of fees to award is determined by the recognized "lodestar"

method, "multiplying the number of hours reasonably expended on the litigation times a

reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). "The lodestar is presumed

to be the reasonable fee." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing

*Blum*, 465 U.S. at 897).

The party seeking fees must submit evidence supporting the hours worked and the rates

claimed. Attached as exhibits are declarations of Plaintiff-Voters' attorneys, documenting each

attorneys' experience, hourly rate, and time spent on this case.

1.    The Rates Charged Are Reasonable

In passing the fee-shifting provisions in 42 U.S.C. § 1988, Congress intended that civil

rights lawyers should be compensated at the same market rate as lawyers handling other types of

"complex Federal litigation":

> It is intended that the amount of fees awarded . . . be governed by
> the same standards which prevail in other types of equally complex
> Federal litigation, such as anti-trust cases [,] and not be reduced
> because the rights involved may be nonpecuniary in nature.

*Hensley*, 461 U.S. at 430 n.4. With respect to the rates charged, "[t]he general rule is that a

reasonable hourly rate is calculated according to the prevailing market rates in the community."

*Washington v. Phila. Cty. Ct. of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). In

determining the reasonableness of an attorney's rate, the court should consider the experience

and skill of the attorney and compare the attorney's rates to the rates prevailing in the community

for similar services by lawyers of reasonably comparable skill, experience, and reputation.

Accordingly, Plaintiff-Voters are entitled to recover attorneys' fees based on prevailing

rates for attorneys of similar skill and experience in the Philadelphia market.  The fee schedule

published by Community Legal Services (CLS) is "a fair reflection of the prevailing market rates

in Philadelphia."[3]  *MP ex rel. VC v. Parkland Sch. Dist.*, No. 5:20-cv-4447, 2021 WL 5177012,

at *2 (E.D. Pa. Nov. 5, 2021) (quoting *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir.

2001)).  An attorney's admission to the bar is the relevant starting point for evaluating

experience.  *Id.*

Plaintiff-Voters have been represented in this litigation by attorneys Witold Walczak,

Marian K. Schneider, Stephen A. Loney, Jr., Richard T. Ting, and Connor P. Hayes of the

ACLU of Pennsylvania.

The fees for each attorney are calculated using the lodestar method are as follows:

| Attorney | Years of Experience | Time | Hourly Rate | Amount | |
|---|---|---|---|---|---|
| Connor P. Hayes | 1 | 67.00 | $ 200 | $ | 13,400.00 |
| Stephen A. Loney, Jr. | 18 | 142.30 | $ 525 | $ | 74,707.50 |
| Marian K. Schneider | 35 | 92.75 | $ 750 | $ | 69,562.50 |
| Richard T. Ting | 17 | 111.40 | $ 475 | $ | 52,915.00 |
| Witold J. Walczak | 36 | 69.25 | $ 750 | $ | 51,937.50 |
| **TOTAL** | | **482.70** | | **$** | **262,522.50** |
| **AMOUNT CLAIMED*** | | **415.70** | | **$** | **249,122.50** |

*Plaintiff-Voters' attorneys have exercised their billing discretion and do not seek recovery of
attorneys' fees for Connor P. Hayes's time.

Witold Walczak is the Legal Director of the ACLU of Pennsylvania.  Mr. Walczak

graduated *cum laude* from Boston College Law School in 1986 and has practiced exclusively in

---

3   The CLS fee schedule, available at https://clsphila.org/about-community-legal-
    services/attorney-fees/, was last updated on July 1, 2018.

the areas of civil rights and constitutional law since then.  Mr. Walczak bills at $750 per hour for

this case.  Although this rate exceeds the $650-700 range provided by the 2018 CLS fee schedule

for lawyers with more than 25 years of experience, Mr. Walczak's $750 hourly rate is reasonable

in light of his 32 years of experience exclusively in civil rights and constitutional law litigation

and the four years that have passed since the CLS fee schedule was last updated.  *See MP*, 2021

WL 5177012, at *7 (determining reasonable rates by considering both CLS fee schedule and

individual attorneys' specialized experience).  Mr. Walczak's Declaration is attached hereto as

**Exhibit A**.

Marian K. Schneider is Senior Voting Rights Policy Counsel with the ACLU of

Pennsylvania.  Ms. Schneider has substantial experience in elections and voting rights policy,

and has litigated several high-impact voting rights cases in Pennsylvania.  From 2015 to 2017,

Ms. Schneider served as the Deputy Secretary for Elections and Administration at the

