**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LINDA MIGLIORI, FRANCIS J. FOX, RICHARD E. RICHARDS, KENNETH RINGER, and SERGIO RIVAS, <br><br>    Plaintiffs, <br><br>and <br><br>ZACHARY COHEN, <br><br>    Intervenor-Plaintiff, <br><br>  v. <br><br>LEHIGH COUNTY BOARD OF ELECTIONS, <br><br>    Defendants, <br><br>and <br><br>DAVID RITTER, <br><br>    Intervenor-Defendant. | No. 5:22-cv-00397-JFL |

**DECLARATION OF WITOLD WALCZAK
IN SUPPORT OF PETITION FOR AWARD OF ATTORNEYS' FEES**

  I, Witold Walczak, am one of the attorneys of record for the plaintiffs in the above-captioned case. I make the following declaration upon my personal knowledge:

1. This declaration is submitted in support of Plaintiffs' Petition for Attorneys' Fees.

2. I am the Legal Director of the ACLU of Pennsylvania, where I have worked as an attorney since 1991.

3. I certify that the attached time sheets, which are incorporated by reference, were prepared contemporaneously and maintained in the ordinary course of business.

4. The hours we have billed in this case are fair and reasonable and were necessarily incurred in the successful prosecution of this case.

5. Only the time spent on this case that could reasonably be billed to a private client has been included.

6. Based on my experience and standing in the civil rights bar, I believe that the requested rate of $750 per hour is fair and reflects the prevailing community rate for civil rights lawyers of comparable skill and experience working in the Eastern District of Pennsylvania.

7. My resume, attached hereto, is incorporated by reference.

8. I graduated from Boston College Law School in 1986 and have practiced civil rights law since then. I am admitted to practice in Pennsylvania, the U.S. District Courts for the Western, Middle, and Eastern Districts of Pennsylvania, the U.S. Third Circuit Court of Appeals, and the U.S. Supreme Court.

9. I have received numerous awards, including the Pennsylvania Association of Criminal Defense Lawyers' Liberty Award in 1998, the Federal Bar Association's Western Pennsylvania Lawyer of the Year Award in 2003, and was one of three finalists in 2014 for the Legal Intelligencer's Pennsylvania lawyer of the year. I am a Fellow of the American College of Trial Lawyers and a member of the Academy of Trial Lawyers of Allegheny County. I have handled many precedent-setting and noteworthy cases, some of which are discussed in the attached resume. In 2003, U.S. District Judge Robert Cindrich wrote that I am "a highly experienced and preeminent civil rights attorney whose reputation for legal excellence is well known." *Doe v. Ward*, 282 F.3d 323, 333 (W.D. Pa. 2003) (rate settled by agreement).

10. I am a salaried employee of the American Civil Liberties Union of Pennsylvania. As is the practice of the ACLU nationwide, I do not charge my clients and have not done so in this case. Consequently, I am subject to the "community market rate rule" for determining my fee rate.

11. My hourly rate of $750 per hour reflects the community market rate for the top comparably skilled and experienced federal court litigators in the Eastern District of Pennsylvania, notably for Philadelphia lawyers. In my position as Legal Director for the ACLU of Pennsylvania, I have had the opportunity to discuss rates with many of Eastern Pennsylvania's top federal-court litigators, and the rates I and my colleagues are billing in this case are approximately the same as, or lower than, those charged by similarly experienced lawyers at area law firms.

12. My total billable hours for the U.S. District Court proceedings in this case are 69.25. The total amount (lodestar), as calculated by multiplying the hours times the prevailing billing rate of $750, is $51,937.50.

13. For the foregoing reasons, I believe that my requested hourly rate of $750 is fair, reasonable, and well within the scope of rates given to federal court litigators with similar experience, skill, and standing in the Philadelphia legal community.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Witold J. Walczak

