UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
                                        :
LINDA MIGLIORI, FRANCIS J. FOX,         :
RICHARD E. RICHARDS, KENNETH            :
RINGER, and SERGIO RIVAS,               :
              Plaintiffs,               :
                                        :
         v.                             :       No. 5:22-cv-00397
                                        :
LEHIGH COUNTY BOARD OF ELECTIONS,       :
                                        :
              Defendant.                :
_____ :
```

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                     **April 4, 2023**
**United States District Judge**

**I.    INTRODUCTION**

The issue presented before the Court is whether Plaintiffs, who received their requested relief pursuant to a court injunction but whose appeal was ultimately dismissed as moot as a result, are considered the "prevailing party" entitled to reasonable attorney's fees under 42 U.S.C. § 1988.  This question is particularly unique in this case where Plaintiffs are seeking attorney's fees for their district court litigation, even though this Court initially granted summary judgment in favor of Defendant before being reversed on appeal by the Third Circuit.  To briefly summarize, the Third Circuit mandated this Court to issue an Order directing the Board to count Plaintiffs' mail-in ballots.  The ballots were counted, and thereafter, the United States Supreme Court granted certiorari and ordered the Third Circuit to dismiss the appeal as moot, and the Third Circuit's favorable decision was summarily vacated by the Supreme Court.  Therefore, although Plaintiffs mail-in ballots were counted, their favorable decision from the Third Circuit is no longer binding law.

Because this issue is one of first impression in this District, and one that this Court cannot find any persuasive authority directly on point, this Court has engaged in a thorough review of civil rights' attorney's fees awarded in the mootness context across various jurisdictions. Ultimately, and for the reasons further explained below, this Court finds that Plaintiffs are the prevailing party for purposes of 42 U.S.C. § 1988.

## II.     BACKGROUND

Plaintiffs Linda Migliori, Francis J. Fox, Richard E. Richards, Kenneth Ringer, and Sergio Rivas, a bipartisan group of voters, initiated this action under 42 U.S.C. § 1983, seeking to compel Defendant Lehigh Board of Elections ("the Board") to count Plaintiffs' mail-in ballots from the November 2021 election, which were set aside for their failure to handwrite a date on the return envelope.  *See* Compl., ECF No. 1,  pp. 20-21.[1] Plaintiffs argued that disqualifying the ballots would violate their First and Fourteenth Amendment rights under the U.S. Constitution, as well as violate the Materiality Provision of the Civil Rights Act, 52 U.S.C. § 10101(a)(2)(B). *Id*. at 13, 15, 18.  This Court disagreed, granted summary judgment in favor of the Board, and held that the handwritten date requirement under Pennsylvania law did not pose an undue burden on Plaintiffs' constitutional right to vote and that Plaintiffs lacked capacity to bring suit under § 10101.  *See* Summ. Jdgmt. Op. and Order, ECF Nos. 49, 50.  On appeal, the Third Circuit reversed this Court, holding that Plaintiffs had capacity to bring suit and that disqualifying the mail-in ballots in this case would violate the Materiality Provision of § 10101.  *Migliori v. Cohen*, 36 F. 4th 153 (3d Cir. 2022), ECF No. 60.  The Third Circuit remanded the case to this Court with instructions to order the Board to count the ballots.  *Id*. at 164.  *See* Order, ECF No. 59.

---

[1]      This Opinion adopts the pagination assigned by the Electronic Case Filing system.

After the Third Circuit issued its decision, David Ritter, the intervenor Defendant,[2] filed an emergency application in the Supreme Court, asking the Court to stay the Third Circuit's decision pending further appeal.  Justice Alito initially entered a temporary administrative stay, *see Ritter v. Migliori*, __ S. Ct. __, 213 L. Ed. 2d 1013 (U.S. 2022), but the full Supreme Court ultimately denied the application for an emergency stay.  *Ritter v. Migliori*, 142 S. Ct. 1824, 1824 (2022).  As a result, the Third Circuit's decision went into effect, *id*., and this Court issued an order directing the Board to count Plaintiffs' mail-in ballots.  *See* Order, ECF No. 59.  The Board complied by counting Plaintiffs' ballots and certifying the election results.

