IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA MIGLIORI, FRANCIS J. FOX, RICHARD E. RICHARDS, KENNETH RINGER, and SERGIO RIVAS,<br><br>        Plaintiffs,<br><br>and<br><br>ZACHARY COHEN,<br><br>        Intervenor-Plaintiff,<br><br>  v.<br><br>LEHIGH COUNTY BOARD OF ELECTIONS,<br><br>        Defendant,<br><br>and<br><br>DAVID RITTER,<br><br>        Intervenor-Defendant. | No. 5:22-cv-00397-JFL |

**SUPPLEMENT IN SUPPORT OF PLAINTIFFS' PETITION FOR ATTORNEYS' FEES**

Pursuant to the Court's Orders dated April 4 and 20, 2023 (ECF Nos. 74, 75), Plaintiffs Linda Migliori, Francis J. Fox, Richard E. Richards, Kenneth Ringer, and Sergio Rivas (collectively, "Plaintiff-Voters") respectfully submit this supplement in further support of their Petition for Attorneys' Fees (ECF No. 65).

Plaintiff-Voters' Petition and supporting papers set forth a *prima facie* case supporting their fee claim. They fully briefed the issue of reasonableness in their opening brief, ECF No. 65-1 at 6-10, and reply brief, ECF No. 72 at 7-10. As to counsel's hourly rates, Plaintiff-Voters submitted attorney declarations describing the extensive experience and value of their counsel,

1

and they established a reasonable lodestar based on a commonly-used fee schedule that has been accepted as "a fair reflection of prevailing market rates" in this District. *MP ex rel. VC v. Parkland Sch. Dist.*, No. 5:20-cv-4447, 2021 WL 5177012, at *2 (E.D. Pa. Nov. 5, 2021) (quoting *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001)). In response, Defendant Lehigh County Board of Elections ("the Board") simply stated that Lehigh Valley rates should apply. *See* ECF No. 71 at 14-15. The premise is incorrect and was previously rejected by the Third Circuit. *See Public Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1185-88 (3d Cir. 1995) (affirming adoption of entire District of New Jersey as relevant market for legal rates, and rejecting argument that relevant market should be limited to southern New Jersey). In any event, the Board did not even propose what those rates might be or how they might differ from the CLS rates previously accepted as reasonable in this District.

And as to the time spent, the Board responded with little more than sweeping statements "merely alleg[ing] in general terms that the time spent was excessive," *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720 (3d Cir. 1989), arguing that the Court should "reduce the reasonable hours to zero," ECF No. 71 at 14. Plaintiff-Voters submitted detailed time sheets showing the work necessary to complete the tasks required to litigate the complex and novel issues in this case that were eventually appealed and considered by the U.S. Supreme Court twice in a span of nine months. *See* ECF Nos. 65-2, 65-3, 65-4, 65-5. The Board did nothing to satisfy its burden to provide objections that were "specific and clear enough that the fee applicants have a fair chance to respond and defend their request." *Bell*, 884 F.2d at 720.

In sum, the Board failed to raise any legitimate dispute or identify any evidence addressing the reasonableness of Plaintiff-Voters' fees. Thus, for the reasons already set forth in Plaintiff-Voters' earlier filings, ECF Nos. 65, 72, this Court should award Plaintiff-Voters

$249,122.50[1] in reasonable attorneys' fees pursuant to 42 U.S.C. § 1988. The Board should not now be heard to raise new objections they previously neglected to raise in response to Plaintiff-Voters' petition. If the Board injects new objections at this late stage, Plaintiff-Voters must be given an adequate opportunity under *Bell*, 884 F.2d at 720, to reply with evidence aimed at specific objections. *See also Smith v. Philadelphia Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997) ("If hourly rates are disputed, the district court must conduct a hearing to determine the reasonable market rates."). And, in that event, Plaintiff-Voters would request the opportunity under *Prandini. Nat'l Tea Co.*, 585 F.2d 47, 53-54 (3d Cir. 1978), to seek any further fees incurred litigating a fee hearing.

Finally, the Court should also award Plaintiff-Voters the reasonable fees already incurred litigating this fee dispute. *See id.*, at 53 ("the time expended by attorneys in obtaining a reasonable fee is justifiably included in the attorneys' fee application, and in the court's fee award"). Specifically, undersigned counsel has spent an additional 32.95 hours thus far, valued at $18,610.00, briefing its fee petition and attempting to negotiate the fee amount with the Board's counsel:

| Attorney | Time | Hourly Rate | Amount |
|---|---|---|---|
| Stephen A. Loney, Jr. | 10.5 | $ 525 | $ 5,512.50 |
| Marian K. Schneider | 6.75 | $ 750 | $ 5,062.50 |
| Richard T. Ting | 13.6 | $ 475 | $ 6,460.00 |
| Witold J. Walczak | 2.1 | $ 750 | $ 1,575.00 |
| **TOTAL** | **32.95** | | **$ $18,610.00** |

---

[1] This claimed amount is even more reasonable when considering the Plaintiff-Voters' voluntary exercise of discretion to forgo any recovery time spent by junior attorney Connor Hayes ($13,400.00).

As in their initial Petition, Plaintiff-Voters' attempt here to minimize the expenditure of even more time and fees by declining to include supporting affidavits from community lawyers, particularly in the absence of any specific objections to counsel's time and hourly fee amounts, because the process of soliciting these testimonials can be time-consuming, thus driving up fees. As litigation over fees is ongoing, Plaintiff-Voters will supplement the record with updated declarations reflecting the full amount of their fees upon completion of the parties' briefing and any hearing the Court may deem necessary on this fee request.

Respectfully submitted,

Dated:  May 8, 2023

*s/Stephen A. Loney, Jr.*
Witold Walczak (PA No. 62976)
Richard T. Ting (PA No. 200438)
ACLU OF PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
P: 412-681-7864
vwalczak@aclupa.org
rting@aclupa.org

Stephen A. Loney, Jr. (PA No. 202535)
Marian K. Schneider (PA No. 50337)
ACLU OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
P: 215-592-1513
sloney@aclupa.org
mschneider@aclupa.org

*Counsel for Plaintiff-Voters*

**CERTIFICATE OF SERVICE**

      The foregoing document is being filed via the Court's ECF system, which will electronically serve all counsel of record via Notice of Electronic Case Filing, and make the document available for viewing and downloading from the ECF system.

Dated: May 8, 2023                                                     *s/Stephen A. Loney, Jr.*