IN THE UNITED STATES DISTRCIT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA MIGLIORI, FRANCIS J. FOX, RICHARD E. RICHARDS, KENNETH RINGER, and SERGIO RIVAS, | : : : : |
| Plaintiffs, | : : |
| & | : : |
| ZACHARY COHEN, | : No. 5:22-cv-00397-JFL : |
| Intervenor- Plaintiff, | : : |
| v. | : : |
| LEHIGH COUNTY BOARD OF ELECTIONS, | : : |
| Defendant, | : : |
| & | : |
| DAVID RITTER, | : : |
| Intervenor-Defendant. | : |

**SUPPPLEMENTAL BRIEF IN OPPOSITION TO PETITION FOR ATTORNEYS' FEES FILED BY LEHIGH COUNTY BOARD OF ELECTIONS**

Pursuant to this Court's Order of April 4, 2023, the Lehigh County Board of Elections ("Board"), above-captioned Defendant, respectfully submits this Supplemental Brief in Opposition to the Petition for Attorneys' Fees filed by Plaintiffs,[1] to address the reasonableness of the attorneys' fees sought by Plaintiffs.

As set forth in greater detail below, the fees sought by Plaintiffs—which total approximately $250,000 for drafting pleadings and briefs in a case that did not involve a trial nor a single evidentiary hearing—is unreasonable and excessive. Therefore, the Court should

---

[1] Plaintiffs are Linda Migliori, Francis J. Fox, Richard E. Richards, Kenneth Ringer, and Sergio Rivas.

significantly reduce the requested fees or limit the fees to a nominal award, particularly considering the narrow relief Plaintiffs ultimately obtained here, which consisted of ephemeral success on a single count of their three-count complaint.

Further, although Plaintiffs obtained temporary relief, the United States Supreme Court vacated the relief obtained, which also resulted in the Court taxing costs against Plaintiffs. For these reasons and the reasons set forth more fully below, the Board respectfully submits the attorneys' fee award sought by Plaintiffs is unreasonable and equitably unjustifiable.

A party seeking attorney's fees bears the burden to prove its request for attorney's fees is reasonable. Rode v. Dellarciprete, 892 F.2d 1177 (3d Cir. 1990). To meet its burden, the fee petitioner must "submit evidence supporting the hours worked and rates claimed." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

The starting point for determining the amount of attorney's fees to be paid is the lodestar, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433. The party requesting fees bears the burden of substantiating the hours expended on the litigation and the reasonableness of its requested hourly rate. Id. As to the number of hours expended on the litigation, the fee applicant must produce evidence "specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed." Washington v. Phila. Cty. Court of Common Pleas, 89 F.3d 1032, 1037 (3d Cir. 1996) (internal quotation marks and citation omitted).

A defending party may object to the moving party's request for fees on the grounds that, among other things, the hours expended on the litigation were excessive, redundant, or unnecessary. See Hensley, 461 U.S. at 434. When assessing the reasonableness of the amount of time expended on matters, the Court may consider whether the time expended was reasonable

based on the task performed or the attorney's billing rate, skill, and experience.  See, e.g., Bell v. United Princeton Props., Inc., 884 F.2d 713 (3d Cir.1989).  "[N]ormally the higher the allowed hourly rate commanded based upon skill and experience, the shorter the time it should require an attorney to perform a particular task."  Rainey v. Phila. Hous. Auth., 832 F. Supp. 127, 130 (E.D. Pa. 1993).

When examining the hours claimed by the fee applicant, the Court should exclude hours that are not reasonably expended.  Id.  Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary.  Id.  Further, the Court may reduce the hours claimed by the number of hours "spent litigating claims on which the party did not succeed and that were 'distinct in all respects from' claims on which the party did succeed."  Rode, 892 F.2d at 1183 (citations omitted).  The Court can also deduct hours when the fee petition inadequately documents the hours claimed.  Hensley, 461 U.S. at 433.

Further, to determine the number of hours reasonably expended in the litigation, the Court must exclude hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel."  Martinez v. Hernando Cty. Sheriff's Office, 579 F. App'x 710, 714 (11th Cir. 2014).

As to the billing rate, the general rule is "a reasonable hourly rate is calculated according to the prevailing market rates in the community."  Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir.1997) (internal quotation marks and citation omitted).  To meet its burden of proof, the fee applicant must "establish by way of satisfactory evidence, in addition to the attorney's own affidavits, that the requested hourly rates meet this standard."  Washington, 89 F.3d at 1035 (internal quotation marks, brackets, and citation omitted).

"Testimony that a given fee is reasonable is unsatisfactory because satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." Id. '"Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work ... [and] must speak to rates actually billed and paid in similar lawsuits."' Eason v. Bridgewater & Assocs., Inc., 108 F. Supp. 3d 1358, 1364 (N.D. Ga. 2015) (quoting Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)).

