**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LINDA MIGLIORI, FRANCIS J. FOX, RICHARD E. RICHARDS, KENNETH RINGER, and SERGIO RIVAS, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | No. 5:22-cv-00397-JFL |
| | ) | |
| v. | ) | |
| | ) | |
| LEHIGH COUNTY BOARD OF ELECTIONS, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF**

Pursuant to the Court's Orders dated April 4 and 20, 2023 (ECF Nos. 74, 75), Plaintiffs respectfully submit this response to Defendant Lehigh County Board of Elections' ("the Board's") supplemental brief (ECF No. 77) regarding attorneys' fees.  The Board's supplement adds nothing to its prior deficient arguments and does nothing to substantiate any objection to Plaintiffs' fee request. Despite this Court's holding that Plaintiffs are prevailing parties, the Board continues to object generally to *all* of Plaintiffs' requested fees, again asserting Plaintiffs' fee award should be reduced to zero or a "nominal" amount. *E.g.*, ECF No. 77 at 1-2, 8.

**A.     Plaintiffs' Requested Hours are Reasonable**

The Board's supplemental brief raises no new arguments regarding reasonable rates, but for the first time the Board provides a list of 15 tasks with hours spent that the Board apparently believes to be unreasonable.  *See* ECF No. 77 at 5-6.  But the Board still does not offer any explanation as to why it thinks the time spent on any of these tasks was unreasonable, and does not provide any suggestion for what amount of time would be reasonable.  The Board does little more than list the amounts charged for these tasks and leaves Plaintiffs and the Court to divine

1

why the Board thinks counsel's work on these tasks is unreasonable.

Even if the Court were to credit the Board's conclusory allegations as objections that are sufficiently specific to satisfy the Board's obligations under *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720 (3d Cir. 1989) (which they are not), any resulting dispute, thus, should be limited to those 15 items, totaling 265.25 hours.  *See* ECF No. 77 at 5-6.  The Board has not identified, even generally, any other time spent as unreasonable.[1] The 15 items can be divided into three categories: (1) initial case development and preparing a petition for temporary restraining order, including legal research; (2) preparing the complaint; and (3) preparing summary judgment filings, including legal research and preparing briefs.[2]

      1.     Initial Case Development and Preparing a Petition
              for Temporary Restraining Order (Items 1, 8, and 12)

The Board noted 36.2 hours spent by attorney Loney analyzing litigation options and preparing a temporary restraining order petition (Item 1).  The Board provided no explanation for why 36.2 hours is unreasonable to analyze the facts and law and prepare a petition for temporary restraining order (with supporting briefing) in this case, which involves complex and novel legal issues.

The Board also noted 11.4 hours spent by attorney Ting researching due process and equal protection (Item 12), and 3.5 hours spent by attorney Schneider on legal research and analysis (Item 8), conducted during initial case development and later incorporated into

---

[1] Thus, the remaining 150.45 hours of Plaintiffs' time (not including time for briefing related to the fee petition), valued at $89,525.00, is unchallenged.

[2] For ease of reference and the Court's convenience, Plaintiffs in the attached Exhibit 1 have numbered each of the 15 items identified by the Board and compiled the time entries from the attorney declarations, ECF Nos. 65-2, 65-3, 65-4, 65-5, that appear to relate to those 15 items.

Plaintiffs' briefs.  The Board again provides no explanation for why 14.9 hours is unreasonable

for legal research on complex and novel voting rights issues.

    2.    <u>Preparing the Complaint (Items 6 and 7)</u>

The Board noted 14.75 hours spent by attorney Walczak (Item 6) and 17.0 hours spent by

attorney Schneider (Item 7), for a total of 31.75 hours preparing the verified complaint.  This

time is reasonable for preparing the 21-page verified complaint regarding complex and novel

legal issues and factual assertions specific to 5 individual plaintiffs, particularly because this time

includes research, preparing Plaintiffs' declarations (i.e., "verifications"), phone calls with

Plaintiffs and potential plaintiffs (i.e., "disenfranchised voters"), and reaching out to the Board's

counsel.  *See* Ex. 1 at 4; *cf. Maldonado v. Houstoun*, 256 F.3d 181, 186 (3d Cir. 2001) (finding

collective 120 hours spent by multiple attorneys on 41-page brief was reasonable despite

encompassing only a single, uncomplicated issue).

