IN THE UNITED STATES DISTRCIT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA MIGLIORI, FRANCIS J. FOX, RICHARD E. RICHARDS, KENNETH RINGER, and SERGIO RIVAS, | : : : : |
| Plaintiffs, | : : |
| & | : : |
| ZACHARY COHEN, | : No. 5:22-cv-00397-JFL : |
| Intervenor- Plaintiff, | : : |
| v. | : : |
| LEHIGH COUNTY BOARD OF ELECTIONS, | : : |
| Defendant, | : : |
| & | : : |
| DAVID RITTER, | : : |
| Intervenor-Defendant. | : |

**SUPPPLEMENTAL REPLY BRIEF IN OPPOSITION TO PETITION FOR ATTORNEYS' FEES
<u>FILED BY LEHIGH COUNTY BOARD OF ELECTIONS</u>**

Pursuant to this Court's Order of April 4, 2023, the Lehigh County Board of Elections ("Board"), above-captioned Defendant, respectfully submits this Supplemental Reply Brief in Opposition to the Petition for Attorneys' Fees filed by Plaintiffs.

A party seeking attorney's fees bears the burden to prove its request for attorney's fees is reasonable. <u>Rode v. Dellarciprete</u>, 892 F.2d 1177 (3d Cir. 1990). To meet its burden, a fee petitioner must "submit evidence supporting the hours worked and rates claimed." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).

The starting point for determining an amount of attorney's fees to be paid is the lodestar, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433.  The party requesting fees bears the burden of substantiating the hours expended on the litigation and the reasonableness of its requested hourly rate.  Id.  As to the number of hours expended on the litigation, the fee applicant must produce evidence "specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed." Washington v. Phila. Cty. Court of Common Pleas, 89 F.3d 1032, 1037 (3d Cir. 1996) (internal quotation marks and citation omitted).

A defending party may object to the moving party's request for fees when, among other things, the hours expended on the litigation are excessive, redundant, or unnecessary.  Hensley, 461 U.S. at 434.  When assessing the reasonableness of the amount of time expended on matters, the Court may consider whether the time expended was reasonable based on the task performed or the attorney's billing rate, skill, and experience.  See, e.g., Bell v. United Princeton Props., Inc., 884 F.2d 713 (3d Cir. 1989).  "[N]ormally the higher the allowed hourly rate commanded based upon skill and experience, the shorter the time it should require an attorney to perform a particular task." Rainey v. Phila. Hous. Auth., 832 F. Supp. 127, 130 (E.D. Pa. 1993).

When examining the hours claimed by the fee applicant, the Court should exclude hours not reasonably expended. Id.  Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary.  Id.  Further, the Court may reduce the hours claimed by the number of hours "spent litigating claims on which the party did not succeed and that were 'distinct in all respects from' claims on which the party did succeed." Rode, 892 F.2d at 1183 (citations omitted).  The Court can also deduct hours when the fee petition inadequately documents the hours claimed. Hensley, 461 U.S. at 433.

Further, to determine the number of hours reasonably expended in the litigation, the Court must exclude hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Martinez v. Hernando Cty. Sheriff's Office, 579 F. App'x 710, 714 (11th Cir. 2014).

As to billing rate, the general rule is "a reasonable hourly rate is calculated according to the prevailing market rates in the community." Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997) (internal quotation marks and citation omitted). To meet its burden of proof, the fee applicant must "establish by way of satisfactory evidence, in addition to the attorney's own affidavits, that the requested hourly rates meet this standard." Washington, 89 F.3d at 1035 (internal quotation marks, brackets, and citation omitted).

"Testimony that a given fee is reasonable is unsatisfactory because satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." Id. "'Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work ... [and] must speak to rates actually billed and paid in similar lawsuits.'" Eason v. Bridgewater & Assocs., Inc., 108 F. Supp. 3d 1358, 1364 (N.D. Ga. 2015) (quoting Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)).

