**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LINDA MIGLIORI, FRANCIS J. FOX, RICHARD E. RICHARDS, KENNETH RINGER, and SERGIO RIVAS, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | No. 5:22-cv-00397-JLS |
| | ) | |
| v. | ) | |
| | ) | |
| LEHIGH COUNTY BOARD OF ELECTIONS, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' POSITION STATEMENT REGARDING ATTORNEYS' FEES**

Pursuant to the Court's October 20, 2023 Order (ECF No. 90), Plaintiffs Linda Migliori, Francis J. Fox, Richard E. Richards, Kenneth Ringer, and Sergio Rivas (collectively, "Plaintiff-Voters") respectfully submit this position statement regarding attorneys' fees.

In this voting rights case, the Court has already determined that Plaintiff-Voters obtained "the precise relief they requested when bringing suit" – their votes were counted for the November 2021 municipal election in Lehigh County. Opinion, ECF No. 73 at 13. The Court, consequently, determined that Plaintiff-Voters are prevailing parties entitled to recover attorneys' fees pursuant to 42 U.S.C. § 1988.[1] Order, ECF No. 74 at 1 n.1 (Apr. 4, 2023). That is law of the case that Defendant Lehigh County Board of Elections ("the Board") should not now be heard to question at this late stage.

---

[1] Relevant case background is provided in the Court's opinion regarding prevailing party status, ECF No. 73, and the opinion of the United States Court of Appeals for the Third Circuit, 36 F.4th 153 (3d Cir. 2022).

The only remaining issue is the amount of a reasonable fee award for litigation in both the District Court and the Court of Appeals. In light of the complex and novel voting rights legal questions raised in this case, and expedited case schedule that included District Court litigation, an appeal to the U.S. Court of Appeals for the Third Circuit, and consideration by the U.S. Supreme Court twice in the space of nine months, Plaintiffs' request for **$516,136.50** represents a reasonable fee award.[2, 3] Plaintiff-Voters' request consists of:

- **$249,122.50** for litigation in the District Court, up to but not including the filing of Plaintiffs' Petition for Attorneys' Fees, ECF No. 65 (Nov. 10, 2022).

- **$248,404.00** for litigation in the U.S. Court of Appeals for the Third Circuit. *See* Appellants' Motion for Attorneys' Fees, 3d Cir. Case No. 22-1499, ECF No. 97-1 (Nov. 10, 2022).[4]

---

[2]  This case involved multiple, complex legal questions, including whether a private right of action exists under the Materiality Provision of the Civil Rights Act of 1964, and whether the Materiality Provision prohibits disqualification of Pennsylvania mail ballots solely because a voter did not handwrite a date on the ballot return envelope. The first question was an issue of first impression in the Third Circuit, and the second question was an issue of first impression in any court. Pennsylvania state courts have mentioned the Materiality Provision with respect to the handwritten date requirement, but no courts had substantively addressed the issue prior to this case.

[3]  Plaintiff-Voters' attorneys have exercised their billing discretion in not seeking recovery of costs, $13,400 in fees for attorney Connor Hayes's time, *see* ECF No. 65-1 at 7, or time spent on proceedings before the U.S. Supreme Court. Plaintiff-Voters also currently do not seek recovery of fees for time spent since May 8, 2023. Should the Court order a hearing, despite the Board's failure to raise specific objections to Plaintiff-Voters' requests for fees, Plaintiff-Voters are entitled to recovery of reasonable attorneys' fees for time spent since May 8, including time spent preparing for and attending the hearing.

[4]  The Court of Appeals on June 15, 2023, referred Plaintiff-Voters' Motion for Attorneys' Fees to the District Court "in the first instance for the requisite fact-finding to resolve the attorneys' fees issues arising before both this Court and the District Court." 3d Cir. Case No. 22-1499, ECF. No. 103-1. The Board did not file a timely response to Plaintiff-Voters' Motion for Attorneys' Fees, filed November 10, 2022, in the Court of Appeals. The Board filed a response, ECF No. 85, in the District Court on July 6, 2023, after the Court ordered the Board to do so, ECF No. 83.

- **$18,610.00** for litigating this fee dispute, up to filing of Plaintiffs' Supplement in Support of Plaintiffs' Petition for Attorneys' Fees, ECF No. 76 (May 8, 2023).

The appropriate amount of fees to award is determined by the recognized "lodestar" method, "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). "The lodestar is presumed to be the reasonable fee." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing *Blum*, 465 U.S. at 897). Plaintiff-Voters' requested rates and hours are reasonable.

