IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA MIGLIORI, FRANCIS J. FOX, RICHARD E. RICHARDS, KENNETH RINGER, and SERGIO RIVAS,<br><br>Plaintiffs,<br><br>and<br><br>ZACHARY COHEN,<br><br>Intervenor- Plaintiff,<br><br>v.<br><br>LEHIGH COUNTY BOARD OF ELECTIONS,<br><br>Defendant,<br><br>and<br><br>DAVID RITTER,<br><br>Intervenor-Defendant. | No. 5:22-cv-00397 |

**AFFIDAVIT OF JOSHUA S. MAZIN**

I, Joshua S. Mazin, do hereby affirm and declare under perjury pursuant to 18 Pa. C.S §4904 that the following is true and correct, and based on my own personal knowledge and experience:

QUALIFICATIONS, EXPERIENCE AND BACKGROUND

1. I am an Equity Partner in the law firm of Repka Mazin LLC, located in Easton, Pennsylvania which focuses its practice on litigation and counseling in civil matters, including, civil rights, school and education law, and employment matters.

2. I also serve as an Assistant Solicitor in the Lehigh County Department of Law where I counsel and litigate matters on behalf of the County, its departments, and its employees,

in both State and Federal Courts involving elections, employment, civil rights, commercial contracts, and other civil litigation matters from initiation to conclusion.

3. I graduated from the Dickinson School of Law of the Pennsylvania State University in 2001 in the top 25% of my class. I served on the Board of Editors for the Dickinson Environmental Law Review. I received my undergraduate degree *cum laude* from the University of Florida.

4. After graduating law school and before entering private practice, I completed clerkships with the Court of Common Pleas of Northampton County and the Commonwealth Court of Pennsylvania, where I served as Chief Judicial Law Clerk.

5. In those clerkships, I analyzed, researched and drafted complex judicial opinions, including panel majority, *en banc*, and minority decisions, on appeals involving elections, civil rights, zoning and land use, real estate tax assessment, workers' compensation, transportation, public utility, environmental, insurance, law enforcement, tort liability and labor law issues. I also closely assisted in the handling and resolution of complex hearings and jury and non-jury trials in the Commonwealth Court's original jurisdiction.

6. My practice focuses on the representation and counseling of public entities, public officials, and educational institutions throughout Pennsylvania in a wide variety of civil rights matters.

7. I am admitted to practice law in the Commonwealth of Pennsylvania; the United States District Court for the Eastern District of Pennsylvania, Western District of Pennsylvania, Middle District of Pennsylvania, and the Court of Appeals for the Third Circuit.

8. In addition to litigating numerous cases before the various Federal Courts and State Courts listed above, I have also briefed and argued cases before the Third Circuit Court of Appeals and the Pennsylvania Commonwealth Court.

9. I have also co-authored several articles in the Widener Law Review and the

Pennsylvania Bar Association Quarterly.

10. I am a member of the Bar Associations of Pennsylvania, Northampton County, and Lehigh County, Pennsylvania.

11. Having practiced extensively in the field of civil litigation, including civil rights matters in the greater Allentown and Philadelphia regions for several years, been a partner responsible for the hiring of lawyers and other professionals, and negotiated hourly rates with numerous clients in numerous matters, and negotiated fee disputes on behalf of educational institutions, I am familiar with the prevailing hourly rates which are both sought, and actually awarded by the courts, and/or paid by clients in civil rights and educational litigation.

12. In addition, in my salaried position as an Assistant Solicitor to Lehigh County, I earn significantly less per hour than any of the Plaintiffs' attorneys here. This includes my work litigating in both State (up to the Pennsylvania Supreme Court) and Federal Court (up to the United States Supreme Court) on behalf of the Lehigh County Board of Elections in the underlying 2021 election cases, which, in part, gave rise to the instant fee petition.

<u>DETERMINING A REASONABLE HOURLY RATE</u>

13. I do not believe that a fee agreement was provided to date between the American Civil Liberties Union ("ACLU") and the five (5) plaintiffs in this matter when this matter was commenced in January 2022 setting forth the hourly rate that was agreed upon and would be paid by the clients for services rendered.

14. If no such engagement agreement exists, I find this to be troubling and problematic as an engagement letter sets forth in writing what the lawyer expects to be paid on an hourly basis, and what the client agrees to pay.

