IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA MIGLIORI, FRANCIS J. FOX, RICHARD E. RICHARDS, KENNETH RINGER, and SERGIO RIVAS, <br><br> Plaintiffs, <br> v. <br><br> LEHIGH COUNTY BOARD OF ELECTIONS, <br><br> Defendants. | No. 5:22-cv-00397 |

**PLAINTIFFS' BRIEF REGARDING ALLENTOWN MARKET RATES**

Pursuant to the Court's Order (Doc. 95) directing the parties to submit evidence of Allentown market rates for civil rights attorneys, Plaintiffs submit: (1) a declaration from attorney Donald E. Wieand, Jr. (Exhibit 1), (2) a declaration from attorney Peter Winebrake (Exhibit 2), and (3) attorney office location information from this Court's docket reports (Exhibits 3-8).

The relevant market here is the Eastern District of Pennsylvania, and there is no separate Allentown market. According to Attorney Wieand, who has practiced law in Allentown since 1977, Plaintiffs' requested rates are reasonable and within prevailing rates for Allentown and Lehigh County. Ex. 1 at ¶¶ 7-12, 17. Similarly, the law firm Winebrake & Santillo, LLC ("W&S") represents plaintiffs in employment rights litigation, regularly relies on the CLS fee schedule for fee requests in this Court, and does not adjust its rates based on the assigned judge, the assigned courthouse, the location of the defendant's business, or the location of the plaintiff's residence. Ex. 2. W&S treats the Eastern District of Pennsylvania as a single legal market. Ex. 2 at ¶ 10. Attorney Wieand's and Attorney Winebrake's declarations demonstrate both that there is

1

no separate Allentown market, and that, even if there were a separate Allentown market, Plaintiffs' requested rates are reasonable for that market. In other words, reasonable rates for the Eastern District of Pennsylvania are reasonable rates for cases assigned to this Court's Allentown location.

This Court's prior decisions and attorney appearance data confirm that there is no separate Allentown market. This Court regularly refers to the CLS fee schedule to determine reasonable hourly rates for cases in Allentown. *MP ex rel. VC v. Parkland Sch. Dist.*, No. 5:20-cv-4447, 2021 WL 5177012, at *2, *7 (E.D. Pa. Nov. 5, 2021) (Leeson, J.); *Mains v. Sherwin-Williams Co.*, No. 5:20-cv-112, 2022 WL 2316547, at *2 & n.1 (E.D. Pa. June 28, 2022) (Gallagher, J.). Counsel searched for recent fee decisions in this Court, and was unable to find any case holding that plaintiffs whose cases are assigned to Allentown, Easton, or Reading, are entitled to lower attorneys' fee recoveries than plaintiffs whose cases are assigned to Philadelphia.

Further, the majority of plaintiffs' civil rights attorneys appearing in cases assigned to this Court's Allentown, Easton, and Reading locations are from this Court's Philadelphia Region.[1] For civil rights cases filed in the first quarter of 2022 (when this case was filed), and assigned to this Court's Allentown Region, 78% (49/62) of attorney appearances for plaintiffs were from attorneys in this Court's Philadelphia Region and only 8% (5/62) were from attorneys in this Court's Allentown Region. *See* Exs. 3-5.[2] Only 15% (5/34) of cases had any plaintiff's

---

[1] Based on this Court's case assignment procedures, Plaintiffs use "Philadelphia Region" to refer to Philadelphia, Bucks, Chester, Delaware, and Montgomery Counties, and this Court's Philadelphia location. "Allentown Region" refers to Berks, Lancaster, Lehigh, and Northampton Counties, and this Court's Allentown, Easton, and Reading locations. *See* Local Rule 40.1.

[2] Pursuant to Federal Rule of Evidence 201, Plaintiffs respectfully request that the Court take judicial notice of the facts regarding attorney appearances in this Court. If necessary, Plaintiffs

counsel from this Court's Allentown Region. *See* Exs. 3-5. Data from 2025 is similar. *See* Exs. 6-8. This confirms that there is no separate Allentown market for plaintiffs' civil rights attorneys who practice in this Court.[3] *See Public Interest Research Group of New Jersey v. Windall*, 51 F.3d 1179, 1187-88 (3d Cir. 1995) (affirming use of the entire District of New Jersey as relevant market, in part because "it is common practice for attorneys throughout the state to appear in the district court's Trenton vicinage," and "the record lacks any evidence from which the geographic boundaries of a southern New Jersey market for legal services could be inferred").

Applying a separate Allentown market also would be unfair to residents of this Court's Allentown region. The Court's assignment of a case to Allentown is outside a plaintiff's control.[4] The Court assigns cases to Allentown, Easton, or Reading if a plaintiff or defendant resides in the Court's Allentown Region. Local Rule 40.1. Applying a separate Allentown market, therefore, would result in a plaintiff from Lehigh County and a plaintiff from neighboring Bucks County, with the same claim against the same Bucks County defendant, being entitled to different fee recoveries due to the Court's assignment of one case to Allentown and the other case to Philadelphia.

---

can provide testimony regarding the compilation of this information from docket reports. Exhibit 3 is a Civil Cases Report from PACER for civil rights cases opened between January 1, 2022 and March 31, 2022, and assigned to Allentown, Easton, or Reading. Exhibit 4 is attorney information from PACER for cases listed in Exhibit 3 that have a represented plaintiff. Exhibit 5 includes tables summarizing the information from Exhibits 3 and 4. Exhibits 6-8 are corresponding exhibits for cases opened between January 1, 2025 and March 17, 2025.

[3]   Further, Intervenors Cohen and Ritter in this case both are Lehigh County residents, yet both were represented by counsel from Philadelphia.

[4]   Indeed, this case is no longer in Allentown, as this Court reassigned the case to its Reading location "in accordance with the court's procedure for random reassignment of cases." (Doc. 89).

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: March 24, 2025 | *s/ Richard T. Ting* |
| | Richard T. Ting (No. 200438)<br>Witold Walczak (No. 62976)<br>ACLU OF PENNSYLVANIA<br>P.O. Box 23058<br>Pittsburgh, PA 15222<br>P: 412-681-7736<br>vwalczak@aclupa.org<br>rting@aclupa.org |
| | Stephen A. Loney, Jr.  (No. 202535)<br>Marian K. Schneider (No. 50337)<br>ACLU OF PENNSYLVANIA<br>P.O. Box 60173<br>Philadelphia, PA 19102<br>P: 215-592-1513<br>sloney@aclupa.org<br>mschneider@aclupa.org |
| | *Counsel for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, the foregoing document is being filed via the Court's CM/ECF system, which will serve all parties of record via electronic notice of filing, and make the document available for viewing and downloading.

Dated: March 24, 2025                                      *s/ Richard T. Ting*