Pennsylvania Department of State.  She also was appointed Special Advisor on Election Policy

to Governor Tom Wolf.  Her law practice has primarily focused on election law and voting rights

since 2006.  Ms. Schneider earned her J.D. from The George Washington University Law School

in 1987 and her B.A. degree from the University of Pennsylvania.  Ms. Schneider bills at $750

per hour for this case.  Although this rate exceeds the $650-700 range provided by the 2018 CLS

fee schedule for lawyers with more than twenty-five years of experience, Ms. Schneider's $750

hourly rate is reasonable in light of her 35 years of experience, including 16 years of specialized

experience in Pennsylvania and federal election law, and the four years that have passed since

the CLS fee schedule was last updated.  *See MP*, 2021 WL 5177012, at *7 (determining

reasonable rates by considering both CLS fee schedule and individual attorneys' specialized

experience).  Ms. Schneider's Declaration is attached hereto as **Exhibit B**.

Stephen A. Loney, Jr. is a Senior Supervising Attorney with the ACLU of Pennsylvania. He has 18 years of litigation experience, including practicing commercial litigation for 16 years at large law firms.  Before leaving private practice to pursue civil rights work full time, Mr. Loney was the Pro Bono Liaison Partner for Hogan Lovells' Philadelphia office and the Group Manager for the firm's award-winning Philadelphia Litigation Group, where his billable rate routinely exceeded $900-1,000 per hour.  Mr. Loney earned his law degree from the New York University School of Law in 2004 and his undergraduate degree from St. Joseph's University in 2001.  He also clerked for the Honorable Franklin Van Antwerpen on the U.S. Court of Appeals for the Third Circuit.  Mr. Loney's $525 hourly rate for this case is consistent with the 2018 CLS fee schedule, which provides an hourly rate range of $475-530 for lawyers with 16-20 years of experience.  Mr. Loney's Declaration is attached hereto as **Exhibit C**.

Richard T. Ting is a Staff Attorney with the ACLU of Pennsylvania.  He has 17 years of federal litigation experience, in private practice with both global and small law firms, with non-profit civil rights organizations like the ACLU of Pennsylvania, and as a judicial law clerk.  Mr. Ting has litigated cases involving disability rights, civil rights, and intellectual property.  He also clerked for U.S. District Judge Cathy Bissoon of the U.S. District Court for the Western District of Pennsylvania.  He earned his law degree from Harvard Law School in 2005, a master's degree from the Massachusetts Institute of Technology in 2001, and an undergraduate degree from Brown University in 2000.  Mr. Ting's $475 hourly rate for this case is consistent with the 2018 CLS fee schedule, which provides an hourly rate range of $475-530 for lawyers with 16-20 years of experience.  Mr. Ting's Declaration is attached hereto as **Exhibit D**.

Connor P. Hayes earned his bachelor's degree from the University of Notre Dame in 2016 and his J.D. from Stanford Law School in 2021.  From 2021-2022, Mr. Hayes was a Legal

Fellow with the ACLU of Pennsylvania, where his practice focused on civil rights litigation. Applying a $200 hourly rate, the lowest rate on the CLS fee schedule, the 67.0 hours of time Mr. Hayes worked on this case has a value of at least $13,400.00.  Plaintiff-Voters, nonetheless, in exercising billing discretion, do not seek a fee recovery for Mr. Hayes's time.

Plaintiffs, therefore, request hourly rates from $475 to $750, commensurate with each attorney's skill and experience level.  The rates charged in this matter were commensurate with those of other attorneys with similar levels of experience practicing in this Court.  In an effort to minimize the expenditure of additional time, fees and expenses, Plaintiffs have not included in this submission supporting affidavits from community lawyers because the process of soliciting these testimonials can be time-consuming, thus driving up fees.  Accordingly, Plaintiffs respectfully request that they be given an opportunity to submit the requisite affidavits to support any rates that the Board may contest (and of course Plaintiffs will not object to the Board having the opportunity to respond thereto).

2.       The Time Spent is Reasonable.

Plaintiffs' attorneys' time sheets are based on notes contemporaneously maintained and kept in the regular course of business.  Each attorney's time sheet is attached to their respective declaration.

## V.    CONCLUSION

For the foregoing reasons, this Court should award Plaintiffs $249,122.50 in reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

Dated: November 10, 2022

s/ Richard T. Ting

Richard T. Ting (No. 200438)
Witold Walczak (No. 62976)
ACLU OF PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
P: 412-681-7864
vwalczak@aclupa.org
rting@aclupa.org

Stephen A. Loney, Jr.  (No. 202535)
Marian K. Schneider (No. 50337)
ACLU OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
P: 215-592-1513
sloney@aclupa.org
mschneider@aclupa.org

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I caused the foregoing document to be

served on all parties of record via the Court's CM/ECF system.


Dated: November 10, 2022                        s/ Richard T. Ting