November 10, 2022

*Migliori v. Lehigh County Board of Elections* - Witold J. Walczak Attorney Time - E.D. Pa.
Hourly Rate = $750

| Date | Description | Time | Amount |
|---|---|---|---|
| 1/28/2022 | Call w/ SL re plan to move forward; complaint; legal arguments | 0.50 | $ 375.00 |
| 1/28/2022 | Call w/ Adriel, Ari, SL, and MS re moving forward (ADC and AS left early | 1.30 | $ 975.00 |
| 1/28/2022 | Legal research on materiality | 0.75 | $ 562.50 |
| 1/28/2022 | Call w/ AG's office re federal action | 0.30 | $ 225.00 |
| 1/29/2022 | Call w/ MS, SL and RT re drafting, claims, party outreach | 0.90 | $ 675.00 |
| 1/29/2022 | Complaint drafting; read materials on private right of action. | 5.50 | $ 4,125.00 |
| 1/30/2022 | Called prospective plaintiffs off of the list of disenfranchised voters; drafted dec for Plaintiff Kenneth Ringer. | 1.75 | $ 1,312.50 |
| 1/30/2022 | Edited brief; research on equitable claims; private right of action. | 6.25 | $ 4,687.50 |
| 1/30/2022 | Late-night strategy/planning session with ACLU-PA team | 0.50 | $ 375.00 |
| 1/31/2022 | Final edits on complaint; drafted motion; final edits on brief; filed papers; reached out to solicitor's office (connected with Murray and Repka) (5:45a-3;00) | 9.25 | $ 6,937.50 |
| 1/31/2022 | Call w/ Judge Leeson | 0.40 | $ 300.00 |
| 1/31/2022 | Debrief court call with legal team | 0.30 | $ 225.00 |
| 1/31/2022 | Calls w/ 2 elections dept lawyers re certification law. | 0.80 | $ 600.00 |
| 2/1/2022 | Edited SL's draft stipulation | 0.20 | $ 150.00 |
| 2/1/2022 | Call from aggrieved voter in Lehigh County | 0.20 | $ 150.00 |
| 2/3/2022 | Call w/ Mike Fischer and Keli Neary from AG's office to discuss their amicus | 0.50 | $ 375.00 |
| 2/3/2022 | Call w/ Josh Voss and Lucas Repka re stipulations and converting to SJ | 0.90 | $ 675.00 |
| 2/3/2022 | de-brief after call with defendants with SL, RT and CH | 0.30 | $ 225.00 |
| 2/4/2022 | Edited proposed stipulation re scheduling | 0.20 | $ 150.00 |
| 2/6/2022 | Rev'd proposed fact stip from JV; comments on doc; email memo to colleagues | 0.60 | $ 450.00 |
| 2/7/2022 | Call w/ ACLU-PA legal team to discuss proposed stipulations | 0.50 | $ 375.00 |

| Date | Description | Time | Amount |
|---|---|---|---|
| 2/9/2022 | Rev'd proposed stipulations | 0.60 | $ 450.00 |
| 2/9/2022 | Call w/ Deputy AG Mike Fischer | 0.25 | $ 187.50 |
| 2/9/2022 | Team call re stipulations and SJ brief. | 0.75 | $ 562.50 |
| 2/11/2022 | Edited SJ brief (early morning) | 5.10 | $ 3,825.00 |
| 2/15/2022 | Team meeting to discuss response to Ds motions and task assignment | 0.60 | $ 450.00 |
| 2/18/2022 | Read opposing briefs (county, Ritter and Republican leaders) | 1.80 | $ 1,350.00 |
| 2/18/2022 | Edited RT's section on laches | 2.00 | $ 1,500.00 |
| 2/18/2022 | Edited CH's section on res judicata | 1.40 | $ 1,050.00 |
| 2/19/2022 | Edited RT's due process section | 2.10 | $ 1,575.00 |
| 2/20/2022 | Edited about 2/3 brief, up through last three subsections. | 6.50 | $ 4,875.00 |
| 2/21/2022 | Edited last third of brief; significant rewrites | 6.25 | $ 4,687.50 |
| 2/22/2022 | Final edits on race and private-right sections; final read through | 3.50 | $ 2,625.00 |
| 2/23/2022 | Read Ritter's response brief | 0.50 | $ 375.00 |
| 2/24/2022 | Edited draft of reply brief | 0.75 | $ 562.50 |
| 3/17/2022 | Read court's opinion from preceding day | 0.50 | $ 375.00 |
| 3/17/2022 | Edited AS draft of brief for stay/injunction | 2.25 | $ 1,687.50 |
| 3/18/2022 | Further edits on latest draft | 1.90 | $ 1,425.00 |
| 3/18/2022 | Call w/ legal team | 0.40 | $ 300.00 |
| 3/18/2022 | Filed motion and accompanying docs. | 0.20 | $ 150.00 |
| | **TOTAL** | **69.25** | **$ 51,937.50** |

# Witold J. Walczak
## ACLU of Pennsylvania

**PROFESSIONAL EXPERIENCE**

**1991-present: American Civil Liberties Union of Pennsylvania, Pittsburgh, PA.**

2004 – present: ***Pennsylvania Affiliate Legal Director-***manage litigation statewide

2002 – 2004: ***Pittsburgh Chapter Legal Director-***managed Western PA litigation

1991-1992 - 2002: ***Pittsburgh Chapter Executive Director-***managed all office

operations

**1986-91: Legal Aid Bureau, Inc., Baltimore, MD.**

***Staff Attorney,*** **Prisoner Assistance Project.** Handled prisoners' rights and habeas corpus litigation. Acting Chief Attorney in last year.