After the election results had been certified, Ritter filed a petition for writ of certiorari, asking the Supreme Court to vacate the Third Circuit's decision and dismiss the case as moot. Brief for Petitioner, *Ritter v. Migliori*, 143 S. Ct. 297 (2022) (No. 22-30), 2022 U.S. S. CT. BRIEFS LEXIS 2152, at *7-8.  Ritter argued that the case must be dismissed as moot because, although he initially intended to seek a merits review of the Third Circuit's unfavorable decision, the Supreme Court could no longer review the merits of the case given that the election had ended and the results were certified.  *Id*.  The Board filed a response adopting Ritter's argument. Response in Support of the Petition, 143 S. Ct. 297 (2022) (No. 22-30), 2022 U.S. S. CT. BRIEFS LEXIS 2530.  On October 11, 2022, the Supreme Court granted Ritter's petition and vacated the Third Circuit's judgment on mootness grounds.  *Ritter v. Migliori*, 143 S. Ct. 297 (2022).  The Supreme Court did not issue an opinion or address the merits of the Third Circuit's decision but remanded and instructed the Third Circuit to dismiss the case as moot.  *Id*.  As a result, the Third Circuit recalled its prior mandate.

---

[2]      Plaintiffs are not seeking attorney's fees from Ritter. *See* Ritter Resp., ECF No. 68.

Now Plaintiffs bring a Motion for Attorney's Fees, arguing that despite the vacatur and dismissal of their appeal as moot, they are still entitled to reasonable attorney's fees under 42 U.S.C. § 1988 for their district court litigation.  *See* Mot., ECF No. 65.  The Board disagrees, arguing that Plaintiffs have not achieved "prevailing party" status in order to entitle them to attorney's fees.  *See* Resp., ECF No. 71.  Ultimately, this Court finds that Plaintiffs are the "prevailing party" under § 1988 but defers reaching a final decision on the Motion.

## III.     LEGAL STANDARDS

### A.  Award of Attorney's Fees for "Prevailing Parties" under 42 U.S.C. § 1988 – Review of Applicable Law

Pursuant to the Civil Rights Attorneys' Fees Awards Act of 1976, prevailing parties in § 1983 actions are statutorily entitled to recover a reasonable attorney's fee.  *See* 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of [section 1983 of this title,] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee[.]").  Although the language of the statute is discretionary, courts ordinarily award prevailing plaintiffs attorney's fees "unless special circumstances would render such an award unjust."  *See Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983) (internal marks and citation omitted).

Though the term "prevailing party" is not statutorily defined, the classic example of a prevailing party is one who receives a favorable final judgment on the merits.  Importantly, however, "[a] litigant's prevailing party status 'does not turn on the magnitude of the relief obtained[,]'" *Mitchell v. City of Philadelphia*, No. 99-6306, 2010 U.S. Dist. LEXIS 32984, *9 (E.D. Pa. April 5, 2010) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)), and even partial relief may entitle civil rights plaintiffs to a fee award.  *See Ashley v. Atlantic Richfield Co*., 794 F.

2d 128, 131, 134 (3d Cir. 1986) ("[I]n *Hensley v. Eckerhart*, . . . the Supreme Court observed that the prevailing party standard is a 'generous formulation' that entitles even those civil rights plaintiffs who obtain only partial relief to an award of attorney's fees.").  Instead, the relevant standard for determining whether a plaintiff has prevailed is "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  *See e.g.*, *Farrar*, 506 U.S. at 112-13 (holding that even a nominal damage recovery suffices to make the plaintiff a prevailing party because the legal relationship between the parties was altered when the defendant was forced to pay the plaintiff); *Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (discussing the meaning of "prevailing party" and holding that a relevant consideration is whether the defendant has changed his behavior such that the plaintiff has received the sought-out benefit of the lawsuit); *Holmes ex rel. Holmes v. Millcreek Twp. Sch. Dist.*, 205 F. 3d 583, 593 (3d Cir. 2000) ("To qualify as a 'prevailing party' . . . a litigant must demonstrate that he obtained relief on a significant claim in the litigation, that such relief effected a material alteration in his legal relationship with the defendant and that the alteration is not merely technical or de minimis in nature.").