In determining a reasonable rate, the District Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Brokerage Concepts, Inc. v. U.S. Healthcare, Inc., 1996 WL 741885 at *3 (No. Civ. A. 1995-1698, Dec. 10, 1996 E.D. Pa.)

When an adverse party raises objections to the fee petition, the Court possesses a great deal of discretion to adjust the fee award in light of the objections. Id. The aim of Section 1988 of the Civil Rights Attorney's Fees Award Act of 1976 is to enforce the covered civil rights statutes, not to provide "a form of economic relief to improve the financial lot of attorneys." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546 (1986).

Here, Plaintiffs seek an award of attorneys' fees against the Lehigh County Board of Elections, a governmental entity, totaling approximately $250,000.00, for work performed by four different attorneys with a combined 106 years' experience.[2] According to Plaintiffs' Counsel, the four attorneys expended 415.7 hours (not including an additional 67 hours not being sought), to litigate to an end that resulted a legal nullity.

---

[2] The submission notes the participation of five (5) attorneys but recognizes Plaintiffs unilaterally elected to not seek an award of fees for one of the participating attorneys.

The hours submitted by Plaintiffs are not reasonable for several reasons.  First, the matter required neither a trial nor a single evidentiary hearing.  Rather, the facts were stipulated to by the parties, and the presentations consisted solely of legal argument.  Next, having four attorneys, all with 17 or more years of experience, 2 of whom have over 35 years of experience working almost exclusively on drafting pleadings and briefs, is excessive, redundant, and otherwise unnecessary.  Further, a review of the itemized hours presented reveals several of Plaintiffs' attorneys were editing the same documents and participating in the same activities, of which an attorney with the stated amount of experience could handle or complete on their own.

Turning to the specific invoices attached to Plaintiffs' attorneys' fee request, Attorney Stephen Loney, who possesses 19 years of experience, billed, at **an hourly rate of $525**:

- **36.2 hours** analyzing litigation options, drafting a temporary restraining order petition, and discussing the petition with colleagues (for a total of $19,005);
- **12.8 hours** reviewing and revising a stipulation and summary judgment brief and corresponding with opposing counsel;
- **47.8 hours** drafting sections of a summary judgment response and discussing it with colleagues (for a total of $25,095); and
- 12.9 hours drafting a reply brief and discussing it with colleagues.

Next, Attorney Witold Walczak, who has over 35 years of experience, billed, **at an hourly rate of $750**:

- **almost 27 hours editing a brief written by colleagues (for a total of $20,250)**; and
- approximately 15 hours drafting a 20-page, 3-count complaint upon which Plaintiffs only succeeded on one count (which, as set forth below, another of Plaintiff's Co-Counsel billed 17 hours working on also at an hourly rate of $750).

Attorney Marian Schneider, who also has over 35 years of experience, billed, **at an hourly rate of $750**:

- **17 hours** drafting the same 20-page, 3-count complaint upon which Plaintiffs only succeeded on one count (in addition to the 15 hours billed by Attorney Walczak for a total of 32 hours at $750 per hour which totals $24,000);

5

- 3.5 hours for unspecified legal research and analysis;
- 3.8 hours reviewing a motion for summary judgment;
- 11 hours researching and drafting a section of a brief; and
- **25 hours** reviewing and editing Plaintiffs' brief in opposition to Defendant's motion for summary judgment (for a total of $18,750).

Attorney Richard Ting, who has over 18 years of experience, billed, **at a rate of $475 per hour**:

- **11.4 hours** researching due process and equal protection;
- **14.7 hours** reviewing and revising Plaintiffs' summary judgment brief;
- **19.4 hours** researching and writing a laches response to a laches argument (for a total of $9,215);
- 7.8 hours preparing and reviewing the summary judgment reply brief (which Attorney Loney spent 12.9 hours drafting and discussing at an hourly rate of $525).

In addition, a careful review of the billing statements reveals that hours are submitted in which multiple attorneys "brainstormed," "strategized," and "conferenced" resulting in an effective billable rate of $2,500 per hour for internal functions. Considering the combined 106 years of experience, there is no reasonable justification as to why four seasoned civil rights and election law attorneys were needed to raise and develop the single issue upon which Plaintiffs temporarily prevailed—which, of significant import, was previously raised and briefed in part in the associated state court litigation in Ritter v. Lehigh County Board of Elections, 2022 WL 16577 (Pa. Cmwlth., No. 1322 C.D. 2001, filed January 3, 2022), appeal denied, 271 A.3d 1285 (Pa. 2022)—nor were the hours expended necessary for the development of the legal work produced. Further, to the extent this Court deems necessary, the Board respectfully requests a hearing to present expert testimony as to the unreasonableness of the hours and the manner in which the hours were expended.