    3.    Preparing Summary Judgment Filings
            <u>(Items 2, 3, 4, 5, 9, 10, 11, 13, 14, and 15)</u>

Finally, the Board identifies several groups of time entries (Items 2, 3, 4, 5, 9, 10, 11, 13,

14, and 15) totaling 182.2 hours, related to the extensive summary judgment briefing in this case,

including a 12-page comprehensive joint stipulation of facts that includes 96 stipulated facts

(ECF No. 27), a 19-page brief in support of Plaintiffs' motion for summary judgment (ECF

No. 33-1), a 39-page brief in opposition to Defendants' motions for summary judgment (ECF

No. 44), and a 10-page reply brief in support of Plaintiffs' motion for summary judgment (ECF

No. 48).  A collective 182.2 hours for 80 pages of stipulated facts and briefing addressing

various legal issues, including complex and novel questions regarding voting rights law, is

reasonable.  *See Maldonado*, 256 F.3d at 186 (finding collective 120 hours spent by multiple

attorneys on 41-page brief was reasonable, despite a "single uncomplicated issue [that] did not

require creating or developing an original theory or analyzing obscure principles of law"). The

U.S. Supreme Court's split decision on a stay and subsequent vacatur for mootness are testament

to the complexity of these novel arguments under a sparsely litigated federal statute.

4.    New Arguments Raised by the Board

The Board's supplemental brief advances two meritless arguments not previously raised.

First, the Board argues that Plaintiffs' requested hours are unreasonable in light of issues

previously raised in related state court litigation.  ECF No. 77 at 6.  But Plaintiffs and their

counsel were not participants in the state court litigation, and that litigation focused on

interpretation of the Pennsylvania Election Code, not the novel questions of federal law

addressed in this case.  *See Ritter v. Lehigh Cty. Bd. of Elections*, No. 1322 C.D. 2021, 2022 WL

16577 (Pa. Commw. Ct. June 2, 2022).  Further, the Board in this case changed its position from

the state court litigation, necessitating an *increase* in the reasonable hours spent by Plaintiffs'

counsel.  The Board's approach to this litigation thus extinguished any ability Plaintiffs' counsel

might have had to reduce the number of hours worked in light of the state court litigation.

Second, the Board states that "Plaintiffs' Counsel engaged, to some extent, in 'block

billing.'"  ECF No. 77 at 7.  Because the Board does not specify objectionable time entries, this

objection is not "specific and clear enough that the fee applicants have a fair chance to respond

and defend their request," and should be rejected.  *Bell*, 884 F.2d at 720.

**B.    Reasonableness of Plaintiffs' Requested Rates Is Confirmed by a Recent
        Update to the Community Legal Services Fee Schedule**

The Board also adds nothing to its deficient objections as to Plaintiffs' requested rates,

which are based, in part, on the Community Legal Services ("CLS") fee schedule from July 1,

2018.  *See* ECF No. 65-1 at 7 n.3.  CLS updated its fee schedule on January 19, 2023.[3]

Plaintiffs' requested rates for attorneys Loney ($525, 18 years of experience) and Ting ($475,

17 years of experience) are now below the CLS recommended range of $535-625 for attorneys

with 16-20 years of experience.  The requested $750 rate for attorneys Schneider (35 years of

experience) and Walczak (36 years of experience) is near the bottom of the CLS range of $735-

850 for attorneys with more than 25 years of experience.  The updated CLS fee schedule thus

further underscores the reasonableness of the rates requested by Plaintiffs.

      C.      **Plaintiffs Are Entitled to the Full Lodestar Amount**

      The Board continues to assert that Plaintiffs' fee award should be reduced to zero or a

nominal amount to account "for time spent litigating wholly or partially unsuccessful claims

related to the litigation of the successful claims," and because the Supreme Court "nullified" the

favorable decision Plaintiffs obtained from the Court of Appeals.  ECF No. 77 at 8.  This Court

already rejected the Board's argument that the Supreme Court "nullified" Plaintiffs' successful

result.  ECF No. 73 at 13-14.  In any event, when a party prevails in an action involving multiple

claims, "the fee award should not be reduced simply because the plaintiff failed to prevail on

every contention raised in the lawsuit.  Litigants in good faith may raise alternative legal grounds

for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a

sufficient reason for reducing a fee.  *The result is what matters*."  *Hensley v. Eckerhart*, 461 U.S.

424, 435 (1983) (citation omitted) (emphasis added).  Thus, because this Court already

determined that Plaintiffs obtained "the precise relief they requested when bringing suit," ECF

No. 73 at 13, Plaintiffs are entitled to the full lodestar amount.

---

[3] *See* https://clsphila.org/about-community-legal-services/attorney-fees/.

Respectfully submitted,

Dated:  May 15, 2023

*s/Richard T. Ting*
Richard T. Ting (PA No. 200438)
Witold Walczak (PA No. 62976)
ACLU OF PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
P: 412-681-7864
vwalczak@aclupa.org
rting@aclupa.org

Stephen A. Loney, Jr. (PA No. 202535)
Marian K. Schneider (PA No. 50337)
ACLU OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
P: 215-592-1513
sloney@aclupa.org
mschneider@aclupa.org

*Counsel for Plaintiff-Voters*

**<u>CERTIFICATE OF SERVICE</u>**

The foregoing document is being filed via the Court's ECF system, which will electronically serve all counsel of record via Notice of Electronic Case Filing, and make the document available for viewing and downloading from the ECF system.

Dated: May 15, 2023                                    *<u>s/Richard T. Ting</u>*