In determining a reasonable rate, the District Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Brokerage Concepts, Inc. v. U.S. Healthcare, Inc., 1996 WL 741885 at *3 (No. Civ. A. 1995-1698, Dec. 10, 1996 E.D. Pa.)

When an adverse party raises objections to a fee petition, the Court has a great deal of discretion to adjust the fee award in light of the objections. Id. The aim of Section 1988 of the

Civil Rights Attorney's Fees Award Act of 1976 is to enforce the covered civil rights statutes, not to provide "a form of economic relief to improve the financial lot of attorneys." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546 (1986).

Here, in addition to the approximately $250,000 in attorneys' fees initially sought, through their supplemental brief, Plaintiffs seek an additional $18,610 purportedly incurred for litigating their fee petition. Despite seeking this additional award, Plaintiff provide no accompanying invoices to justify the hours expended, thereby depriving Defendant of its ability to thoroughly respond to the request for additional fees. Instead, through the use of a summary table, Plaintiffs assert they expended an additional 33 hours litigating their fee petition comprised of: 10.5 hours by Attorney Stephen Loney, who possesses 19 years of experience, at an hourly rate of $525; 2.1 hours by Attorney Witold Walczak, who has over 35 years of experience, at an hourly rate of $750; 6.75 hours by Attorney Marian Schneider, who also has over 35 years of experience, at an hourly rate of $750; and 13.6 hours by Attorney Richard Ting, who has over 18 years of experience, at a rate of $475 per hour.

For the reasons more fully set forth in Defendant's Supplemental Brief in Opposition to Petition for Attorneys' Fees, which Defendant incorporates by reference here, the number of hours expended on drafting a brief and attempting negotiations as to the amount of their fees and the hourly rate for their work is unreasonable and excessive considering the attorneys' years of experience of each attorney and the fact that the community by which to view the prevailing rate is Allentown, Pennsylvania. Therefore, Defendant requests this Court adjust Plaintiffs' fee request to a nominal amount or zero. Further, to the extent this Court deems necessary, the Board respectfully requests a hearing to present expert testimony as to the unreasonableness of the hours

4

and the way the hours were expended as well as the opportunity to present expert testimony as to prevailing rates in the geographical area of the community of Allentown for similar services.

                                                  Respectfully Submitted,

                                                  Repka Mazin, LLC

Date:  May 15, 2023                                                       By: *Lucas J. Repka*
                                                  Lucas J. Repka
                                                  Pa. I.D. No. 93509
                                                  3735 Nazareth Rd., Suite 204
                                                  Easton, Pennsylvania 18045
                                                  Phone: (610) 365-2670
                                                  Email: Lucas@repkamazinlaw.com
                                                  *Counsel for the Lehigh County*
                                                  *Board of Elections, Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA MIGLIORI, FRANCIS J. FOX, RICHARD E. RICHARDS, KENNETH RINGER, and SERGIO RIVAS,<br><br>   Plaintiffs,<br><br>&<br><br>ZACHARY COHEN,<br><br>   Intervenor- Plaintiff,<br><br>v.<br><br>LEHIGH COUNTY BOARD OF ELECTIONS,<br><br>   Defendant,<br><br>&<br><br>DAVID RITTER,<br><br>   Intervenor-Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: No. 5:22-cv-00397-JFL<br>:<br>:<br>:<br>: |

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the Supplemental Reply Brief in Opposition to Petition for Attorneys' Fees was served on all parties of record via the Court's CM/ECF system on the date set forth below.

Date:  May 15, 2023         By: *Lucas J. Repka*
                    Lucas J. Repka
                    Pa. I.D. No. 93509
                    3735 Nazareth Rd., Suite 204
                    Easton, Pennsylvania 18045
                    Phone: (610) 365-2670
                    Email: Lucas@repkamazinlaw.com
                    *Counsel for the Lehigh County*
                    *Board of Elections, Defendant*