A.   **Plaintiff-Voters' Requested Rates are Reasonable**

Plaintiff-Voters' requested rates are based on the July 1, 2018 version of the fee schedule published by Community Legal Services ("CLS"). *See* Br. in Support of Pls.' Pet. For Attorneys' Fees, ECF No. 65-1 at 7. The CLS fee schedule is "a fair reflection of the prevailing market rates in Philadelphia." *MP ex rel. VC v. Parkland Sch. Dist.*, No. 5:20-cv-4447, 2021 WL 5177012, at *2 (E.D. Pa. Nov. 5, 2021) (quoting *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001)). Further underscoring the reasonableness of Plaintiff-Voters' requested hourly rates, the CLS fee schedule was updated on January 19, 2023, and Plaintiff-Voters' requested hourly rates are now below or near the bottom of the CLS-recommended hourly rate ranges.[5] *See* Pls.' Response to Def.'s Supp. Br., ECF No. 78 at 4-5. Plaintiff-Voters' requested hourly rates based on the July 2018, CLS fee schedule are reasonable.

In its numerous filings regarding fees, the Board has never contended that Plaintiff-Voters' requested rates are unreasonable for Philadelphia or the Eastern District of Pennsylvania, and has never proposed what rates would be reasonable. *See* ECF Nos. 70, 71, 77, 79, 82, 85.

---

[5]   The current version of the CLS fee schedule is available at: https://clsphila.org/about-community-legal-services/attorney-fees/.

The Board, instead, has repeatedly objected to Plaintiff-Voters' requested rates by arguing that reasonable rates should be based on rates in Allentown or the Lehigh Valley. *See, e.g.*, ECF. No. 85 at 17-18. But the proper community for determining reasonable hourly rates is the Eastern District of Pennsylvania, not the Lehigh Valley. *See Public Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1185-88 (3d Cir. 1995) (affirming adoption of entire District of New Jersey as relevant market for legal rates, and rejecting argument that relevant market should be limited to southern New Jersey). Because the Board makes only a legally flawed objection to Plaintiff-Voters' requested hourly rates, and has not proposed alternative rates, the Court should accept Plaintiff-Voters' requested hourly rates as reasonable.

### B.    The Time Spent By Plaintiff-Voters' Counsel is Reasonable

The time spent by Plaintiff-Voters' Counsel is reasonable in light of the multiple, complex legal questions addressed, and the expedited case schedule. *See, e.g.*, Pls.' Reply Br. in Support of Pls.' Pet. For Attorneys' Fees, ECF No. 72 at 9-10. In the Board's numerous filings regarding fees, the Board has never provided specific objections to the time spent by Plaintiff-Voters' counsel. Despite this Court's holding that Plaintiff-Voters are prevailing parties, the Board continues to object generally to *all* of Plaintiffs' requested fees, repeatedly asserting that Plaintiff-Voters' fee award should be reduced to zero or a "nominal" amount.  *E.g.*, ECF No. 77 at 1-2, 8; ECF No. 85 at 19.

The Board in its initial response failed to specifically identify any particular time spent by Plaintiff-Voters' counsel that is purportedly unreasonable. *See* ECF No. 71 at 11-16. Only in more recent submissions did the Board list broad tasks with hours spent that the Board apparently believes to be unreasonable. *See* ECF No. 77 at 5-6; ECF No. 85 at 15-16. But the Board does not offer any explanation as to why it thinks the time spent on any of these tasks was

unreasonable, and does not provide any suggestion for what amount of time would be reasonable. The Board does little more than list the amounts charged for these tasks and leaves Plaintiff-Voters and the Court to divine why the Board thinks counsel's work on these tasks is unreasonable.

The Board's conclusory allegations are not sufficiently specific to satisfy the Board's obligations under *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720 (3d Cir. 1989), which requires a party objecting to a fee request to "generally identify the type of work being challenged" and "specifically state the adverse party's grounds for contending that the hours claimed in that area are unreasonable." Objections by the adverse party "cannot merely allege in general terms that the time spent was excessive." *Id.* at 720. Because the Board has failed to provide specific objections to the time spent, and has not proposed any alternate amount of time that would be reasonable (other than zero or a nominal amount), the Court should accept the time spent by Plaintiff-Voters' counsel as reasonable.

### C.    Plaintiffs Are Entitled to the Full Lodestar Amount

When determining a reasonable fee, "[t]he result is what matters." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Because this Court already determined that Plaintiff-Voters obtained "the precise relief they requested when bringing suit," ECF No. 73 at 13, Plaintiffs are entitled to the full lodestar amount of **$516,136.50**.

Respectfully submitted,

Dated:  October 25, 2023

*s/Richard T. Ting*
Richard T. Ting (PA No. 200438)
Witold Walczak (PA No. 62976)
ACLU OF PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222

P: 412-681-7864
vwalczak@aclupa.org
rting@aclupa.org

Stephen A. Loney, Jr. (PA No. 202535)
Marian K. Schneider (PA No. 50337)
ACLU OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
P: 215-592-1513
sloney@aclupa.org
mschneider@aclupa.org

*Counsel for Plaintiff-Voters*

## <u>CERTIFICATE OF SERVICE</u>

The foregoing document is being filed via the Court's ECF system, which will

electronically serve all counsel of record via Notice of Electronic Case Filing, and make the

document available for viewing and downloading from the ECF system.


Dated: October 25, 2023                     *s/Richard T. Ting*