15. An engagement letter, if agreed upon, memorialized, and signed by counsel and client in late-2021/early-2022 when this engagement began, would be important evidence of at what hourly rate the attorneys at the ACLU agreed to work, and more importantly, what the client

agreed to pay.

16. Derivatively, it would help others to assess at what hourly rate others – namely the Defendant in this case - should have to pay in the present fee petition.

17. It has been my experience that when I am engaged by a client, the rates that are agreed upon at the time of the engagement remain throughout the entire engagement unless there is a specific agreement memorialized in writing that my hourly rate will increase over the life of the litigation.

18. In the absence of an agreement, I looked to several sources to determine what would be the expected rate, and more importantly, what would be a reasonable rate.

### Philadelphia Community Legal Services *Suggested* Rates

19. One source that I looked at, was the *suggested* rate structure for Community Legal Services of Philadelphia (CLS) which some courts have found instructive, but not determinative and upon which the ACLU/Plaintiffs relied here.

20. I note that CLS, in both its *suggested* rates for 2018 which were applicable when this litigation began, and subsequent years, expressly states that CLS does not pay these rates, only that it *suggests* that Courts make *other litigants* pay these hourly rates to CLS attorneys if fee-shifting is allowed.

21. While CLS serves a laudable purpose, there is an inconsistency in stating that CLS will not pay these rates, but others should be made to do so.

22. I further note CLS has reason to *suggest* the highest possible hourly rates for attorneys that sign on to accept CLS matters - to incentivize attorneys to take on these cases.

23. With these disclaimers in mind, I nevertheless considered the *suggested* CLS rates for 2021-2022 (applicable as of 2018) when this engagement began, and an engagement letter was, or should have been, executed.

**Allentown Market Rates**

24. I conducted research online regarding the market rates for civil rights attorneys in Allentown.

25. Although not specifically breaking out the rates applicable for civil rights practitioners in Allentown specifically, my research reveals that the average rates for attorneys in Pennsylvania as of 2023 are approximately $240 per hour. https://www.lawpay.com/about/blog/lawyer-hourly-rate-by-state/ (last visited March 21, 2025).

26. Further, in the civil rights cases I have litigated on behalf of plaintiffs in my private practice located in Easton, Pennsylvania, the fee for services I rendered to private clients has been less than half the rates sought by the lead attorneys here, *see Bassett v. Pennsylvania Interscholastic Athletics Association*, 3:22-cv-00006 (W.D. Pa.); *G.E. v. Diocese of Allentown*, 5:22-cv-04167 (E.D. Pa.)*; Freed v. Parkland School District,* 5:24-cv-05458 (E.D. Pa.) or on a contingency fee basis. *Scarano v. Crestwood School District*, 3:19-cv-01593 (M.D. Pa.).

27. In addition, as noted above, in my salaried position as an Assistant Solicitor to Lehigh County, I earn significantly less per hour than all of the Plaintiffs' attorneys here. This includes my work litigating in both State (up to the Pennsylvania Supreme Court) and Federal Court (up to the United States Supreme Court) on behalf of the Lehigh County Board of Elections in the underlying 2021 election cases, which, in part, gave rise to the instant fee petition.

**Decisions In Other Fee Petition Cases**

28. I also considered reported case decisions involving the ACLU, and its attorneys, in which courts have assessed a reasonable hourly rate.

29. One such case that I looked at was *Lozano v. City of Hazelton* (M.D. Pa., No. 3:06-1586, filed October 6, 2015), 2015 WL 5895545, in which the Honorable James M. Munley awarded Attorney Walczak an hourly rate of $370 in 2016.

30. In *Lozano*, the Court awarded several other ACLU attorneys hourly rates ranging

between $225 and $250.