**PROFESSIONAL MEMBERSHIPS AND AWARDS** (partial listing)

*Legal Intelligencer*, nominated one of three finalists for Pennsylvania Lawyer of the Year (2014)
Fellow, American College of Trial Lawyers (2010)
Federal Bar Association, Western Pennsylvania District, Federal Lawyer of the Year (2003)
Member, Academy of Trial Lawyers of Allegheny County (1999)
Liberty Award, Pennsylvania Association of Criminal Defense Attorneys (1998)

Mr. Walczak appears frequently in the national news media discussing civil liberties cases, including in the New York Times, Washington Post, ABA Journal, National Law Journal, National Public Radio, and many major television networks and cable news programs.

**RECENT SIGNIFICANT LITIGATION**

**Students' Off-Campus-Internet Speech:** These two nationally-important cases decided that the First Amendment limited public school officials' authority to discipline students for off-campus Internet speech criticizing the officials. *Layshock v. Hermitage Sch. Dist.*, 650 F.3d 205 (3d Cir. 2011) (*en banc*), *cert. denied,* 565 U.S. 1156 (2012); *J.S. ex rel Snyder v. Blue Mountain Sch. Dist.*, 650 F.3d 915 (3d Cir. 2011) (*en banc*), *cert. denied,* 565 U.S. 1156 (2012). In 2021, Walczak was counsel of record in *B.L. v. Mahanoy Area Sch. Dist.*, in which the U.S. Supreme Court affirmed that students' off-campus speech deserves more robust First Amendment protection than does in-school expression.

**Rights of Refugee Students to Equal Education:** The U.S. Third Circuit Court of Appeals affirmed a district court injunction ordering the School District of Lancaster to transfer refugee students from an alternative school to the District's regular high school, which includes a program for newly arrived immigrants who do not speak English. The court ruled that the alternative school failed to allow students to overcome their language barriers in violation of a federal civil rights statute, the Equal Education Opportunity Act. *Issa v. School District of Lancaster*, 847 F.3d 121 (3d. Cir. 2017).

**Rights of Incompetent Criminal Defendants to Mental Health Treatment:** Case brought on behalf of a class of severely mentally ill prisoners who had been adjudicated incompetent to stand trial on pending criminal charges and were ordered into mental health treatment. Pennsylvania has the longest waits in the country for treatment, over one year in Eastern Pennsylvania. Recent federal court decisions have held that due process requires transfer within 7 days. The PA Department of Human Services agreed on the eve of trial to a settlement that created over 120 new mental-health treatment slots designed to reduce wait times. *J.H. v. Dallas*, 15-cv-02057-SHR (M.D. Pa., Jan. 27, 2016).

**Freedom to Marry**: U.S. District court declared Pennsylvania's Defense of Marriage Act unconstitutional one year before U.S. Supreme Court ruling. The Commonwealth did not appeal, making it the 19th state to allow same-sex couples to marry. *Whitewood v. Wolf*, 992 F.Supp.2d 410 (M.D. Pa. 2014).

**Pennsylvania Voter Photo ID:** Emergency state court challenge (original jurisdiction in the Commonwealth Court) that won injunction in October 2012 against enforcement of one of the nation's most restrictive voter ID laws. 2012 WL 3332376 (Pa. Commw. Ct. Aug. 15, 2012) (denying injunction); 54 A.3d 1 (Pa Supreme Court) (vacating and remanding for supplemental trial); 2012 WL 4497211 (Pa. Cmwlth. Ct. Oct. 2, 2012) (granting preliminary injunction after emergency hearing). After a three-week trial in July 2013, the court ruled that the law imposed an undue burden on voters that violated the Pennsylvania Constitution. 2014 WL 184988, Pa.Cmwlth., January 17, 2014; 2014 WL 2619590, Pa.Cmwlth., April 28, 2014 (denying post-trial motions).