Consequently, a plaintiff may have "prevailed" even "without having obtained a favorable final judgment following a full trial on the merits[,]"  *see Hanrahan v. Hampton*, 446 U.S. 754, 756-57 (1980) (internal marks and citations omitted), so long as the plaintiff has received "at least some [judicially sanctioned] relief on the merits of his claim[.]"  *See Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-05 (2001) (requiring "judicial *imprimatur*" on the change in the parties' legal relationship to justify an award of fees); *Bagby v. Beal*, 606 F. 2d 411, 415 (3d Cir. 1979) ("[A] plaintiff is a

'prevailing party' . . . if he essentially succeeds in obtaining the relief he seeks in his claims on the merits."). *See also Maher v. Gagne*, 448 U.S. 122, 129 (1980) ("Nothing in the language of § 1988 conditions the District Court's power to award fees on full litigation of the issues or on a judicial determination that the plaintiff's rights have been violated.").

For example, the grant of a preliminary injunction or a defendant's voluntary action or cessation may suffice in some cases to make a plaintiff the prevailing party. *See e.g., People Against Police Violence v. City of Pittsburgh*, 520 F. 3d 226, 233-35 (3d Cir. 2008) (holding that a "preliminary injunction issued by a judge carries all of the 'judicial imprimatur' necessary to satisfy *Buckhannon*," and although the plaintiffs' claims were eventually mooted, the "preliminary injunction [issued here] placed a judicial imprimatur on plaintiffs' entitlement to substantially all the relief they sought in the complaint" making them prevailing parties) (internal marks and citation omitted)); *Hanrahan*, 446 U.S. at 756-57 ("[P]arties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief[.]" (internal marks and citation omitted)); *Maher*, 448 U.S. at 129 ("The fact that respondent prevailed through a settlement rather than through litigation does not weaken her claim to fees."); *Hewitt*, 482 U.S. at 760-61 ("It is settled law, of course, that relief need not be judicially decreed in order to justify a fee award under § 1988.  A lawsuit sometimes produces voluntary action by the defendant that affords the plaintiff all or some of the relief he sought through a judgment – *e. g*., a monetary settlement or a change in conduct that redresses the plaintiff's grievances.  When that occurs, the plaintiff is deemed to have prevailed despite the absence of a formal judgment in his favor.").  *See also John T. ex rel. Paul T. v. Delaware Cnty. Intermediate Unit*, 318 F. 3d 545, 560 (3d Cir. 2003) (citing *Buckhannon* for the proposition that, for a plaintiff to be the prevailing party, the change in the parties' legal relationship must be in

some way "judicially sanctioned," even if ultimately caused by a voluntary action or cessation of the defendant).

However, preliminary relief granted by a district court is insufficient to convey prevailing party status if further merits proceedings are possible or if the preliminary grant of relief is eventually overturned on the merits. *See Sole v. Wyner,* 551 U.S. 74, 78, 86 (2007) (holding that "[a] plaintiff who achieves a transient victory at the threshold of an action can gain no award under that fee-shifting provision if, at the end of the litigation, her initial success is undone and she leaves the courthouse emptyhanded[,]" but expressing "no view on whether, in the absence of a final decision on the merits of a claim for permanent injunctive relief, success in gaining a preliminary injunction may sometimes warrant an award of counsel fees"). *See also John T.*, 318 F. 3d at 558-59 (holding that the preliminary injunction, which was awarded as interim relief to maintain the status quo but did not actually resolve any merit-based issue in the plaintiff's favor, was not sufficient to make plaintiff the prevailing party).

For example, in *Sole*, the plaintiff challenged Florida's "Bathing Suit Rule," which disallowed public nudity, requesting an emergency preliminary injunction to engage in a "peace symbol display," an expressive nude performance, and seeking permanent injunctive relief to protect future expressive nude displays. *Sole*, 551 U.S. at 78-80. The district court initially granted the preliminary injunction but, at the summary judgment stage, "recognized that its initial assessment was incorrect[,]" ruled in favor of the defendants, and denied plaintiff's request for a permanent injunction. *Id*. at 85. Thereafter, the plaintiff argued she was entitled to reasonable attorney's fees because the district court had granted the preliminary injunction, which had allowed the "peace symbol display" to take place. *See id*. at 83. However, the Supreme Court concluded that plaintiff was not the prevailing party because the "eventual ruling

on the merits for defendants . . . superseded the preliminary ruling." *Id*. at 84-85.  Therefore, the relief initially granted by the preliminary injunction was merely "ephemeral" because the plaintiff "gained no enduring change in the legal relationship between herself and the state officials she sued." *See id*. at 86.