In addition to the the fact the Supreme Court vacated the only relief Plaintiffs obtained, and the fact Plaintiffs ultimately were not successful on a single legal claim by virtue of the United

Supreme Court's Order, this Court should exercise its discretion to reduce the reasonable hours to zero or, at most, a nominal amount. To that end, in addition to the objections to Plaintiffs' Counsel's billing records raised throughout the instant Brief, Plaintiff's invoices reveal that Plaintiff's Counsel engaged, to some extent, in "block billing." "'Block billing' occurs when an attorney lists all the day's tasks on a case in a single entry, without separately identifying the time spent on each task." Ceres Envtl. Servs., Inc. v. Colonel McCrary Trucking, LLC, 476 F. App'x 198, 203 (11th Cir. 2012). As the Eleventh Circuit recognized, such block billing results in an imprecision in an attorneys' records. Id. at 203.

As set forth above, after it determines the number of hours reasonably expended, the Court must examine whether the requested hourly rate is reasonable. Rode. A reasonable hourly rate is calculated according to the prevailing market rates in the relevant community. Blum v. Stenson, 465 U.S. 886, 895 (1984). Thus, the Court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Blum; Rode.

Here, all four attorneys are billing at $475 per hour or more, with two attorneys seeking $750 per hour each. While Plaintiffs attempt to justify their rates based on the Philadelphia geographical area and its associated statistics, the use of such data is improper. As this Court is acutely aware, Allentown, Pennsylvania, in which this suit was filed and litigated, is not within the geographical area of the community of Philadelphia as it relates to the market rate for legal fees. Additionally, to the extent the Court deems necessary, the Board respectfully requests a hearing to present expert testimony as to prevailing rates in the geographical area of the community of Allentown for similar services.

Further, the Court can adjust the lodestar downward if the lodestar is not reasonable in light of the result obtained. <u>Hensley</u>, 461 U.S. at 434-37. This general reduction accounts for time spent litigating wholly or partially unsuccessful claims related to the litigation of the successful claims. <u>Id.</u> at 436. This adjustment should be undertaken independently of the other adjustments. <u>Rode</u>; <u>Black Grievance Comm. v. Phila. Elec. Co.</u>, 802 F.2d 648 (3d Cir.1986), <u>vacated on other grounds</u>, 483 U.S. 1015 (1987).

Upon review of the procedural history and the determinations made by the federal Courts in this litigation, the Board respectfully submits any determination of the lodestar amount should be adjusted to zero or, at best, a nominal amount. Specifically, this Court ruled in favor of the Board on summary judgment, and while the Third Circuit reversed that determination on one count of Plaintiffs' three-count complaint, the Supreme Court nullified that decision by electing to vacate the judgment. The action of the Supreme Court, which included the taxing costs against Plaintiffs, signals the Court's intent that Plaintiffs did not prevail on the single legal claim upon which they received temporarily relief before the Third Circuit.

Based on the foregoing, any lodestar calculation should be adjusted downward on a general reduction to zero, or, at best to a nominal amount.

                                                          Respectfully Submitted,

                                                          Repka Mazin, LLC

Date: __May 8, 2023__                              By: *Lucas J. Repka*
                                                            Lucas J. Repka
                                                             Pa. I.D. No. 93509
                                                             3735 Nazareth Rd., Suite 204
                                                             Easton, Pennsylvania 18045
                                                            Phone: (610) 365-2670
                                                            Email: Lucas@repkamazinlaw.com
                                                            *Counsel for the Lehigh County*
                                                           *Board of Elections, Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA MIGLIORI, FRANCIS J. FOX, RICHARD E. RICHARDS, KENNETH RINGER, and SERGIO RIVAS,<br><br>    Plaintiffs,<br><br> & <br><br>ZACHARY COHEN,<br><br>    Intervenor- Plaintiff,<br><br> v.<br><br>LEHIGH COUNTY BOARD OF ELECTIONS,<br><br>    Defendant,<br><br> &<br><br>DAVID RITTER,<br><br>    Intervenor-Defendant. | No. 5:22-cv-00397-JFL |

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the Supplemental Brief in Opposition to Petition for Attorneys' Fees was served on all parties of record via the Court's CM/ECF system on the date set forth below.

Date:  May 8, 2023         By: *Lucas J. Repka*
                     Lucas J. Repka
                     Pa. I.D. No. 93509
                     3735 Nazareth Rd., Suite 204
                     Easton, Pennsylvania 18045
                     Phone: (610) 365-2670
                     Email: Lucas@repkamazinlaw.com
                     *Counsel for the Lehigh County*
                     *Board of Elections, Defendant*