31.    I also looked at the more recent case of *Trickel v. Discount Gold Brokers Inc.*, (M.D. Pa., No. 3:14-CV-1916, filed Feb. 14, 2022), 2022 WL 452407 at *12, in which the Honorable Robert D. Mariani observed:

> The prevailing market rates in this district have evolved over time from a range between $150 and $300 an hour ten years ago to include rates for experienced counsel far exceeding the rate requested here. *See Overly*, 2011 WL 2651807, at 5 (citing cases from 2006 through 2010 establishing attorney rates between $200 and $300 per hour, with rates in the low $300s "the highest hourly rate[s] prevailing in this particular legal market"); *Benjamin*, 807 F.Supp.2d at 211 (hourly rates of $400, $450, and $475 per hour for attorneys with twenty-five to thirty-three years of experience found reasonable); *Beattie v. Line Mountain School Dist.*, 2014 WL 3400975, at *10 (M.D. Pa. July 10, 2014) (establishing a reasonable rate range for the "Williamsport vicinage" from $150 to $325 per hour); *Arlington Industries, Inc. v. Bridgeport Fittings, Inc.*, 2014 WL 2860863, at *11 (M.D. Pa. June 23, 2014) (hourly rate of $450 reasonable for lawyer with twenty years of specialized patent experience); *Cmty. Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp.*, 2016 WL 1076910, at *5 (M.D. Pa. Mar. 18, 2016) (finding that rates for experienced attorneys in the forum typically range from $180 to $325 an hour); *Borrell v. Bloomsburg University*, 207 F.Supp.3d 454, 510-511 (M.D. Pa. 2016) (hourly rate of $375 reasonable for an attorney with roughly thirty years of experience); *Toshiba Am. Med. Sys., Inc. v. Valley Open MRI*, 2017 WL 1493483, at *4 (M.D. Pa. Apr. 26, 2017) (finding that billing rates for experienced attorneys in complicated cases in this district between $215 and $350); *Metcalf v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2018 WL 6005457, at *9 (M.D. Pa. Oct. 31, 2018) (attorney fee of $300 per hour for attorney with twenty-five years of experience was reasonable); *Finnegan v. Smith*, 2019 WL 1052013, at *4 (M.D. Pa. Mar. 5, 2019) (hourly rate of $375 reasonable for attorney with thirty years of experience).

32.    With the above points of consideration, and the absence of an engagement letter, I now turn to my assessment of what I believe would be reasonable rates for the attorneys in this matter.

<u>Hourly Rate Sought By Attorney Witold Walczak and Marian Schneider</u>

33.    Lead counsel Witold Walczak and Marian Schneider are seeking an hourly rate of

$750.

34. Although this litigation was commenced in early-2022, Attorneys Walczak and Schneider are seeking an hourly rate that is more than double the rates approved by the Middle District Court in *Trickel* and *Lozano*.

35. As indicated above, undersigned counsel is unaware of any fee agreement between the ACLU and the five (5) individual plaintiffs, a fact that the Eastern District Court has found troubling in other federal litigation. *See Rena C. v. Colonial School District*, 221 F. Supp. 3d 634 (E.D. Pa. Dec 20, 2016), *rev'd on other grounds*, 890 F. 3d 404 (3d Cir. 2018).

36. In *Rena*, the Court reduced the hourly rates of a parent's attorney in a federal due process matter from a requested $495 to a rate between $350-$385.

37. As noted above, it has been my experience that when I am engaged by a client, the rates that are agreed upon at the time of the engagement remain throughout the entire engagement unless there is a specific agreement memorialized in writing that my hourly rate will increase over the life of the litigation.

38. Here, the record lacks a specific written agreement with the ACLU and its clients that sets forth the requested rate.

39. In *Rena*, the Court stated that it was concerned with the absence of a written agreement setting forth the requested rate.

40. I also considered my own experience over more than 23 years since my admission to the bar working in the judicial system and handling numerous federal suits, including civil rights cases, in private practice and behalf of the County.

41. I also considered my experience in the legal market as an equity partner at a Lehigh Valley law firm in which I know the prevailing hourly rates for lawyers of differing levels of experience.

42. I also considered my prior experience representing Lehigh County in state and

federal matters, including civil rights litigation.

43. Finally, I considered my experience in servicing numerous clients, setting and negotiating rates and rate increases, and entering into engagement letters such as should have been done here—if it was not.

44. **Based on the foregoing, it is my opinion, that an appropriate and reasonable rate for Attorneys Walczak and Schneider for the life of this litigation should be $375 per hour.**

Hourly Rate Sought by Attorneys Stephen A. Loney, Jr. and Richard T. Ting

45. Counsel Stephen A. Loney Jr. and Richard T. Ting are seeking an hourly rate of $525 and $475, respectively.

46. Although this litigation was commenced in early-2022, Attorneys Loney and Ting are seeking an hourly rate that is approximately one-and-one-half times the rates approved by the Middle District Court in *Trickel* and *Lozano*.