**Hazleton Anti-Illegal-Immigrant Ordinance:** Lawsuit challenged the nation's first municipal ordinances attempting to use employment and housing licensing requirements to restrict "illegal aliens" from living and working in the city. The U.S. district court ruled after a two-week trial that the ordinances violated the Supremacy Clause, procedural due process and state law. After the U.S. Supreme Court vacated and remanded for reconsideration the U.S. Court of Appeals' 2010 decision affirming that the law was unconstitutional, the Third Circuit again declared the law unconstitutional in 2013, and the Supreme Court denied certiorari in 2014. *Lozano v. City of Hazleton*, 496 F.Supp.2d 477 (M.D. Pa. 2007), *affirmed.*, 620 F.3d 170 (3d Cir. 2010); *cert. granted, case vacated and remanded*, 131 S. Ct. 2958 (2011); *affirmed*, 724 F.3d 297 (3d Cir. 2013); *cert. denied,* 134 S. Ct. 1491 (2014).

**Intelligent Design Creationism: I**nternationally-heralded lawsuit challenging on Establishment Clause grounds the teaching of "Intelligent Design" in public-school biology classes. After a six-week trial, the U.S. District Judge ruled Intelligent Design was merely re-packaged creationism and thus could not be taught in public schools as science. *Kitzmiller v. Dover School District*, 400 F.Supp.2d 707 (M.D. Pa. 2005).

## OTHER NOTEWORTHY LITIGATION

### Freedom of Expression

**Prosecution for Sexting:** The U.S. Court of Appeals for the Third Circuit upheld the nation's first federal-court lawsuit challenging a county prosecutor's authority to file criminal child-pornography charges against minors depicted in "sexting" photographs, the digital transmission of racy images and texts. *Miller v. Mitchell,* 598 F.3d 139 (3d Cir. 2010).

**Door-to-Door Canvassing:** The U.S. Court of Appeals for the Third Circuit declared that a municipal ordinance that required door-to-door canvassers to register with police violated the First Amendment. *Service Employees Int'l Union v. Municipality of Mt. Lebanon*, 446 F.3d 419 (3d Cir. 2006).

**Censorship of Student Newspapers**: The U.S. Court of Appeals for the Third Circuit declared that a Pennsylvania statute prohibiting alcohol advertisements by school-related publications violated the First Amendment. *Pitt News v. Pappert*, 379 F.3d 396 (3d Cir. 2004).

**Lawn Sign Ordinance:** The U.S. Court of Appeals for the Third Circuit rejected a First Amendment challenge to a municipal sign ordinance, which had been modified substantially during TRO proceedings. *Riel v. City of Bradford*, 485 F.3d 736 (3d Cir. 2007).

**Anonymous Political Speech on the Internet:** The Pennsylvania Supreme Court held that an anonymous Internet blogger who was sued by Superior Court Judge for defamation had a right to an interlocutory appeal before the Court could force webmaster to disclose his identity. *Melvin v. Doe*, 836 A. 2d 42 (Pa. 2003).

**Permitting Ordinance for Protesters:** U.S. District Court struck down on First Amendment grounds City of Pittsburgh's parade-and-demonstration ordinance. *People Against Police Violence v. City of Pittsburgh*, CV-03-1649 (W.D.Pa.).

**Presidential "Protest Zones":** This lawsuit, brought on behalf of four national peace-and-social-justice organizations, claimed that the U.S. Secret Service practice of segregating protesters far from President George W. Bush and Vice President Dick Cheney at their public appearances amounted to unconstitutional viewpoint discrimination. Court dismissed case in 2004 after Secret Service pledged to stop practice, which it did. *ACORN v. City of Philadelphia*, 2004 W.L. 1012693 (E.D.Pa. 2004).

**Students' Off-Campus Free-Speech Rights:** U.S. District courts ruled that schools could not punish students for off-campus Internet speech criticizing their principals. *Flaherty v. Keystone Oaks Sch. Dist.*, 247 F.Supp.2d 698 (W.D.Pa., 2003) (preliminary injunction overturning student's punishment for Internet postings from home computer; second order declaring school district's policy facially unconstitutional), and *Killion v. Franklin Reg. Sch. Dist.*, 136 F.Supp.2d 446 (W.D. Pa. 2001) (students' out-of-school speech entitled to heightened free speech protection).

**Judicial Gag Order:** U.S. Court of Appeals reversed district court's dismissal of requested injunction, based on erroneous application of *Younger* abstention and *Rooker-Feldman* doctrine, in case challenging state juvenile court judge's gag order. *FOCUS v. Allegheny County*, 75 F.3d 834 (3d Cir. 1996).