### B.  "Special Circumstances" Exception – Review of Applicable Law

Although prevailing plaintiffs are ordinarily awarded reasonable attorney's fees, a plaintiff's "prevailing party" status may be defeated where "special circumstances render a fee award unjust[.]"  *See Ashley*, 794 F. 2d at 134, n.9.  *See also Truesdell v. Phila. Hous. Auth*., 290 F. 3d 159, 163 (3d Cir. 2002) ("Although § 1988(b) expressly refers to a district court's discretion, it is well settled that a prevailing plaintiff should recover an award of attorney's fees absent special circumstances." (cleaned up)).  During the special circumstances inquiry, "the focus . . . is on the merit of the plaintiff's claim[,]" and "[t]he defendant's motivations and strategy choices are not dispositive." *Ashley*, 794 F. 2d at 135, n.9.  Nevertheless, there "is no categorical rule for when an award of fees would be unjust."  *Ward v. Phila. Parking Auth.,* No. 11-4692, 2015 U.S. Dist. LEXIS 6543, *21-22 (E.D. Pa. Jan. 20, 2015), *aff'd*, 634 Fed. Appx. 901 (3d Cir. 2015) ("The Supreme Court has supplied that deeming an award 'unjust' is a 'short-hand way of saying that, even before calculating a lodestar or wading through all the reasonableness factors, it is clear that the reasonable fee is no fee at all.'" (quoting *Farrar*, 506 U.S. at 118 (O'Connor, J. concurring))).

The "special circumstances" exception is therefore "an extremely limited one that is applied only in unusual circumstances and then only upon a strong showing by the party asserting it." *Ashley,* 794 F. 2d at 135, n.9.  *See also Ward v. Phila. Parking Auth*., 634 Fed. Appx. 901, 906 (3d Cir. 2015) (observing that "a finding of such special circumstances is very

rare, and the Supreme Court has offered little guidance as to what situations qualify").  As a result, this exception is typically only applied by courts to eliminate fees in extraordinary cases where the plaintiff's non-meritorious claims or ill conduct over the course of the litigation have somehow rendered the fee award unjust.  *See e.g., Young v. Smith*, 269 F. Supp. 3d 251, 266-67 (M.D. Pa. 2017), *aff'd*, 905 F. 3d 229 (3d Cir. 2018) (holding that special circumstance cases "usually point to some conduct by plaintiffs which unnecessarily caused or lengthened the litigation" (internal quotation and citation omitted)); *Ward*, 2015 U.S. Dist. LEXIS 6543 at *25 (holding that "Defendants have not shown that Plaintiffs' conduct . . . is the sort of egregious conduct necessary to render an award of fees unjust"); *Pennsylvania v. Local 542, Int'l Union of Operating Eng'rs*, No. 71-2698, 1999 U.S. Dist. LEXIS 502, *6 (E.D. Pa. Jan. 15, 1999) ("Courts that find special circumstances justifying the denial of attorney's fees to prevailing plaintiffs usually point to some conduct by plaintiffs which unnecessarily caused or lengthened the litigation.") (internal citations omitted)); *Ashley*, 794 F. 2d at 134, n.9 ("[T]here may be settlements in which the plaintiff's claim clearly appears to be legally or factually non-meritorious and, accordingly, in which it appears that the 'some benefit obtained' has been conferred by the defendant solely as a means of saving litigation expense.  Courts may appropriately declare these cases as ones involving 'special circumstances' and deny an award.").

## IV.    ANALYSIS

Plaintiffs bring a Motion for Attorney's Fees, arguing that despite the vacatur and dismissal of their appeal as moot, they are still entitled to reasonable attorney's fees under 42 U.S.C. § 1988 for their district court litigation.  The Board disagrees, arguing that Plaintiffs did not achieve "prevailing party" status entitling them to attorney's fees, or alternatively, that

special circumstances exist rendering an award of attorney's fees unjust.  This Court finds that Plaintiffs are the "prevailing party" under § 1988, and that there are no special circumstances to defeat Plaintiffs entitlement to reasonable attorney's fees.

### A.  Plaintiffs are the "prevailing party"

To find that Plaintiffs are the "prevailing party" in this case, this Court must address whether Plaintiffs are prevailing where, after receiving injunctive relief, the Third Circuit's favorable judgment was vacated, and the case was ultimately mooted on appeal.