47. As indicated above, undersigned counsel is unaware of any fee agreement between the ACLU and the five (5) individual plaintiffs, a fact that the Eastern District Court has found troubling. *See Rena*.

48. In *Rena*, the Court reduced the hourly rates of a parent's attorney in a federal due process matter from a requested $495 to a rate between $350-$385.

49. As noted above, it has been my experience that when I am engaged by a client, the rates that are agreed upon at the time of the engagement remain throughout the entire engagement unless there is a specific agreement memorialized in writing that my hourly rate will increase over the life of the litigation.

50. Here, the record lacks a specific written agreement with the ACLU and its clients that sets forth the requested rate.

51. In *Rena*, the Court stated that it was concerned with the absence of a written

agreement setting forth the requested rate.

52. I also considered my own experience over more than 23 years since my admission to the bar working in the judicial system and handling numerous federal suits, including civil rights cases, in private practice and behalf of the County.

53. I also considered my experience in the legal market as an equity partner at a Lehigh Valley law firm in which I know the prevailing hourly rates for lawyers of differing levels of experience.

54. I also considered my experience representing Lehigh County in state and federal matters, including civil rights litigation.

55. Finally, I considered my experience in servicing numerous clients, setting and negotiating rates and increases, and entering into engagement letters such as should have been done here (if it was not).

56. **Based on the foregoing, it is my opinion, that an appropriate and reasonable rate for Attorneys Loney and Ting for the life of this litigation should be $250 per hour.**

<u>Hourly Rate Sought By Attorney Connor P. Hayes</u>

57. Counsel Connor P. Hayes is seeking an hourly rate of $200.

58. As indicated above, undersigned counsel is unaware of any fee agreement between the ACLU and the five (5) individual plaintiffs, a fact that the Eastern District Court has found troubling. *See Rena*.

59. In *Rena*, the Court reduced the hourly rates of a parent's attorney in a federal due process matter from a requested $495 to a rate between $350-$385.

60. As noted above, it has been my experience that when I am engaged by a client, the rates that are agreed upon at the time of the engagement remain throughout the entire engagement unless there is a specific agreement memorialized in writing that my hourly rate will increase over the life of the litigation.

61. Here, the record lacks a specific written agreement with the ACLU and its clients that sets forth the requested rate.

62. In *Rena*, the Court stated that it was concerned with the absence of a written agreement setting forth the requested rate.

63. I also considered my own experience over more than 23 years since my admission to the bar working in the judicial system and handling numerous federal suits, including civil rights cases, in private practice and behalf of the County.

64. I also considered my experience in the legal market as an equity partner at a Lehigh Valley law firm in which I know the prevailing hourly rates for lawyers of differing levels of experience.

65. I also considered my experience representing Lehigh County in state and federal matters, including civil rights litigation.

66. Finally, I considered my experience in servicing numerous clients, setting and negotiating rates and increases, and entering into engagement letters such as should have been done here (if it was not).

67. **Based on the foregoing, it is my opinion, that an appropriate and reasonable rate for Attorney Hayes for the life of this litigation should be $175 per hour.**

All the above opinions rendered are made with a reasonable degree of professional certainty, as someone who is experienced in the legal field, familiar with the hourly rates charged, paid and awarded in this geographical area; and are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsifications to authorities.

Date: March 24, 2025

*Joshua S. Mazin*
_____
Joshua S. Mazin

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA MIGLIORI, FRANCIS J. FOX, RICHARD E. RICHARDS, KENNETH RINGER, and SERGIO RIVAS, <br><br> Plaintiffs, <br><br> and <br><br> ZACHARY COHEN, <br><br> Intervenor- Plaintiff, <br><br> v. <br><br> LEHIGH COUNTY BOARD OF ELECTIONS, <br><br> Defendant, <br><br> and <br><br> DAVID RITTER, <br><br> Intervenor-Defendant. | No. 5:22-cv-00397 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Letter Brief filed was served on all parties of record via the Court's CM/ECF system on the date set forth below.

DATED: March 24, 2025                    By: *Joshua S. Mazin*
                                                                    Joshua S. Mazin, Esq.