**Public Employee's Right Against Compelled Speech:** U.S. Court of Appeals denies preliminary injunction to correctional officer who was suspended for refusing to wear American-flag patch on his uniform based on belief that it was displayed in disrespectful manner. *Troster v. Pennsylvania Department of Corrections*, 65 F.3d 1086 (3d Cir. 1995), *cert. denied*, 116 S. Ct. 708 (1996).

## Religious Liberty

**Amish Religious-Liberty Rights:** Successfully defended, on state constitutional religious-liberty grounds, conservative Amish sect of farmers charged with violating motor-vehicle statute

requirement to display orange slow-moving-vehicle triangle on horse-drawn buggies. Court held that State must make accommodation. *Commonwealth v. Miller*, 1124 WDA 2002 (Pa. Super.).

**Bible Sales Tax Exemption:** Pennsylvania Supreme Court ruled that Pennsylvania statute that exempted Bibles and religious publications from sales tax state violated Establishment Clause. *Haller v. Commonwealth of Pennsylvania*, 728 A.2d 351 (Pa. 1999), *cert. denied,* 528 U.S. 929 (1999).

## Police Misconduct

**Police Misconduct During G-20 Global Protests:** Filed four lawsuits challenging City of Pittsburgh's treatment of protesters during the G-20 Summit of world leaders in 2009. The first case, filed on eve of summit, resulted in the court ordering the City to make prominent downtown park available for demonstrations. *Code Pink Pittsburgh Women for Peace v. City of Pittsburgh*, 09-cv-01235 (W.D. Pa. 2009). The second case, also filed just days before the summit, failed to win order halting police harassment of groups providing food to protesters, but eventually resulted in damages settlement. *Seed of Peace Collective v. City of Pittsburgh*, 09-cv-1275 (W.D. Pa. 2012). In the third case, won a substantial damages settlement for 25 people, mostly university students, who were arrested when they were in the vicinity of a small, non-violent protest. *Armstrong v. City of Pittsburgh*, 10-cv-1246 (W.D. Pa. 2013). The last of the G-20-protest cases won damages on behalf of a university professor who suffered hearing loss caused by the City's use of a sonic canon, the Long-Range-Acoustical Device (LRAD), to disperse protesters. *Piper v. City of Pittsburgh*, 11-cv-01215 (W.D. Pa. 2013).

**Systemic Challenge to Pattern and Practice of Police Misconduct:** This lawsuit, filed on behalf of 66 police-misconduct victims, claimed that the City of Pittsburgh Bureau of Police had a historic and pervasive practice of violating people's First, Fourth and Fourteenth Amendment rights. The suit sought to overhaul the City's personnel-management and complaint-investigation processes. The case attracted the U.S. Department of Justice, which for the first time ever invoked authority under 42 U.S.C. § 14141 to sue the City and secure a Consent Decree enforcing widespread changes in police management. *Williams v. City of Pittsburgh*, CA-96-0560 (W.D. Pa.).

## National Security

**No-Fly List:** In only the third case nationally to challenge the constitutionality of the federal government's "no-fly lists," the Department of Homeland Security resolved plaintiffs' motion for a preliminary injunction by reinstating a commercial-airline pilot's flying privileges after he had been unable to extricate himself from the no-fly list. *Scherfen v. U.S. Dep't of Homeland Security*, CV-08-1554 (M.D. Pa.).

**National Security Job Clearances:** The U.S. Court of Appeals rejected an Egyptian-born, U.S. citizen physicist's claims that the invocation of national security by the Secretary of the U.S. Department of Energy to suspend all due process protections in the physicist's effort to contest the revocation of a security clearance he had held for 18 years violated rights to due process, free speech and religious discrimination. *El-Ganayni v. U.S. Dep't of Energy*, 591 F.3d 396 (3d Cir. 2010).

## Criminal Justice

**Megan's Law:** U.S. Court of Appeals rules that Pennsylvania's Megan's Law violates Equal Protection Clause by subjecting out-of-state offenders to more onerous public-notification procedures and standards. *Doe v. McVey*, 513 F.3d 95 (3d Cir. 2008).

**Systemic Challenge to Public Defender Program:** Class action lawsuit alleging systemic deprivation of Sixth and Fourteenth Amendment rights to adequate counsel in criminal and juvenile prosecutions by the Allegheny County Public Defender's Office. A 1998 Consent Order more than doubled the budget, required nearly doubling of staff, implementation of new policies and procedures, and hiring of consultant to improve performance. *Doyle v. Allegheny County Salary Board*, GD-96-13606 (Common Pleas, Allegheny County).