The Third Circuit has previously allowed an award of attorney's fees where the plaintiff received relief from the district court, but the case was later mooted on appeal.  *See Bagby v. Beal*, 606 F. 2d 411 (3d Cir. 1979).  For example, in *Bagby*, the plaintiff brought a due process claim, arguing that her employer failed to afford her the opportunity to be heard prior to suspending her employment.  *Id*. at 413.  The district court entered a declaratory judgment in favor of plaintiff, ordered a hearing to be held, and awarded the plaintiff attorney's fees.  *Id*.  On appeal, the Third Circuit held that the case was moot, because the alleged violation of due process rights had been rectified by the hearing ordered by the district court, and vacated the district court's judgment.  *Id*. at 414-15.  Consequently, the Third Circuit found that, regardless of whether the district court's decision was correct on the merits, the plaintiff "already [] received [the] hearing [ordered by the district court] and no action taken by this court can change the fact that she has accomplished the objectives of her litigation."  *Id*. at 415 (internal marks and citation omitted).  The Third Circuit therefore concluded that the plaintiff was a prevailing party under § 1988, because "[n]o future proceedings involving the merits of the controversy will change this result[.]"  *Id*. at 414-15 (recognizing that this prevailing party determination "does

not require [a court] to look at the merits of [the] case and does not disturb [a] conclusion that [the] case is moot") (internal citations omitted)).

Further, other circuit courts have held that fees may be awarded to a party that prevailed in the district court, even if subsequent events mooted the appeal.  *See e.g.*, *Diffenderfer v. Gomez-Colon*, 587 F. 3d 445, 454 (1st Cir. 2009) ("When plaintiffs clearly succeeded in obtaining the relief sought before the district court and an intervening event rendered the case moot on appeal, plaintiffs are still 'prevailing parties' for the purposes of attorney's fees for the district court litigation."); *Green Party of Tenn. v. Hargett*, 767 F. 3d 533, 552-53 (6th Cir. 2014) (holding that where the plaintiff succeeded in obtaining some relief sought before the district court, and an intervening legislative event rendered the case moot on appeal, the plaintiff was still the prevailing party for purposes of recovering attorney's fees); *UFO Chuting of Hawaii, Inc. v. Smith*, 508 F. 3d 1189, 1197 & n.8 (9th Cir. 2007) ("[W]hen a party achieves the objective of its suit by means of an injunction issued by the district court, it is a prevailing party in that court, notwithstanding the fact that the case becomes moot, through no acquiescence by the defendant, while the order is on appeal." (internal marks and citation omitted)); *Dahlem v. Bd. of Educ.*, 901 F. 2d 1508, 1512-13 (10th Cir. 1990) ("We are in accord with the courts which have held that a party which achieves the objective of its suit by means of an injunction issued by the district court is a prevailing party in that court, notwithstanding the fact that the case becomes moot . . . while the order is on appeal." (collecting cases)); *Grano v. Barry*, 783 F. 2d 1104, 1109 (D.C. Cir. 1986) ("In the case before us, the plaintiffs' success before the District Court was clearly 'on the merits'. . . . The mootness of the subsequent appeal of that holding following the actual election and the passage of the initiative, emphasizes, rather than detracts from, the practical substance of their victory.").

For example, in *Diffenderfer*, the First Circuit dealt with a similar issue to the case at bar, where the plaintiffs received court-ordered injunctive relief, but the appeal was ultimately dismissed on mootness grounds and the lower court's judgment was vacated.  *Diffenderfer*, 587 F. 3d at 454.  The defendant argued that vacatur of the judgment in plaintiffs' favor negated the plaintiffs' prevailing party status.  *Id*. at 453.  However, the First Circuit disagreed, characterizing defendant's argument as a "misunderstand[ing of] the difference between reversal on the merits and vacatur of a moot case."  *Id*.  The Court reasoned that

> [r]eversal on the merits deprives a plaintiff of 'prevailing party' status because it repudiates the favorable change in the parties' legal relationship effectuated by the district court's judgment and holds that the plaintiff was never legally entitled to such relief.  In contrast, in the mootness context, a "prevailing party" is a party who managed to obtain a favorable, material alteration in the legal relationship between the parties *prior* to the intervening act of mootness.

*Id*. (citing *Buckhannon*, 532 U.S. at 605; *Grano*, 783 F. 2d at 1108).  Therefore, notwithstanding the intervening mootness, the Court held that plaintiffs were prevailing parties because they obtained "the desired practical outcome of their suit" through the court-ordered injunctive relief. *Id*. at 454.