**Retroactive Application of Parole Law:** Maryland's high court held that the retroactive application of a 1982 state statute changing how parole is decided for inmates at Patuxent Institution violated the *ex post facto* clauses of the United States and Maryland Constitutions. Twelve prisoners serving life and multiple life sentences were released as a result of decision. *Gluckstern v. Sutton*, 574 A.2d 898 (Md. 1990), *cert. denied*, 498 U.S. 950 (1990).

## Children's Rights

**Discrimination Against Kinship Foster Care Givers:** Class action challenging failure by Commonwealth of Pennsylvania and six counties to pay equal foster-care subsidies to kinship caregivers. A March 2005 Consent Order guarantees equal payments to kinship caregivers and requires the Commonwealth to monitor Counties' compliance. *Anderson v. Commonwealth of Pennsylvania*, CV-00-4148 (E.D. Pa.)**.**

## Parents' Rights

**Parental Rights Termination Procedures:** In this application for extraordinary relief (King's Bench petition) to the Pennsylvania Supreme Court, petitioner challenged on due process grounds a Common Pleas Court's chronic refusal to appoint counsel for incarcerated parents facing termination of parental rights. The case settled with the court reversing several parental terminations and establishing a committee to review and improve child-welfare agency (CYS) and court parental-termination policies and procedures. *Warnick v. Hon. Robert C. Reed*, 161W.D. Misc. 1998 (Pa. Supreme Court).

## Lesbian and Gay Rights

**Employment Discrimination:** Complaint challenging University of Pittsburgh policy of failing to provide health benefits to partners of same-sex couples as violation of Pittsburgh ordinance prohibiting discrimination based on sexual orientation. University settled lawsuit in 2004 by giving benefits. *Henson v. University of Pittsburgh*, E-96-003 (Pittsburgh Commission on Human Relations).

## Rights of the Homeless

**Property Rights:** Class action challenging City of Pittsburgh's seizures of homeless people's property without due process. Consent Order prohibits property seizures without advance notice, and then requires City to store confiscated property for one year. *Sager v. City of Pittsburgh*, CA-03-0635 (W.D.Pa. 2003).

## Prisoners' Rights

**Cruel and Unusual Punishment Via Solitary Confinement:** A 2020 settlement of a class action lawsuit challenging indefinite solitary confinement of all people sentenced to death in Pennsylvania ended the practice, providing over 40 hours of out-of-cell time per week for all people and increasing access to education, jobs, religious programming and recreation. *Reid v. Wetzel*, 1:18-cv-00176 (M.D. Pa. 2017).

**Right to Religious Programming:** Class action lawsuit brought on behalf of prisoners at Patuxent Institution in Maryland raising Establishment and Equal Protection Clause arguments for denial of religious services and special diets to Muslim inmates. A 1990 consent decree improved religions services for Muslim prisoners. *El-Amin v. Robinson*, PN-85-3790 (D. Md).

**Classification Fairness:** Class action lawsuit on behalf of all Maryland prisoners claiming that 1988 classification regulations violate ex post facto clause. The lawsuit led to changes and produced a fairer classification system. *Faruq v. Herndon*, K-88-2951 (D. Md.)

**Right to Personal Property in Cell:** Appointed by court to represent all Maryland prisoners in class action challenging regulation restricting personal property on procedural due process, First Amendment and Takings Clause grounds. Settlement negotiations in1990 helped defuse riotous situation at Penitentiary and secured for clients post-deprivation procedural due process guarantees and exception to 1.5 cubic foot limitation on legal and religious materials. *Savko v. Rollins*, 749 F. Supp. 1403 (D.Md.).

## Attorneys' Fees

**Injunctions Satisfy "Prevailing Party" Test:** U.S. Court of Appeals rules that merits-based preliminary injunction entitles prevailing plaintiff to attorneys' fees under 42 U.S.C. § 1988. *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226 (3d Cir. 2008).

# EDUCATION

**JD, Boston College Law School**, Boston, MA, May 1986; *cum laude*.
**BA, Colgate University**, Hamilton, NY, May 1983.

# BAR MEMBERSHIPS

Admitted to the bar of the highest courts in Maryland (inactive) and Pennsylvania; federal courts in the foregoing jurisdictions; and the United States Supreme Court.