Guided by *Bagby* and persuaded by the reasoning in *Diffenderfer*, this Court finds that Plaintiffs are the "prevailing party" for purposes of § 1988.  Here, Plaintiffs received an unfavorable judgment from this Court which they appealed. The Third Circuit sided with Plaintiffs and mandated this Court to reverse its unfavorable judgment and order the Board to count the Plaintiffs' mail-in ballots.  After Ritter's application for an emergency stay was denied by the Supreme Court, the Third Circuit's mandate took effect, and the ballots were ordered to be counted.  The Board complied, counted Plaintiffs' ballots, and certified the November 2021 election results.  Thereafter, the case was mooted on appeal by the Supreme Court, and the Third Circuit's decision was summarily vacated.  However, although Plaintiffs did not receive a

favorable final judgment on the merits of their claims, the relief ultimately granted to Plaintiffs'

was lasting. Their votes were counted, and no decision from this Court can change that.

Therefore, the Plaintiffs received judicially sanctioned[3] relief, the precise relief they requested

when bringing suit, which materially altered their legal relationship with the Board.

The Board argues that *Sole* is more instructive than *Bagby*, insisting that Plaintiffs' relief

in this case was merely "ephemeral" because they "won a battle but lost the war." Resp. at 8.

*See Sole*, 551 U.S. at 86 ("A plaintiff who secures a preliminary injunction, then loses on the

merits as the case plays out and judgment is entered against her, has won a battle but lost the

war.") (cleaned up)). This Court disagrees. This case is unlike *Sole*, where the plaintiff initially

received preliminary injunctive relief but was later denied permanent injunctive relief by the

same court, which granted summary judgment for the defendants. Here, there was no final

judgment on the merits of Plaintiffs' claims. Instead, Plaintiffs obtained injunctive relief and a

favorable judgment from the Third Circuit, but the judgment was later vacated due to intervening

mootness. This Court therefore finds that this case is more like *Bagby*, where the lower court

granted injunctive relief for the plaintiff, but the case was later mooted on appeal, precisely

because of the relief granted. Similarly, here, Plaintiffs' ballots were counted pursuant to the

Third Circuit's mandate, but after that injunctive relief was obtained through an order of this

Court, the appeal was necessarily mooted. The Board, like the defendant in *Bagby*, was unable

to successfully challenge the merits of the relief granted due to the intervening mootness.

Similarly, the Board insists that any relief obtained by Plaintiffs was "nullified" when the

Third Circuit's decision was vacated by the Supreme Court. Resp. at 7. However, as previously

---

[3]     Although not specifically argued, this Court briefly notes that the necessary judicial
*imprimatur* exists in this case, given that the enduring relief was mandated by the Third Circuit,
and thereafter enforced by an order of this Court.

explained by the *Diffenderfer* Court, "vacated" is not "reversed."  Although the Third Circuit's favorable judgment is no longer binding law, the effect of vacatur is not equivalent to a reversal on the merits, which "deprives a plaintiff of 'prevailing party' status" by, in effect, declaring that the "plaintiff was never legally entitled" to the relief initially obtained.  *See Diffenderfer,* 587 F. 3d at 453.  *See also Globe Newspaper Co. v. Beacon Hill Architectural Comm'n*, 100 F. 3d 175, 195 (1st Cir. 1996) (holding that reversal on the merits at appellate level removes prevailing party status) (citing *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 483 (1990); *Clark v. Twp. of Falls*, 890 F. 2d 625, 626-28 (3d Cir. 1989)); *Greenville Women's Clinic v. Bryant*, 222 F. 3d 157, 175 (4th Cir. 2000) (same).  Here, the underlying merits of Plaintiffs' claims were never decided by the Supreme Court, and it is simply standard practice for the Supreme Court to either reverse or vacate the below judgment and dismiss an appeal which has become moot before reaching the Court.  *See United States v. Munsingwear, Inc*., 340 U.S. 36, 39-40 (1950) (explaining that this procedural practice "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance.  When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary.").  Moreover, this is not a case where "[t]he case was moot before judgment issued, and the judgment therefore afforded the plaintiffs no relief whatsoever."  *See Rhodes v. Stewart*, 488 U.S. 1, 4 (1988).  Here, the case did not become moot until *after* the Third Circuit's judgment issued, and therefore, Plaintiffs *did* receive their requested relief.

This Court recognizes that this case presents a unique procedural wrinkle.  In all other mootness cases reviewed and discussed by this Court, the plaintiffs initially received relief from the *district court*, and after the case was mooted on appeal, plaintiffs sought attorney's fees for

their *district court* litigation.  Here, the plaintiffs did not initially obtain relief from this Court, but received relief from the *appellate court*, and after the case was mooted on appeal by the Supreme Court, Plaintiffs sought attorney's fees for their *district court* litigation.  Given the rarity that a case will travel all the way to the Supreme Court, it is unsurprising that few cases fit this procedural backdrop.  However, despite this wrinkle, the Court is persuaded that Plaintiffs are still entitled to their prevailing party status, as noted above.

Overall, this Court is unconcerned with the case's electoral victor, which is both outside the purview of this Court and the purpose of § 1988.  Simply put, Plaintiffs brought this lawsuit seeking to have their ballots counted in the November 2021 election, and when all is said and done, Plaintiffs ballots *were* counted pursuant to judicial mandate, making them the prevailing party.  This decision is consistent with the Congressional purpose behind enacting § 1988, which was "to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley*, 461 U.S. at 429 (quoting H.R. Rep. No. 94-1558, at 1 (1976)).  To hold otherwise could deter attorneys from accepting complex civil rights cases whose adjudication would be an overall benefit to society and could likewise encourage defendants to seek mootness outcomes to avoid the payment of attorney's fees.  *See* Matthew D. Slater, *Civil Rights Attorney's Fees Awards in Moot Cases*, 49 U. Chi. L. Rev. 819, 826-28 (1982) (observing that Congress designed § 1988 to encourage civil rights litigation and arguing against a blanket rule disallowing fees in mootness contexts due to potential abuse).  *See also Diffenderfer*, 587 F. 3d at 455 ("To hold that mootness of a case pending appeal inherently deprives plaintiffs of their status as 'prevailing parties' would detract from § 1988's purposes.  Such a rule could result in disincentives for attorneys to bring civil rights actions when an event outside the parties' control might moot the case after the

district court rendered a favorable judgment but before the judgment could be affirmed on appeal.").

**B.  "Special circumstances" do not render a fee award unjust**

The Board has failed to meet its heavy burden to show that Plaintiffs, through their conduct or non-meritorious claims, have made an award of attorney's fees unjust in this case. The Board's special circumstances argument primarily focuses on the Board's alleged passivity in the case at hand, arguing that "the Board's decision to not count the ballots can only be considered unintentional" as the Board initially voted to count the ballots, but due to an order from the Commonwealth Court in a prior state action, and the published position of the Department of State, the Board was essentially forced not to count the votes and then later forced to defend its decision to this Court after Plaintiffs' brought suit. *See* Resp. at 10-11.

However, as previously explained, "[t]he defendant's motivations and strategy choices are not dispositive" to the special circumstances inquiry. *See Ashley*, 794 F. 2d at 135, n.9. Moreover, this Court does not find persuasive the Board's argument that an award of attorney's fees would be unjust simply because the Board "did not possess the unilateral ability and/or capacity to take any action to remedy the challenged action" here "due to the existence of the Commonwealth Court Order and the express directives from the Department of State." *See* Resp. at 10.  The Board's reasoning impliedly concedes that Plaintiffs could not have possibly vindicated their rights without bringing suit, and the Court finds that a denial of attorney's fees would not be appropriate for this reason. *See Disability Rights Pa. v. Erie Cnty.*, No. 19-62, 2020 U.S. Dist. LEXIS 265883, *5 (W.D. Pa. Jan. 21, 2020) (holding that defendant could not appropriately argue that plaintiff was not entitled to any fees under the "special circumstances" exception where "Plaintiff was left with no alternative but to initiate this action to obtain the

court order Defendant required"). Therefore, given the extremely limited application of the special circumstances exception, this Court rejects the Board's position and finds that no special circumstances exist which warrant the denial of reasonable attorney's fees in this case.

**V.     CONCLUSION**

This Court finds that Plaintiffs are the "prevailing party" under § 1988 but defers reaching a final decision on the Motion for Attorney's Fees. As instructed in the Order issued on this date, the Court is requesting supplemental briefing on the singular issue of whether the Plaintiffs' request for attorney's fees is reasonable.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge